UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

ZHENLI YE GON,

         Defendant.

Criminal No. 07-181 (EGS)(AK)

**DETENTION MEMORANDUM**

The Defendant, Zhenli Ye Gon, has been charged by indictment with conspiracy to aid and abet in the manufacture of 500 grams or more of methamphetamine, a Schedule II controlled substance, intending and knowing that it would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959, 963 and 960, and 18 U.S.C. § 2.  The government requested a detention hearing, which was held on August 3, 2007.  At the conclusion of the hearing, the Court found that the Defendant should be held without bond.  This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

At the detention hearing, the government proceeded by proffer, explaining how in December 2006, Mexican authorities seized 19 tons of a chemical containing pseudoephedrine, which were being illegally imported from China into Mexico by the Defendant's pharmaceutical company, Unimed.  (Pseudoephedrine is an ingredient used in the manufacture of

methamphetamine.)  The government also stated that in March 2007, Mexican authorities executed a search warrant at Defendant's home.  The search yielded $205 million in United States currency and approximately $2 million in foreign currency.  Several guns were also found, including an AK-47 assault rifle and a semiautomatic pistol with a silencer.

Moreover, a search warrant executed at the Unimed corporate headquarters revealed a coded note, written in Spanish, addressed to Defendant.  According to the government, as translated, the note read: "Zhenli, I hope that you are fine.  Due to the detention of the flower, my associates and I have had some problems and had to spend the three books that you provided us.  I am fine now and have contact with customs.  Call me to work."  The note also included a cellular phone number and was signed, "Amigos."  According to the government, drug dealers frequently use coded messages to hide their activities.  The government proffered that, in this note, "flower" may refer to the pseudoephedrine seized in December 2006, "books" may refer to money provided by the Defendant to the authors of the note, and "customs" may refer to contacts within customs who could facilitate the illegal movement of goods.

## Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial."  18 U.S.C. § 3142(e).  Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention.  *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

When, as here, a grand jury indictment establishes probable cause to believe that a defendant has committed a violation of the Controlled Substances Act for which a maximum penalty of ten years or more is prescribed, a rebuttable presumption arises that no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community. 18 U.S.C. § 3142(e); *see also United States v. Mosuro*, 648 F. Supp. 316, 318 (D.D.C. 1986) (holding that a grand jury indictment establishes probable cause sufficient to create a rebuttable presumption under § 3142(e)).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. *United States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir. 1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." *United States v. Westbrook*, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including the defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention for the

Defendant. The Defendant is charged with conspiracy to manufacture methamphetamine with the intent or knowledge that it would be imported into the United States, in violation of 21 U.S.C. §§ 959, 963 and 960, and 18 U.S.C. § 2 — serious drug-related offenses carrying a prison sentence of ten years or more.

The second factor, the weight of the evidence, does not strongly favor detention. The Court recognizes that a grand jury has already found probable cause to believe that Defendant has committed the alleged offenses. However, at the detention hearing, the government proffered only thin evidence in support of its case. The seized pseudoephedrine and the contents of the coded note do suggest Defendant's involvement in the illegal importation of goods into Mexico. However, aside from the cash and weapons seized at Defendant's home, there was little before the Court at the hearing to establish Defendant's involvement in a conspiracy to import illegal drugs *into the United States*.

The third factor, the history and characteristics of the Defendant, strongly favors detention. Defendant is a dual citizen of Mexico and China. He is not a United Status citizen, and currently has no legal immigration status in this country. Also, upon his arrest, Defendant was in possession of approximately $75,000. Defendant's lack of ties to this community, combined with his apparent access to large amounts of cash, make him a substantial risk of flight.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. Although the instant charges did not involve violent activity, methamphetamine is a dangerous and illegal substance that causes violence in cities and towns across the United States. The importation of methamphetamine contributes to

this problem.

## Conclusion

Based upon consideration of the facts proffered, and the factors set forth in § 3142(g), the Court concludes that Defendant has failed to overcome the presumption in favor of detention established by the Bail Reform Act. The Court thus finds by clear and convincing evidence that no condition or combination of conditions can be imposed to reasonably assure the safety of the community. The Court also finds by a preponderance of the evidence that no condition or combination of conditions can be imposed that would assure Defendant's appearance at future court proceedings. The government's motion for pretrial detention is therefore granted.


Dated: August __6th__, 2007                        _____/s/_____
                                                   ALAN KAY
                                                   UNITED STATES MAGISTRATE JUDGE