# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| The United States of America | ) | |
| | ) | |
| Plaintiff | ) | File: 07-181 |
| | ) | Hon. Emmit G. Sullivan |
| v. | ) | |
| | ) | |
| Zhenli Ye Gon | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## MOTION FOR REVOCATION OF MAGISTRATE KAY'S ORDER FOR DEFENDANT'S DETENTION WITHOUT BAIL

Mr. Zhenli Ye Gon (hereinafter "Mr. Ye Gon"), by and through his undersigned counsel, respectfully moves this Honorable Court for good cause shown, to review Magistrate Kay's order of pretrial detention pursuant to 18 U.S.C. § 3145(b) (requiring prompt review of detention orders) and § 3164 (Speedy Trial Act provisions for pretrial detainees). Stated simply, the Government's proffer, which Magistrate Kay reluctantly accepted, i.e., that the Defendant is a member of a clandestine drug cartel, is disingenuous.

Aptly noted in Magistrate Kay's Detention Memorandum, is the fact that "the weight of the evidence, does not strongly favor detention." J. Kay, Mem. Ord. Det., at 4 (Aug. 6, 2007). Notwithstanding this finding, or the finding that Mr. Ye Gon was not charged with a crime of violence and did not have a criminal background, Judge Kay Ordered Mr. Ye Gon detained pending trial. When the Government is noted as proffering "only thin evidence in support of its

case" and yet, Mr. Ye Gon remains incarcerated pending trial, the purpose and underlying rationale of the Bail Reform Act is offended.[1]

While the Government has charged Mr. Ye Gon with conspiracy to import Methamphetamine into the United States, the Government has yet to make any proffer that it has any evidence of (1) a co-conspirator; (2) drug money or drug money exchanges; (3) drugs (whether methamphetamine, pseudoephedrine, or any ingredient used in the manufacture of either methamphetamine or pseudoephedrine); and/or (4) importation of drugs into the U.S. In seeking detention pending trial, the Government asks this Court to take a giant leap over the clear and convincing standard and find that the Government has satisfied its burden despite a complete inability to show any causal link between Mr. Ye Gon and the importation of any drug from China to Mexico and from Mexico to the United States. The Government's request for detention cannot be granted as it fails to take subjection (j) of the Bail Reform Act into consideration, i.e., the presumption of innocence. As such, Mr. Ye Gon respectfully urges this Court, that when listening to the Government's proffer at his upcoming detention hearing, to not presume, as the Government has, that he is an international drug cartel member. To reiterate, the Government has not one shred of evidence that remotely links Mr. Ye Gon to the charges that have been levied against him.

At the end of the day, what appears to be underlying reasons as to why Mr. Ye Gon remains detained notwithstanding the Government's deficient evidence and his lack of a criminal background, is the fact that the Government has charged him with a serious drug charge.[2]

---

[1] See U.S. v. Solarno, 481 U.S. 739 (1987) (J.J. Marshall and Brennen dissenting).
[2] During his initial detention hearing, Judge Kay stated on at least two occasions that because the Government has revoked Mr. Ye Gon's Movant's U.S. Visa, if he were to be released, he would simply be detained by INS and put into deportation proceedings. Mr. Ye Gon argues, however, that this reasoning is not applicable to

While Mr. Ye Gon acknowledges that the nature of the charge brought against him does raise a presumption of detention, this presumption is *rebuttable*.  In order to rebut the presumption, however, Mr. Ye Gon needs to cross-examine affiant Chavez.  At his initial detention hearing the Government did not produce S.A. Chavez, and essentially referred to his affidavit and the nature of the charge against Mr. Ye Gon.  To ensure Mr. Ye Gon is afforded the opportunity to rebut any presumption of detention at the hearing set for September 7, 2007, he urges this Court to require the Government produce S.A. Chavez.

WHEREFORE, Mr. Ye Gon respectfully prays that the Detention Order entered against him be revoked and that he be released upon his personal recognizance up to and until the allegations brought against him are fully adjudicated.  A Memorandum of points and authorities are filed in support of this Motion.

Respectfully Submitted,

/s/ Ning Ye, Esq._____
Ning Ye, Esq., MD BAR Number: 26804

Rockville, MD
(301) 217-0600
ynyale@aol.com

*Counsel for Defendant Ye Gon*

/s/  Martin F. McMahon, Esq.
Martin McMahon, Esq., D.C. Bar Number: 196642
Martin McMahon & Associates
1150 Connecticut Ave., N.W.
Suite 900
Washington, D.C. 20036
(202) 862-4343
mfm@martinmcmahonlaw.com

*Counsel for Defendant Ye Gon*

---

the § 3142(g) analysis.  What is more, Mr. Ye Gon is afforded a detention hearing in Immigration Court and has an asylum petition pending at USCIS and therefore, should not be immediately deported.

/s/  Lisa D. Angelo, Esq.
Lisa D. Angelo, Esq., D.C. Bar Number: 491206
Martin McMahon & Associates
1150 Connecticut Ave., N.W.
Suite 900
Washington, D.C. 20036
(202) 862-4343
langelo@martinmcmahonlaw.com

*Counsel for Defendant Ye Gon*

<u>**CERTIFICATE OF SERVICE**</u>

On this 16th day of August, I electronically filed the foregoing Motion with the Clerk of

Court using the CM/ECF system, which will send a notification of such filing (NEF) to the

following:

Paul Laymon, Esq.
U.S. Dept. of Justice
1400 New York Avenue, NW
Bond Bldg. 8th Fl
Washington, DC 20530

/s/  Martin F. McMahon, Esq.
Martin McMahon, Esq., D.C. Bar Number: 196642
Martin McMahon & Associates
1150 Connecticut Ave., N.W.
Suite 900
Washington, D.C. 20036
(202) 862-4343
mfm@martinmcmahonlaw.com

