UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | Crim. No. 07-181 (EGS) |
| ) | |
| ZHENLI YE GON ) | |
| ) | |

**RESPONSE TO MOTION FOR REVOCATION OF UNITED STATES DISTRICT COURT MAGISTRATE JUDGE'S ORDER FOR DEFENDANT'S DETENTION WITHOUT BAIL**

**COMES NOW** the United States of America, by and through the undersigned attorneys, and hereby moves the Court to deny the defendant's motion.

Arrest and Indictment

On July 23, 2007, defendant Zhenli Ye Gon was arrested in Maryland by DEA agents. He had in possession approximately $7000 in US currency.

On July 26, 2007, defendant was indicted in the District of Columbia, charged with conspiracy to aid and abet the manufacture of methamphetamine, in violation of 21 USC Sections 959 and 963, and 18 USC Section 2. The indictment also included a forfeiture count.

Detention Hearing

On August 3, 2007, US District Court Magistrate Judge Alan Kay ordered the defendant

1

to be detained. No witness testified for either side and the government made only a limited proffer of its proof.

### Magistrate Judge Kay's detention order

Judge Kay noted that the rebuttable presumption applied, citing 18 USC Section 3142(e). J.Kay, Mem. Ord. Det., at p.4 (August 6, 2007). He concluded that the defendant failed to overcome the presumption in favor of detention, and specifically found by clear and convincing evidence that defendant was a danger to the community and the court found by a preponderance the defendant was a flight risk. Id at 5. Judge Kay identified three factors which favored detention. First, the nature and circumstances of the offense, which he described as a serious drug offense, favored detention. Id at 4. Second, the history and characteristics of the defendant favored detention, in that the defendant is a citizen of China and Mexico, is not a citizen of the US, and has no legal immigration status in the US. Id. Third, the court noted the nature and seriousness of the danger to the community, should the defendant be released, also favored detention. Id. The court noted that methamphetamine abuse has caused violence across the US and importing methamphetamine contributed to that violence. Id. (The court wrote that the government's limited proffer at the detention hearing did not "strongly favor" detention. Id.)

### Defendant's motion to revoke Judge Kay's detention order

Pursuant to 21 USC Section 3145(b), defendant moves the District Court for revocation or amendment of Judge Kay's order, asking the District Court to release him on his own recognizance. Motion for Revocation, p.3. Defendant argues he is neither a flight risk nor a danger to the community. As to flight, defendant claims he lived in the US in the six months before his arrest, and though he had two passports (from China and Mexico), he did not leave the

US during that time. Memorandum of Points and Authorities, p, 10 (though page 5 of the memorandum itself). He claims all his assets have been seized and he cannot afford to flee, and he also claims that he has been threatened with assassination and has no incentive to leave his safe haven in the US. Id. Similarly, he argues he is not a danger to the community because he has no criminal record and no history of violence or dangerous conduct. Id at 11 (page 6). At the detention hearing, defendant presented a third party custodian to Judge Kay, a young woman of Asian background, and claimed she would guarantee his presence and ensure he was not a threat to the community.

Government Proffer to the District Court

Pursuant to 18 USC 3142(f)(2)(B), the rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the detention hearing. Thus, the government called no witness and submitted only a limited proffer.

The undisputed facts relevant to the defendant's challenge of Judge Kay's order include the following:

1. Defendant was indicted in the District of Columbia on July 26, 2007 for conspiracy to aid and abet the manufacture of 500 grams or more of methamphetamine, in violation of 21 USC Sections 959 and 963. Pursuant to 21 USC 960, the statutory punishment for this offense is a minimum mandatory 10 years in prison to life in prison.

2. Defendant is not a US citizen and is not at present in the US legally. He is a citizen of China who has lived in Mexico City, Mexico for at least the past ten years. He is also believed to be a citizen of Mexico. He speaks at least three languages.

3. Defendant has been charged in Mexico for criminal offenses related to the

conduct for which he is charged in the US.  Law enforcement authorities in Mexico have presented the US with a warrant for defendant's arrest and are actively seeking his extradition from the US.

      4. On March 15, 2007, Mexican law enforcement officials executed a Mexican search warrant at defendant's Mexico City home.  The police seized approximately 205 million dollars in US currency in the home, along with other currencies (euros, etc) worth the equivalent of two million dollars in US currency.  Defendant's wife was arrested at the home. ( Several firearms were also found, including a handgun with a silencer and an AK 47 assault rifle.  Defendant may dispute this fact.)