*Counsel for Defendant Ye Gon*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |  |
|---|---|---|---|
| The United States of America | ) | | |
| | ) | | |
| Plaintiff | ) | File: 07-181 |
| | ) | Hon. Emmit G. Sullivan |
| v. | ) | |
| | ) | |
| Zhenli Ye Gon | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REVOCATION OF MAGISTRATE KAY'S ORDER FOR DEFENDANT'S DETENTION WITHOUT BAIL**

On August 3, 2007, and pursuant to 18 U.S.C. § 3142(f), the U.S. Government moved to detain Defendant Ye Gon ("Mr. Ye Gon").  The evidence, if any, presented by the government, in support of Ye Gon's detention was the recitation of an Affidavit issued by Mr. Eduardo Chavez, an SA from Drug Enforcement Agency (DEA).  The Government's failure to produce Mr. Chavez, as opposed to merely reading from his affidavit, deprived Mr. Ye Gon from his opportunity to rebut the presumption of detention in this case as defense counsel can not cross examine an affidavit.  Because, Magistrate Kay noted, the Government's evidence in this case is "very thin," Mr. Ye Gon should be afforded an opportunity, at the upcoming detention hearing, to cross examine affiant Chavez, whose lone affidavit has been presented to two magistrates, this Court, and its validity has yet to be questioned or authenticated.

Although Magistrate Kay's memorandum acknowledges each of the "g" factors of § 3142, we respectfully submit the Court did not fully assess or weigh the defense counsels' proffer that Mr. Ye Gon (1) is an innocent, law abiding business entrepreneur who has only

engaged in legitimate business operations throughout his life;  (2) has never breached any law or regulation as he is a peaceful man and a loving father of three children which were born in the U.S.;  (3) poses no danger to any person and the community as he has no criminal record; (4) is hardly a flight risk as he embraces the opportunity to have his case litigated in a U.S. Court having been framed by the Mexican Government and as evidenced by the attached Asylum petition to the U.S., cannot return to Mexico; and (5) firmly believes that only in the American judicial system will he have a shot at obtaining justice.

Despite this proffer and the insufficient weight of evidence in the Government's case, Mr. Ye Gon remains detained.  To the extent Mr. Ye Gon failed to rebut the presumption of detention at his initial hearing, it only could have been that his counsel was not afforded the right to cross examine the Government's affiant.  To ensure Mr. Ye Gon is afforded the opportunity to rebut any presumption of detention at the hearing set for September 7, 2007, he urges this Court to require the Government produce S.A. Chavez.

## I.    DEFENDANT'S UNDENIABLE RIGHT TO BAIL FROM PRETRIAL DETENTION

As explained by Chief Justice Vinson in Stack v. Boyle, "[f]rom the passage of the Judiciary Act of 1789, 1 Stat. 73, 91, to the present, Fed. R. Crim. P., R. 46(a)(1), federal law has unequivocally provided that a person arrested for a non-capital offense *shall* be admitted to bail." 342 U.S. 1, 4 (1951).  "This traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent infliction of punishment prior to conviction.  Id. (citing Hudson v. Parker, 156 U.S. 277, 285 (1895)).  "Unless the right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning." Stack, 342 U.S. at 4.  The Bail Reform Act, as interpreted in U.S. v.

Solarno, affirms these notions as "[t]he judicial officer is not given unbridled discretion in making the detention determination" (481 U.S. 739, 742 (1987) rather pretrial detention is appropriate only if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e);  Solarno, 481 U.S. at 742.  The judicial officer must further state his findings of fact in writing and support his conclusion with 'clear and convincing evidence.'  § 3142(f), (g), (i);  Solarno, 481 at 742-43.

With the foregoing in mind, Mr .Ye Gon seeks review of Magistrate Kay's detention Order to the extent it found, by *clear and convincing evidence*, that there were no condition or combination of conditions of release which would assure 1) his appearance at trial, and/or 2) the safety of any person or the community.  J. Kay, Det. Mem. (Aug. 6, 2007) (emphasis added).  As set forth in detail below, there *are* conditions of release that would ensure the Defendant's appearance and continued safety of the community.

## II.    THE GOVERNMENT HAS FAILED TO MEET ITS BURDEN OF PROOF.

As this Court knows, § 3141 *et seq*. of the Bail Reform Act, requires the government present "*clear and convincing evidence*" that "no conditions or combination of conditions will reasonably assure …the safety of any other person and the community, such that the judicial officer shall order the detention of the (defendant) before trial." 18 U.S.C. § 3142(e).

### A.    There is No Risk of Flight.

This Circuit has ruled that a finding that no condition or combination of conditions will reasonably assure the appearance of the defendant must be supported by a preponderance of the

8

evidence. <u>U.S. v. Karni</u>, 298 F. Supp. 2d 129 (D.C. 2004) (citing <u>U.S. v. Vortis</u>, 785 F.2d 324,

329 (D.C. Cir. 1986). Although the nature of the offense levied against Mr. Ye Gon raises a

rebuttable presumption of detention (18 U.S.C. § 3142(e)) that presumption is not difficult to

overcome as "[a]ny evidence favorable to a defendant that comes within a category listed in §

3142(g) can affect the operation of one or both of the presumptions, … including clean criminal

record and other types of evidence encompassed in § 3142(g)." <u>See</u> <u>U.S. v. Dominguez</u>, 783

F.2d 702, 707 (7th Cir. 1986) (citing <u>U.S. v. Jessup</u>, 757 F.2d 378, 384 (1st Cir. 1985). And,

"[t]he burden of persuasion remains with the government once the burden of production is met"

(<u>Id.</u>) although the defendant does not, at any point, have a burden of proof or persuasion." <u>U.S.</u>

<u>v. Alatishe</u>, 768 F.2d 364, 371 (D.C. Cir. 1985). What is more, even if a defendant is charged

with serious drug offense that triggers a rebuttable presumption of detention, the Court must still

evaluate the various § 3142 (g) factors and the Government must still bear the burden of

showing, by a preponderance of the evidence, that a defendant is not a flight risk." <u>U.S. v.</u>

<u>Hudspeth</u>, 143 F.Supp.2d 32 (D.C. 2001) (J. Kennedy).