      5. Defendant was not present at his Mexico City home at the time of the search, but instead was in the US in California.  He was arrested by DEA agents on July 23, 2007 near Green Belt, Maryland.  He was staying in a predominantly Asian neighborhood and had in his possession at the time of his arrest, approximately $7000 in US currency.  (Judge Kay noted in his order that defendant had $75,000, but this is either a typographical error or the government misstated the amount at the hearing.)

      6. Defendant's wife was arrested at their home on March 15, 2007, and has since been charged <u>and</u> convicted of criminal offenses involving the defendant.  The wife has been in custody since her arrest and will apparently be in jail for several more years.  Their two young children are apparently still in Mexico in the care of other family members.

     The government believes that the facts set out above are not disputed by the defendant.  Additional evidence relevant to the detention issue, which defendant may or may not dispute, include the following:

1. From January 2004 through March 2007, defendant lost approximately 125 million dollars in US currency gambling at major casinos in Las Vegas, Nevada. Gambling records show that although defendant lost 125 million over this time, he still owes approximately 40 million dollars, so that since January 2004 he has actually paid out approximately 85 million dollars to cover his gambling losses.

2. Michele Wong was indicted in the District of Columbia on August 21, 2007 for money laundering offenses. It is alleged that she helped defendant launder drug proceeds. Defendant gave her cash and gifts worth over two million dollars, and she used part of that money to buy a 1.2 million dollar home in Las Vegas which she recently paid off and still owns. She is on electronic monitoring.

3. "Alicia" Zhou, who like Michele Wong is also closely acquainted with the defendant, recently told DEA agents that defendant gave her one million dollars to hold for him, and at the request of DEA, she recently turned over the one million dollars to the agents. It is not known if she is holding other money for the defendant. Zhou lives in Los Angeles.

4. Defendant has been linked to ten million dollars which was recently seized by Chinese law enforcement authorities in China. Defendant has family in China who have recently sent money to the US for the benefit of Ye Gon. Further, Zhou told the agents that Ye Gon asked her, between the search of his home and his arrest, to go to China for him to pick up some money.

5. At the detention hearing, the defendant offered to present to Judge Kay a so called third party custodian, a young woman of Asian background at whose home the defendant was staying prior to his arrest, who according to defense counsel was prepared to vouch for

defendant, and ensure that he would not flee and would not endanger the community. This woman was interviewed by agents after defendant was arrested. She stated that she had known defendant for only a few days and was allowing him to stay at her residence at the request of an acquaintance who was connected to the defendant.

6. The government does not know where defendant resided between the search of his home and his arrest. He was in California at the time of the search but was arrested in Maryland. He gave several media interviews during that time but would not disclose his residence. Defendant claims he did not leave the US in the six months after the search of his home. In a letter or interview with El Universal, a Spanish language media outlet found online at el-universal.com.mx, , defendant wrote or talked extensively about his situation in Mexico. He claimed that in September 2006 he was threatened and forced to leave Mexico by corrupt Mexican policeman. He claimed that he fled to the US, but "since I had to do so many things in person regarding the construction, at the beginning of October I sneaked back into Mexico".

<u>Argument supporting continued detention</u>

Pursuant to 18 USC 3143(e), there is a presumption (though rebuttable) that the defendant should be detained. Put another way, there is a presumption that there is no condition or combination of conditions that would ensure his appearance and the safety of the community.

Defendant is a flight risk. He is not a citizen of the US and is at present not legally in the US. He faces prosecution in the US and Mexico, and possibly in China, and at least in the US faces the prospect of lengthy incarceration if convicted. He has already seen his wife convicted in Mexico in just the past few months. His two minor children are in a difficult situation. He is a sophisticated businessman who has traveled extensively and has possessed more than 292

million dollars (the 207 million found in his home and the 85 million he lost in Vegas) since 2004. He gave Wong and Zhou millions of dollars and may be linked to ten million seized in China. He has scant ties to the US and no reason to stay in the US. If released, nothing but his word stops him from trying to hide in a large Chinese community somewhere in the US or Canada or anywhere outside Mexico or China. Nothing but his word stops him from trying to reunite with his minor children, who are without their mother, and go into hiding. Nothing but his word stops him from trying to sneak back into Mexico as he has did previously after being threatened. It is arguable that he cannot effectively be released, since he is not a citizen, is not here legally, and would be sent back to Mexico at some point. Facing the certainty of prosecutions in the US and Mexico, and possible lengthy incarceration, and given his penchant for being around huge sums of money, he has both incentive and the means to flee.