    At the initial detention hearing, the Government produced no evidence, much less a

preponderance of evidence that the Movant is a flight risk. This Court should know that when

Mr. Ye Gon initially entered the U.S. (approximately six months ago) he instructed his

undersigned counsel to immediately contact the U.S. authorities – which was in fact done.[3] Mr.

Ye Gon sought to subject himself to the U.S. judicial system as he welcomed the opportunity to

litigate his case in America as opposed to Mexico, as he maintains he is being framed by the

Mexican Government and as such, cannot possibly expect a fair trial in Mexico. Only under the

American judicial system does Mr. Ye Gon believe he will be exonerated of all the false charges

---

[3] Mr. McMahon, approximately 3 months ago, contacted senior justice officials and a meeting was set with undersigned counsel Wanda Dixon.

brought against him.  As such, the question as to whether Mr. Ye Gon is a "fight risk" is easily

overcome since for six months Mr. Ye Gon had access to two passports (China and Mexico) and

could have easily left the United States if he wanted to.  *He did not*.

In addition, this case is unique and high profile.  The frequent exposure of Mr. Ye Gon's

image to the media throughout the world has produced such an effect that he could hardly "flee"

without notice.  What is more, Mr. Ye Gon is the victim of assassination threats.  He has no

incentive to flee from America's safe haven.  The fact that Mr. Ye Gon has filed an application

for asylum in the United States stands as further proof of his desire not to flee the United States,

but to remain.  See Application for Asylum attached hereto as Exhibit A.  Finally, Mr. Ye Gon

has ties to this country as he is a father of three U.S. born children.

In sum, the Government fails to meet is burden of showing, by a preponderance of the

evidence, that Mr. Ye Gon is a flight risk because (1) he has no criminal history prior to his

arrest;  (2) he is prepared to surrender his passports;  (3) all of his assets and monies have been

seized and thus, he does not have the financial wherewithal to leave the country;  (4) has ties to

this Country, i.e., his three children;  and (5) has no incentive to leave as he fears persecution[4]

and believes that only in America can he receive justice.

### B.      There is No Threat To Society.

Even where the rebuttable presumption of § 3142(e) is triggered by probable cause to

believe Mr. Ye Gon committed one of the specified offenses, the presumption imposes on him

only a burden of producing evidence, "while the Government remains under the burden of

---

[4]  This Court should be aware that according to the associated press, at least two officers that conducted the initial raid of Mr. Ye Gon's home in Mexico have been killed, the alleged "drugs" have been destroyed, and the alleged "drug money" found at Mr. Ye Gon's house has been disseminated.

persuading the court by clear and convincing evidence that no conditions of release will reasonably assure the safety of any other person and the community." U.S. v. Miller, 625 F. Supp. 513, 519 (D. Kan. 1985). "The burden of production imposed on a defendant is 'to offer some credible evidence contrary to the statutory presumption.'" Id. (quoting U.S. v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985).

To begin, Mr. Ye Gon has no criminal record of any kind and absolutely no history of violent or dangerous conduct. At his initial detention hearing, the Government did not proffer otherwise. In fact, no where in the Government's only evidence – Special Agent Eduargo A. Chavez' Affidavit in Support of Complaint and Arrest Warrant – is there any indication that Mr. Ye Gon has any kind of a criminal background or history. Even Magistrate Kay's detention memorandum states, "…the instant charges did not involve violent activity." J. Kay, Mem. Det. at 4 (Aug. 6, 2007). Despite having no criminal background and charged with non-violent activity, Mr. Ye Gon remains detained as the Magistrate held the Government met its "clear and convincing" burden that Mr. Ye Gon was a danger to society. Id. at 5. We submit this finding was in error.

In U.S. v. Karni, Chief Judge Hogan upheld a Magistrate's ruling releasing a defendant on bond (with modifications to conditions of defendant's order of release) even though the defendant had no ties to the U.S., where the weight of the evidence against the defendant was substantial and when the case did not involve a crime of violence. 298 F. Supp. 2d 129 (D.C. 2004). Here, Mr. Ye Gon (1) has ties to the U.S. and (2) has not been charged with a crime of violence. Most importantly, the Magistrate Kay held "the weight of the evidence, does not strongly favor detention." J. Kay, Mem. Det. at 4. In fact, he added "the Government proffered

only thin evidence in support of its case [and] … there was little before the Court at the hearing to establish Defendant's involvement in a conspiracy to import illegal drugs *into the United States*." Id.

When Orders of release have been issued to defendants with even less of a proffer than what was presented to Magistrate Kay (see Karni, 298 F. Supp. 2d at 131-133) and what will be presented to this Honorable Court on September 7, 2007, we submit Mr. Ye Gon should have been released as the Government did not, because they cannot, present clear and convincing evidence that Mr. Ye Gon is a threat to society.

### C.    There Are A Combination Of Factors That Will Ensure The Defendant's Appearance and Safety To The Community.

The Bail Reform Act requires this Court look to the variety of conditions that are afforded to the Movant under sub-section (c) of § 3142.

At his initial detention hearing, defense counsel presented a number of conditions that would more than reasonably assure the Defendant's appearance at upcoming hearings in this case as well as ensure the safety of the Metropolitan community.  As only one example, the Defendant presented a third party custodian for the Court's consideration.  If ever there was a case that warranted application of sub-section (c) of § 3142, this case, where a Magistrate has already found "the weight of the evidence does not strongly favor detention" should be such a case.  See J. Kay, Det. Mem. at 4 (Aug. 6, 2007).