      Further, he has attempted to put forth a third party custodian who does not know him and would have no control over him. His close acquaintance, Michele Wong, has been indicted and is on electronic monitoring in Las Vegas. Another close acquaintance, Alicia Zhou, was holding at least one million dollars for him. There appears to be no other condition or combination of conditions which could assure that he is not a flight risk.

      Defendant is also a danger to the community. Judge Kay correctly pointed out the dangers of methamphetamine, including violence, and that methamphetamine abuse is a serious problem in the US. Defendant claims he has no prior record and no history of violence, which remains to be seen, yet Mexican police officers found several firearms in his home, including a hand gun with a silencer and an AK 47 assault rifle.

Conclusion

Magistrate Judge Kay correctly concluded that defendant would be detained without conditions of release. The District Court should not revoke or amend Judge Kay's order. Accordingly, the defendant's motion should be denied.

**WHEREFORE**, for the foregoing reasons, the United States respectfully asks the Court to deny the defendant's motion.

                                            Respectfully submitted,

                                            _____

                                            Paul W. Laymon

                                            Wanda Dixon

                                            Robert Stapleton

                                            Trial Attorneys

                                            Criminal Division, Department of Justice

                                            (202) 514-1286

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion was emailed to Mr. Martin McMahan, counsel for defendant, on August 27, 2007.

                                            _____

                                            Paul W. Laymon

                                            Trial Attorney, DOJ

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | Crim. No. 04-285 |
| ) | |
| RAFIE CHRISTOPHER DOUGLAS ) | |
| a/k/a Chris ) | |
| ) | |

**ORDER**

Upon consideration of the "Government's Motion Under The Speedy Trial Act To Exclude Time"and Defendant's Response Thereto, the Court hereby **ORDERS** that the government's motion is **GRANTED**.

1. The Court **FINDS,** pursuant to 18 U.S.C. §3161(h)(7), that the period of time from the date of this order until the time co-defendants Frederick Hawkesworth and John Wayne Scantlebury are extradited to the U.S. and available for trial should be excluded.

2. The Court **FINDS**, pursuant to 18 U.S.C. §3161(h)(8)(A), and 18 U.S.C. §3161(h)(8)(B)(i) and (ii), that the ends of justice served by granting the government's

    motion outweigh the best interest of the public and the defendant in a speedy trial.  The reason for finding that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial is based upon the nature of the case, that is, the case is an intenational drug conspiracy case involving multiple defendants and evidence from several countries.

3.    Pursuant to 18 U.S.C. §3161(h)(9), the Court **FINDS**, by a preponderance of the evidence, that the United States will make an official request, as defined in 18 U.S.C. §3292, for evidence of the offense charged in the indictment from Barbados, Guyana, and Trinidad and that it reasonably appears that such evidence is in those nations.  In computing the time within which the trial must commence, the period of time from the filing of the government's motion to six months therefrom shall be excluded pursuant to 18 U.S.C. §3161(h)(9) with the right of the government to apply for an additional six months if necessary.

DATE: _____

                                            _____
                                            JUDGE
                                            UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES                    *

v.                               *        Criminal No. 07-181 (EGS)

ZHENLI YE GON                    *

## ORDER

    Defendant has moved to revoke or amend the order of United States District Court Magistrate Judge Alan Kay directing the detention of the defendant Zhenli Ye Gon.  The Magistrate Judge found that there was no condition or combination of conditions which would reasonably ensure the presence of the defendant and protect the community if he was released.  The government has responded in objection to defendant's motion and seeks the continued detention of the defendant.   See Title 18, United States Code, Sections 3142 and 3145.

    After reviewing the pleadings and hearing argument from counsel, it is the order of this court that the defendant's motion will be denied and Judge Kay's order directing detention will remain in effect.  The defendant is a flight risk and would pose a danger to the community if released.

    SO ORDERED.

                                                                                             _____
                                                                       Emmet G. Sullivan, Judge
                                                                       United States District Court
                                                                       District of Columbia