### III.    GIVEN THE INSUFFICIENT WEIGHT OF THE GOVERNMENT'S EVIDENCE, THE DEFENDANT IS ENTITLED TO CROSS EXAMINE S.A. CHAVEZ.

As noted above, while Mr. Ye Gon does not carry the burden of proof or persuasion, he does carry a "burden of production" since the seriousness of the offense levied against him raises a rebuttable presumption of detention.  <u>Alatishe</u>, 768 F.2d at 371.  To ensure Mr. Ye Gon is given the opportunity to rebut the presumption of detention at his upcoming hearing, he must be able to cross examine S.A. Chavez.

Mr. Ye Gon has been charged with importing methamphetamine into the United States. The Government's entire case is based upon only one document - SA Eduardo Chavez' Affidavit.  This unverified and unchecked document has been used to secure an arrest warrant, an indictment, and pretrial detention.  The affidavit, however, has fatal flaws, mis-represents the facts, and fails to include vital exculpatory facts.  As only one example, nowhere in the affidavit is there any mention of a link between Mr. Ye Gon and methamphetamine and/or Mr. Ye Gon, methamphetamine and the United States.[5]

In short, Mr. Ye Gon has a right to rebut the presumption of detention in this case.  18 U.S.C. § 3142(e).  Mr. Ye Gon is denied this right, however, if he cannot cross examine S.A. Chavez.  As such, Mr. Ye Gon respectfully requests that this Court, in its discretion, require the Government to produce S.A. Chavez for cross examination at the September 7, 2007 detention hearing.

---

[5] More disturbingly, the affidavit fails to mention that the DEA flew to China and met with Mr. Ye Gon's supplier.  Mr. Ye Gon submits that this notable omission from the affidavit is further proof that he is a legitimate business man because the DEA found no incriminating evidence against him during its trip to China.

### IV.    CONCLUSION

Mr. Ye Gon respectfully asserts that denial of his right to bail has violated his entitlement to due process and mirrors the collapse of the charging evidence brought against him.   As such, he respectfully prays that the Detention Order entered against him be revoked and if this Court deems it necessary, require that any of the conditions set forth in subsection (c) of the Bail Reform Act be required as part of Mr. Ye Gon's release.

Respectfully Submitted,

/s/ Ning Ye, Esq.
Ning Ye, Esq., MD BAR Number: 26804
Rockville, MD
(301) 217-0600
ynyale@aol.com

*Counsel for Defendant Ye Gon*

/s/ Martin F. McMahon, Esq.
Martin McMahon, Esq., D.C. Bar Number: 196642
Martin McMahon & Associates
1150 Connecticut Ave., N.W.
Suite 900
Washington, D.C. 20036
(202) 862-4343
mfm@martinmcmahonlaw.com

*Counsel for Defendant Ye Gon*

/s/ Lisa D. Angelo, Esq.
Lisa D. Angelo, Esq., D.C. Bar Number: 491206
Martin McMahon & Associates
1150 Connecticut Ave., N.W.
Suite 900
Washington, D.C. 20036
(202) 862-4343
langelo@martinmcmahonlaw.com

*Counsel for Defendant Ye Gon*

Department of Homeland Security
U.S. Citizenship and Immigration Services

U.S. Department of Justice
Executive Office for Immigration Review

OMB No. 1615-0067; Expires 12/31/07

**I-589, Application for Asylum
and for Withholding of Removal**

START HERE - Please type or print in black ink.  See the Instructions for information about eligibilty and how to complete and file this application.  There is NO filing fee for this application.

NOTE: Please check this box if you also want to apply for withholding of removal under the Convention Against Torture. ☑

**Part A. I. Information about you.**

| | |
|---|---|
| **1.** Alien Registration Number(s) (A#s) (If any) | **2.** U.S. Social Security Number (If any) |

| | | |
|---|---|---|
| **3.** Complete Last Name  YE | **4.** First Name  ZHENLI | **5.** Middle Name |

**6.** What other names have you used? (Include maiden name and aliases.)  YE, ZHENLI  GON

**7.** Residence in the U.S. (Where you physically reside.)

Telephone Number ( )

Street Number and Name

Apt. Number

City

State

Zip Code

**8.** Mailing Address in the U.S.
(If different than the address in No. 7)
In Care Of (If applicable): Martin McMahon & Assoc.

Telephone Number (202)862-4343

Street Number and Name  1150 Connecticut Avenue, NW

Apt. Number #900

City  Washington

State  DC

Zip Code  20036

**9.** Gender: ☑ Male ☐ Female   **10.** Marital Status: ☑ Single ☐ Married ☐ Divorced ☐ Widowed

**11.** Date of Birth (mm/dd/yyyy)  01/31/1963

**12.** City and Country of Birth  SHANGHAI, CHINA

**13.** Present Nationality (Citizenship)  Mexico

**14.** Nationality at Birth  CHINA

**15.** Race, Ethnic or Tribal Group  HAN

**16.** Religion  None

**17.** Check the box, a through c, that applies:   **a.** ☑ I have never been in Immigration Court proceedings.

**b.** ☐ I am now in Immigration Court proceedings.   **c.** ☐ I am not now in Immigration Court proceedings, but I have been in the past.

**18.** Complete 18 a through c.

**a.** When did you last leave your country? (mmm/dd/yyyy)  01/31/07   **b.** What is your current I-94 Number, if any? 88252630711

**c.** Please list each entry into the U.S. beginning with your most recent entry.
List date (mm/dd/yyyy), place, and your status for each entry.(Attach additional sheets as needed.)

| Date | Place | Status | Date Status Expires: |
|---|---|---|---|
| 01/31/2007 | San Diego, CA | B-2 | 03/03/2007 * |
| | | | |
| | | | |

**19.** What country issued your last passport or travel document?  ☒ CHINA (PRC)

**20.** Passport # P CHN 151122462
Travel Document #

**21.** Expiration Date (mm/dd/yyyy)  09/17/2009

**22.** What is your native language? (Include dialect, if applicable.)  CHINESE

**23.** Are you fluent in English? ☐ Yes ☑ No **

**24.** What other languages do you speak fluently?

| For EOIR use only. | For USCIS use only. | Decision: |
|---|---|---|
| | **Action:** | Approval Da... |
| | Interview Date: | **EXHIBIT** |
| | | Denial Date: |
| | Asylum Officer ID#: | **A** |
| | | Referral Dat... |
| | | **NO.** |

\* Application for Extension is pending     \*\* Fairly.

Form I-589 (Rev. 12/14/06) Y

## Part A. II. Information about your spouse and children.

**Your spouse.** ☐ I am not married. *(Skip to Your children, below.)*

| 1. Alien Registration Number (A#) *(If any)* | 2. Passport/ID Card No. *(If any)* | 3. Date of Birth *(mm/dd/yyyy)* 01/20/1960 | 4. U.S. Social Security No. *(If any)* |
|---|---|---|---|

| 5. Complete Last Name MARX YU | 6. First Name TOMOIYI | 7. Middle Name N/A | 8. Maiden Name N/A |
|---|---|---|---|

| 9. Date of Marriage *(mm/dd/yyyy)* 08/14/1997 | 10. Place of Marriage Mexico | 11. City and Country of Birth Mexico City, Mexico |
|---|---|---|

| 12. Nationality *(Citizenship)* Mexico | 13. Race, Ethnic or Tribal Group Asian | 14. Gender ☐ Male ☑ Female |
|---|---|---|

**15. Is this person in the U.S. ?**
☐ Yes *(Complete Blocks 16 to 24.)*  ☑ No *(Specify location.)*

| 16. Place of last entry in the U.S. | 17. Date of last entry in the U.S. *(mm/dd/yyyy)* | 18. I-94 No. *(If any)* | 19. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|

| 20. What is your spouse's current status? | 21. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 22. Is your spouse in Immigration Court proceedings? ☐ Yes ☐ No | 23. If previously in the U.S., date of previous arrival *(mm/dd/yyyy)* |
|---|---|---|---|

**24. If in the U.S., is your spouse to be included in this application?** *(Check the appropriate box.)*

☐ Yes *(Attach one photograph of your spouse in the upper right corner of Page 9 on the extra copy of the application submitted for this person.)*

☐ No

**Your children.** Please list **all** of your children, regardless of age, location or marital status.

☐ I do not have any children. *(Skip to Part A. III., Information about your background.)*

☑ I have children.   Total number of children: 3

**(NOTE: Use Supplement A Form I-589 or attach additional sheets of paper and documentation if you have more than four children.)**

| 1. Alien Registration Number (A#) *(If any)* | 2. Passport/ID Card No. *(If any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* Single | 4. U.S. Social Security No. *(If any)* |
|---|---|---|---|

| 5. Complete Last Name YE | 6. First Name CHEN LIANG | 7. Middle Name Kent | 8. Date of Birth *(mm/dd/yyyy)* 03/15/1999 |
|---|---|---|---|

| 9. City and Country of Birth California, USA | 10. Nationality *(Citizenship)* USA | 11. Race, Ethnic or Tribal Group Asian | 12. Gender ☑ Male ☐ Female |
|---|---|---|---|

**13. Is this child in the U.S. ?**
☐ Yes *(Complete Blocks 14 to 21.)*  ☑ No *(Specify location.)*  Mexico

| 14. Place of last entry in the U.S. | 15. Date of last entry in the U.S. *(mm/dd/yyyy)* | 16. I-94 No. *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|

| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 20. Is your child in Immigration Court proceedings? ☐ Yes ☐ No |
|---|---|---|

**21. If in the U.S., is this child to be included in this application?** *(Check the appropriate box.)*

☐ Yes *(Attach one photograph of your child in the upper right corner of Page 9 on the extra copy of the application submitted for this person.)*

☐ No

**Part A. II. Information about your spouse and children. (Continued)**

| 1. Alien Registration Number (A#) (If any) | 2. Passport/ID Card No. (If any) | 3. Marital Status (Married, Single, Divorced, Widowed) Single | 4. U.S. Social Security No. (If any) |
|---|---|---|---|
| 5. Complete Last Name YE | 6. First Name ZIMING | 7. Middle Name Ronald | 8. Date of Birth (mm/dd/yyyy) 12/05/2000 |
| 9. City and Country of Birth California, USA | 10. Nationality (Citizenship) USA | 11. Race, Ethnic or Tribal Group Asian | 12. Gender [X] Male  [ ] Female |

13. Is this child in the U.S.?  [ ] Yes (Complete Blocks 14 to 21.)  [X] No (Specify location.)

| 14. Place of last entry in the U.S. | 15. Date of last entry in the U.S. (mm/dd/yyyy) | 16. I-94 No. (If any) | 17. Status when last admitted (Visa type, if any) |
|---|---|---|---|
| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? (mm/dd/yyyy) | 20. Is your child in Immigration Court proceedings?  [ ] Yes  [ ] No | |

21. If in the U.S., is this child to be included in this application? (Check the appropriate box.)
[ ] Yes (Attach one photograph of your child in the upper right corner of Page 9 on the extra copy of the application submitted for this person.)
[ ] No

| 1. Alien Registration Number (A#) (If any) | 2. Passport/ID Card No. (If any) | 3. Marital Status (Married, Single, Divorced, Widowed) Single | 4. U.S. Social Security No. (If any) |
|---|---|---|---|
| 5. Complete Last Name WONG | 6. First Name Michael | 7. Middle Name YE | 8. Date of Birth (mm/dd/yyyy) 01/11/2006 |
| 9. City and Country of Birth Las Vegas, NV | 10. Nationality (Citizenship) USA | 11. Race, Ethnic or Tribal Group Asian | 12. Gender [X] Male  [ ] Female |

13. Is this child in the U.S.?  [X] Yes (Complete Blocks 14 to 21.)  [ ] No (Specify location.)

| 14. Place of last entry in the U.S. | 15. Date of last entry in the U.S. (mm/dd/yyyy) | 16. I-94 No. (If any) | 17. Status when last admitted (Visa type, if any) |
|---|---|---|---|
| 18. What is your child's current status? US Citizen | 19. What is the expiration date of his/her authorized stay, if any? (mm/dd/yyyy) | 20. Is your child in Immigration Court proceedings?  [ ] Yes  [X] No | |

21. If in the U.S., is this child to be included in this application? (Check the appropriate box.)
[ ] Yes (Attach one photograph of your child in the upper right corner of Page 9 on the extra copy of the application submitted for this person.)
[X] No

| 1. Alien Registration Number (A#) (If any) | 2. Passport/ID Card No. (If any) | 3. Marital Status (Married, Single, Divorced, Widowed) | 4. U.S. Social Security No. (If any) |
|---|---|---|---|
| 5. Complete Last Name | 6. First Name | 7. Middle Name | 8. Date of Birth (mm/dd/yyyy) |
| 9. City and Country of Birth | 10. Nationality (Citizenship) | 11. Race, Ethnic or Tribal Group | 12. Gender [ ] Male  [ ] Female |

13. Is this child in the U.S.?  [ ] Yes (Complete Blocks 14 to 21.)  [ ] No (Specify location.)

| 14. Place of last entry in the U.S. | 15. Date of last entry in the U.S. (mm/dd/yyyy) | 16. I-94 No. (If any) | 17. Status when last admitted (Visa type, if any) |
|---|---|---|---|
| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? (mm/dd/yyyy) | 20. Is your child in Immigration Court proceedings?  [ ] Yes  [ ] No | |

21. If in the U.S., is this child to be included in this application? (Check the appropriate box.)
[ ] Yes (Attach one photograph of your child in the upper right corner of Page 9 on the extra copy of the application submitted for this person.)
[ ] No

**Part A. III. Information about your background.**

1. Please list your last address where you lived before coming to the U.S. If this is not the country where you fear persecution, also list the last address in the country where you fear persecution. (List Address, City/Town, Department, Province, or State and Country.)
   **(NOTE:** Use Supplement B, Form I-589 or additional sheets of paper, if necessary.)

| Number and Street (Provide if available) | City/Town | Department, Province or State | Country | Dates From (Mo/Yr) | To (Mo/Yr) |
|---|---|---|---|---|---|
| C/O 1150 Conn. Ave. NW #900 | WASHINGTON | DC 20036 | USA | 04/07 | Presently |

2. Provide the following information about your residences during the past five years. List your present address first.
   **(NOTE:** Use Supplement B, Form I-589 or additional sheets of paper, if necessary.)

| Number and Street | City/Town | Department, Province or State | Country | Dates From (Mo/Yr) | To (Mo/Yr) |
|---|---|---|---|---|---|
| C/O 1150 Conn. Ave. NW #900 | WASHINGTON | DC 20036 | USA | 04/07 | Presently |
| 2290 Casa Bella Ct. | Las Vegas | NV 89117 | USA | 01/07 | 04/07 |
| | | | | | |
| | | | | | |
| | | | | | |

3. Provide the following information about your education, beginning with the most recent.
   **(NOTE:** Use Supplement B, Form I-589 or additional sheets of paper, if necessary.)

| Name of School | Type of School | Location (Address) | Attended From (Mo/Yr) | To (Mo/Yr) |
|---|---|---|---|---|
| East China Normal Univ. | High Institute of High Learning | SHANGHAI, CHINA | 09/87 | 07/89 |
| East China Institute of Political Science & Law | Law School | SHANGHAI, CHINA | 09/84 | 07/86 |
| | | | | |

4. Provide the following information about your employment during the past five years. List your present employment first.
   **(NOTE:** Use Supplement B, Form I-589 or additional sheets of paper, if necessary.)

| Name and Address of Employer | Your Occupation | Dates From (Mo/Yr) | To (Mo/Yr) |
|---|---|---|---|
| UNIMED PHARMCHEM, MEXICO SA de CV Mexico City, Mexico | President | 05/97 | Present |
| | | | |
| | | | |

5. Provide the following information about your parents and siblings (brothers and sisters). Check the box if the person is deceased.
   **(NOTE:** Use Supplement B, Form I-589 or additional sheets of paper, if necessary.)

| | Full Name | City/Town and Country of Birth | Current Location |
|---|---|---|---|
| Mother | Guiyu GONG ~~Yueling YE~~ | SHANGHAI, CHINA | ☐ Deceased SHANGHAI, CHINA |
| Father | YUELING YE | SHANGHAI, CHINA | ☐ Deceased SHANGHAI, CHINA |
| Sibling | HONGJUN YE | SHANGHAI, CHINA | ☐ Deceased SHANGHAI, CHINA |
| Sibling | | | ☐ Deceased |
| Sibling | | | ☐ Deceased |
| Sibling | | | ☐ Deceased |

## Part B. Information about your application.

(NOTE: Use Supplement B, Form I-589 or attach additional sheets of paper as needed to complete your responses to the questions contained in Part B.)

When answering the following questions about your asylum or other protection claim (withholding of removal under 241(b)(3) of the INA or withholding of removal under the Convention Against Torture) you should provide a detailed and specific account of the basis of your claim to asylum or other protection. To the best of your ability, provide specific dates, places and descriptions about each event or action described. You should attach documents evidencing the general conditions in the country from which you are seeking asylum or other protection and the specific facts on which you are relying to support your claim. If this documentation is unavailable or you are not providing this documentation with your application, please explain why in your responses to the following questions.

Refer to Instructions, Part 1: Filing Instructions, Section II, "Basis of Eligibility," Parts A - D, Section V, "Completing the Form," Part B, and Section VII, "Additional Evidence That You Should Submit," for more information on completing this section of the form.

1.  Why are you applying for asylum or withholding of removal under section 241(b)(3) of the INA, or for withholding of removal under the Convention Against Torture? Check the appropriate box(es) below and then provide detailed answers to questions A and B below:

    I am seeking asylum or withholding of removal based on:

    [ ] Race                    [✓] Political opinion
    [ ] Religion                [✓] Membership in a particular social group
    [ ] Nationality             [✓] Torture Convention

A.  Have you, your family, or close friends or colleagues ever experienced harm or mistreatment or threats in the past by anyone?

    [ ] No    [✓] Yes

    If "Yes," explain in detail:

    (1) What happened;
    (2) When the harm or mistreatment or threats occurred;
    (3) Who caused the harm or mistreatment or threats; and
    (4) Why you believe the harm or mistreatment or threats occurred.

    > I am the "Senator" * of Mexico. I unfortunately was Involved in completely Corrupted Partisan Political fractional Struggles in Mexico. Being the victim of ruthless partisan Struggle, I was entrapped by a scheme, polically motivated Conspiracy, tarnishing me as the World's top Drug Trafficker. eventhough I have had never involved in a single once of Narcotics through out my life. The Current Govt of Mexico persecution. For further details. see my Affidavit.

B.  Do you fear harm or mistreatment if you return to your home country?

    [ ] No    [✓] Yes

    If "Yes," explain in detail:

    (1) What harm or mistreatment you fear;
    (2) Who you believe would harm or mistreat you; and
    (3) Why you believe you would or could be harmed or mistreated.

    > My Case in its deep nature, is a politically motivated persecution in a totally Corrupted Mexico Partisan Politics Messed up w/ All sort of Scandals. I am afraid of being murdered or assassinated if I were extradited back to Mexico. and fallen into the hands of the persecutory, Corrupted regime of Current government. under PAM Party I deeply am concerned the safety of my two US Citizen Children there
    > see my Affidavit.

* Being an active member of, and a staunch Support of PRI party, my "Senator's" Seat was not elected, but being entrusted and deligated by PRI Senator Fidel, I was authorized to speak, debate, forward Bills. But Not

**Part B. Information about your application (Continued)**

2. Have you or your family members ever been accused, charged, arrested, detained, interrogated, convicted and sentenced, or imprisoned in any country other than the United States?

☐ No    ☑ Yes

If "Yes," explain the circumstances and reasons for the action.

*I was Wrongfully charged, accused for alleged "Narcotic Drug Trafficking" A groundless accusation to cover up a politically motivated, Partisan persecution. My wife is believed to have been arrested by the government of Mexico. For further details, Please see my Affidavit.*

3.A. Have you or your family members ever belonged to or been associated with any organizations or groups in your home country, such as, but not limited to, a political party, student group, labor union, religious organization, military or paramilitary group, civil patrol, guerrilla organization, ethnic group, human rights group, or the press or media?

☐ No    ☑ Yes

If "Yes," describe for each person the level of participation, any leadership or other positions held, and the length of time you or your family members were involved in each organization or activity.

*I am an active member of PRI, I am also a staunch Supporter a big donor. For further details, Please see my affidavit.*

B. Do you or your family members continue to participate in any way in these organizations or groups?

☐ No    ☑ Yes

If "Yes," describe for each person your or your family members' current level of participation, any leadership or other positions currently held, and the length of time you or your family members have been involved in each organization or group.

*I am Still an active member of PRI and an PRI Staunch Supporter*

4. Are you afraid of being subjected to torture in your home country or any other country to which you may be returned?

☐ No    ☑ Yes

If "Yes," explain why you are afraid and describe the nature of torture you fear, by whom, and why it would be inflicted.

*I will definitely be tortured and assassinated by the corrupted coalition between the current Regime of Mexico and its Mafiaso allies. My case and my current situation is highly sensitive, highly dangerous.*

**Part C. Additional information about your application.**

(NOTE: *Use Supplement B, Form I-589 or attach additonal sheets of paper as needed to complete your responses to the questions contained in Part C.*)

1. Have you, your spouse, your child(ren), your parents or your siblings ever applied to the U. S. Government for refugee status, asylum or withholding of removal?

   ☑ No    ☐ Yes

   If "Yes," explain the decision and what happened to any status you, your spouse, your child(ren), your parents or your siblings received as a result of that decision. Please indicate whether or not you were included in a parent or spouse's application. If so, please include your parent or spouse's A-number in your response. If you have been denied asylum by an Immigration Judge or the Board of Immigration Appeals, please describe any change(s) in conditions in your country or your own personal circumstances since the date of the denial that may affect your eligibility for asylum.

2. A. After leaving the country from which you are claiming asylum, did you or your spouse or child(ren) who are now in the United States travel through or reside in any other country before entering the United States?    ☑ No    ☐ Yes

   B. Have you, your spouse, your child(ren) or other family members, such as your parents or siblings, ever applied for or received any lawful status in any country other than the one from which you are now claiming asylum?    ☑ No    ☐ Yes

   If "Yes" to either or both questions (2A and/or 2B), provide for each person the following: the name of each country and the length of stay, the person's status while there, the reasons for leaving, whether or not the person is entitled to return for lawful residence purposes, and whether the person applied for refugee status or for asylum while there, and if not, why he or she did not do so.

3. Have you, your spouse or your child(ren) ever ordered, incited, assisted or otherwise participated in causing harm or suffering to any person because of his or her race, religion, nationality, membership in a particular social group or belief in a particular political opinion?

   ☑ No    ☐ Yes

   If "Yes," describe in detail each such incident and your own, your spouse's or your child(ren)'s involvement.

**Part C. Additional information about your application. (Continued.)**

4. After you left the country where you were harmed or fear harm, did you return to that country?

☑ No          ☐ Yes

If "Yes," describe in detail the circumstances of your visit(s) (for example, the date(s) of the trip(s), the purpose(s) of the trip(s) and the length of time you remained in that country for the visit(s).)

5. Are you filing this application more than one year after your last arrival in the United States?

☑ No          ☐ Yes

If "Yes," explain why you did not file within the first year after you arrived. You should be prepared to explain at your interview or hearing why you did not file your asylum application within the first year after you arrived. For guidance in answering this question, see Instructions, Part 1: Filing Instructions, Section V. "Completing the Form," Part C.

6. Have you or any member of your family included in the application ever committed any crime and/or been arrested, charged, convicted and sentenced for any crimes in the United States?

☑ No          ☐ Yes

If "Yes," for each instance, specify in your response: what occurred and the circumstances, dates, length of sentence received, location, the duration of the detention or imprisonment, the reason(s) for the detention or conviction, any formal charges that were lodged against you or your relatives included in your application and the reason(s) for release. Attach documents referring to these incidents, if they are available, or an explanation of why documents are not available.

## Part D. Your Signature

I certify, under penalty of perjury under the laws of the United States of America, that this application and the evidence submitted with it are all true and correct. Title 18, United States Code, Section 1546(a), provides in part: Whoever knowingly makes under oath, or as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, knowingly subscribes as true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, or knowingly presents any such application, affidavit, or other document containing any such false statement or which fails to contain any reasonable basis in law or fact - shall be fined in accordance with this title or imprisoned for up to 25 years. I authorize the release of any information from my immigration record that U.S. Citizenship and Immigration Services (USCIS) needs to determine eligibility for the benefit I am seeking.

> Staple your photograph here or the photograph of the family member to be included on the extra copy of the application submitted for that person.

**WARNING:** Applicants who are in the United States illegally are subject to removal if their asylum or withholding claims are not granted by an asylum officer or an immigration judge. Any information provided in completing this application may be used as a basis for the institution of, or as evidence in, removal proceedings even if the application is later withdrawn. Applicants determined to have knowingly made a frivolous application for asylum will be permanently ineligible for any benefits under the Immigration and Nationality Act. You may not avoid a frivolous finding simply because someone advised you to provide false information in your asylum application. If filing with USCIS, unexcused failure to appear for an appointment to provide biometrics (such as fingerprints) and your biographical information within the time allowed may result in an asylum officer dismissing your asylum application or referring it to an immigration judge. Failure without good cause to provide DHS with biometrics or other biographical information while in removal proceedings may result in your application being found abandoned by the immigration judge. See sections 208(d)(5)(A) and 208(d)(6) of the INA and 8 CFR sections 208.10, 1208.10, 208.20, 1003.47(d) and 1208.20.

| Print your complete name. | Write your name in your native alphabet. |
|---|---|
| ZHENLI YE | 叶真理 |

Did your spouse, parent or child(ren) assist you in completing this application? ☑ No  ☐ Yes *(If "Yes," list the name and relationship.)*

_____ _____ _____ _____
*(Name)*  *(Relationship)*  *(Name)*  *(Relationship)*

Did someone other than your spouse, parent or child(ren) prepare this application? ☐ No  ☑ Yes *(If "Yes," complete Part E.)*

Asylum applicants may be represented by counsel. Have you been provided with a list of persons who may be available to assist you, at little or no cost, with your asylum claim? ☑ No  ☐ Yes

Signature of Applicant *(The person in Part A.I.)*

[ _~~~~~~~~~~~~~~~ ]          _____
Sign your name so it all appears within the brackets          Date *(mm/dd/yyyy)*

## Part E. Declaration of person preparing form, if other than applicant, spouse, parent or child.

I declare that I have prepared this application at the request of the person named in Part D, that the responses provided are based on all information of which I have knowledge, or which was provided to me by the applicant, and that the completed application was read to the applicant in his or her native language or a language he or she understands for verification before he or she signed the application in my presence. I am aware that the knowing placement of false information on the Form I-589 may also subject me to civil penalties under 8 U.S.C. 1324c and/or criminal penalties under 18 U.S.C. 1546(a).

| Signature of Preparer | Print Complete Name of Preparer |
|---|---|
|  | Martin McMahon, Esq. |

| Daytime Telephone Number | Address of Preparer: Street Number and Name |
|---|---|
| (202) 862-4343 | 1150 Conn. Ave. NW, 9th Floor |

| Apt. No. | City | State | Zip Code |
|---|---|---|---|
| #900 | Washington | DC | 20036 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| The United States of America | ) | |
| | ) | |
| Plaintiff | ) | File: 07-181 |
| | ) | Hon. Emmit G. Sullivan |
| v. | ) | |
| | ) | |
| Zhenli Ye Gon | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

### ORDER

Upon consideration of Defendant's Motion for Revocation of Pretrial Detention Order,

and the Government's opposition thereto, it is this _____ day of _____, 2006 hereby

**ORDERED** that the Defendant's Motion is **GRANTED**.

_____
Hon. Emmit G. Sullivan
United States District Judge