**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| The United States of America | ) | |
| | ) | |
| Plaintiff | ) | File: 07-181 |
| | ) | Hon. Emmit G. Sullivan |
| v. | ) | |
| | ) | |
| Zhenli Ye Gon | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR REVOCATION OF
MAGISTRATE KAY'S ORDER FOR DEFENDANT'S DETENTION WITHOUT BAIL**

Mr. Zhenli Ye Gon (hereinafter "Defendant"), by and through his undersigned counsel, replies to the Government's response to his motion for revocation of Magistrate Kay's pretrial detention Order.

By failing to rebut the arguments proffered by the Defendant, the Government has conceded those arguments. Therefore the Defendant respectfully asks this Court to find for the Defendant, in particular, to find that that the Defendant has rebutted the detention presumption. Specifically, the Government's response fails to rebut the Defendant's motion because it is a materially misleading and inherently flawed new proffer. Much like the Government's initial proffer, which it concedes was "limited," (Govt. Opp. at 3) the Government's new proffer fails to present any evidence even remotely linked to the charges levied against the Defendant. The Government's proffer also fails to allege any link between the Defendant and the importation of any drug from China to Mexico and from Mexico to the United States. Because the Government's opposition fails to demonstrate such links, there was no rebuttal of Defendant's arguments and Defendant's underlying motion should be granted.

I. **THE GOVERNMENT'S "RESPONSE" FAILS TO REBUT THE DEFENDANT'S UNDERLYING ARGUMENTS WITH CLEAR AND CONVINCING EVIDENCE.**

In his underlying memorandum, the Defendant argues that at the Government's August 6, 2007 detention hearing, it failed to present "*clear and convincing evidence*" that "no conditions or combination of conditions will reasonably assure …the safety of any other person and the community," if the Defendant was to be released from custody pending trial. Def. Mem. at 8. In response, the Government not only fails to rebut this argument but actually supports the Defendant's contention when it concedes that it "called no witness and submitted only a limited proffer." Govt. Response at 3. Neither its original limited proffer nor its new proffer provide this Court with clear and convincing evidence that the Defendant should remain detained.

In its response the Government also concedes that it made a material misrepresentation to Magistrate Kay, i.e., that the Defendant had $75,000 on his person at the time of his arrest. This misstatement of fact bore directly on Magistrate Kay's decision, to wit, "Defendant's lack of ties to this community, combined with his apparent access to large amounts of cash, make him a substantial risk of flight." J. Kay, Det. Ord. at 4 (Aug. 6, 2007). Defendant submits that without this evidence, the Government cannot produce by "*clear and convincing evidence*" that he should remain detained. As such, his underlying motion can and should be granted.

II. **THE GOVERNMENT'S RESPONSE CONTAINS A PROFFER THAT IS BOTH MATERIALLY MISLEADING AND INHERENTLY FLAWED.**

Instead of responding to any one of the eleven (11) cases Defendant cited in his memorandum in support of his motion, the Government presented this Court with its same "limited proffer" albeit with a few additional, but flawed, factual contentions.

This time, instead of alleging the Defendant had $75,000 on his person at the time he was arrested, thereby raising the inference the Defendant has access to large sums of money and is a

2

flight risk, the Government *now* argues that "nothing but his word" stops the Defendant from fleeing the U.S. or harming society if he were to be released on pretrial bond. This *less than limited* proffer cannot possibly satisfy the "*clear and convincing evidence*" standard required by the Bail Reform Act.

First, the Government's proffer fails to take into consideration 18 U.S.C. § 3143(j) – the presumption of innocence. At all relevant times herein, until a jury finds otherwise, the Defendant has, at a minimum, a presumption of innocence on his side. This significant presumption, coupled with the Defendant's underlying proffer that he:

> (1) is an innocent, law abiding business entrepreneur who has only engaged in legitimate business operations throughout his life;
> (2) has never breached any law or regulation as he is a peaceful man and a loving father of three children who were born in the U.S.;
> (3) poses no danger to any person and the community as he has no criminal record;
> (4) is hardly a flight risk as he is willing to surrender his Chinese and Mexican passports, had every opportunity to flee this country during the five months he roamed freely prior to his arrest, embraces the opportunity to have his case litigated in a U.S. Court having been framed by the Mexican Government and as evidenced by his Asylum petition to the U.S., cannot return to Mexico; and
> (5) firmly believes that only in the American judicial system will he have a shot at obtaining justice;

successfully rebuts the presumption of detention.

Second, by arguing that "nothing but his word" stops the Defendant from fleeing the country or harming society, the Government shows that it cannot seriously rebut the Defendant's above-noted proffer, which it *must* do, notwithstanding § 3142(e)'s rebuttable presumption, because "the Government remains under the burden of persuading the court by clear and convincing evidence that no conditions of release will reasonably assure the safety of any other person and the community" (U.S. v. Miller, 625 F. Supp. 513, 519 (D. Kan. 1985)) and "[t]he burden of persuasion remains with the government once the burden of production is met." See

3

U.S. v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986) (citing U.S. v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985). Nowhere in its opposition does the Government allege that the Defendant failed to overcome the presumption of detention that accompanies the charge levied against him. As such, the Defendant asks this Court to take this omission as a concession that the Defendant did, in fact, successfully rebut the presumption of detention. As noted in his motion, the presumption is not difficult to overcome as "[a]ny evidence favorable to a defendant that comes within a category listed in § 3142(g) can affect the operation of one or both of the presumptions, … including clean criminal record and other types of evidence encompassed in § 3142(g)." See Dominguez, 783 F.2d at 707.

    Third, by arguing that "nothing but his word" stops the Defendant from fleeing the country or harming society, the Government insinuates that either the Defendant's word is not trustworthy and/or that the Government's "word" is. Under either scenario, and as shown infra, having proffered inherently flawed facts to both Magistrate Kay and now this Court, the Government is in hardly in a position to accuse anyone of not being truthful or trustworthy.

    As is now clear, at the Defendant's initial detention hearing, the Government made a material misrepresentation to the Court that directly bore on the Court's decision, i.e., that the Defendant was in possession of approximately $75,000 at the time of his arrest. The fact that the Government could not produce a single piece of evidence linking the Defendant with any illegal controlled substance (which he is presumed without evidence to have brought into the U.S.) may have played a role in its alleged "misstate[ment] to the Court. Govt. Response at 4. After its August 6, 2007 detention hearing, the Government produced Defendant's counsel an "evidence" bag containing the Defendant's personal belongings which were taken from him immediately upon his arrest and booking into federal custody. Nowhere in the "evidence" bag was there a

receipt or other type of documentation showing that any U.S. currency was taken from the Defendant either at the time of his arrest or when he was booked into custody. Thus, the Government proffered a materially significant fact in support of its request for pretrial detention that was not corroborated, was not true, and which it had to know or should have known that this was the case at the time of its proffer to Magistrate Kay.

This is not the only instance in which the Government's "word" was less than credible. On page 4 of its "proffer," the Government states "Defendant's wife was arrested at their home on March 15, 2007, and has since been charged <u>and</u> convicted of criminal offenses involving the defendant." Attached hereto as <u>Exhibit A</u>, however, is a redacted[1] electronic mail from the Defendant's Mexican attorney confirming that the Defendant's wife has *not* been convicted as the Government incorrectly proffers and that proceedings do not even begin in her case until September 18, 20, 25, and 27th. Mexican media sources also confirmed this fact with Defendant's undersigned counsel.

Finally, this Court should know that when seeking the Defendant's arrest warrant and indictment, the Government conveniently failed to mention to both Magistrate Facciola and the Grand Jury that at least one U.S. Drug Enforcement Agent flew from the U.S. to China searching for incriminating evidence against the Defendant. In fact, this agent(s) spent a week with the Defendant's pharmaceutical supplier Chiefeng Arker, based in Inner Mongolia (<u>see</u> Defs.' Exh. B). During this visit, however, the Government came up empty as far as discovering incriminating evidence against the Defendant. As such, the Government went to see the mother of the Defendant's son in Las Vegas. Despite its best efforts to threaten and intimidate this woman, the Government struck out again. Not to be deterred, the Government then decided to go to Mexico and visit the Defendant's pharmaceutical factory. Here, the Government found the

---

[1] Redacted portions are due to attorney client and/or work product privileges.

only evidence it can actually cite to, "residue." As the Defendant's experts will eventually explain, this "residue" is not the smoking gun the Government sought to find.[2]

In short, given the Government's conduct in this case thus far, it is in no place to suggest or imply that the Defendant's "word" cannot be trusted.

### III. CONCLUSION

When a "limited proffer" can satisfy the "clear and convincing evidence" standard under the Bail Reform Act, a miscarriage of justice occurs. The Defendant respectfully requests this Court revoke Magistrate Kay's detention Order as it incorrectly found, by *clear and convincing evidence*, that there were no condition or combination of conditions of release which would assure 1) his appearance at trial, and/or 2) the safety of any person or the community. J. Kay, Det. Mem. (Aug. 6, 2007) (emphasis added). There *are* conditions of release that would ensure the Defendant's appearance and continued safety of the community. To keep the Defendant detained would be to offend the purpose and underlying rationale of the Bail Reform Act.[3]

---

[2] What is more, any pseudoephedrine Unimed ever imported or sold was logged in the Unimed factory "log book" which should have been seized by the Mexican Government in its March 2007 raid and therefore accessible to the U.S. Government since that time.

[3] See U.S. v. Solarno, 481 U.S. 739 (1987) (J.J. Marshall and Brennen dissenting).

Respectfully Submitted,

/s/ Ning Ye, Esq.
Ning Ye, Esq., MD BAR Number: 26804
Rockville, MD
(301) 217-0600
ynyale@aol.com
*Counsel for Defendant Ye Gon*

/s/_Martin F. McMahon, Esq.
Martin McMahon, Esq., D.C. Bar Number: 196642
Martin McMahon & Associates
1150 Connecticut Ave., N.W.
Suite 900
Washington, D.C. 20036
(202) 862-4343
mfm@martinmcmahonlaw.com
*Counsel for Defendant Ye Gon*

/s/_Lisa D. Angelo, Esq.
Lisa D. Angelo, Esq., D.C. Bar Number: 491206
Martin McMahon & Associates
1150 Connecticut Ave., N.W.
Suite 900
Washington, D.C. 20036
(202) 862-4343
langelo@martinmcmahonlaw.com
*Counsel for Defendant Ye Gon*

**CERTIFICATE OF SERVICE**

On this 4TH day of September, I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Paul Laymon, Esq.
U.S. Dept. of Justice
1400 New York Avenue, NW
Bond Bldg. 8th Fl
Washington, DC 20530

/s/_Lisa D. Angelo, Esq.
Lisa D. Angelo, Esq., D.C. Bar Number: 491206
Martin McMahon & Associates
1150 Connecticut Ave., N.W.
Suite 900
Washington, D.C. 20036
(202) 862-4343
langelo@martinmcmahonlaw.com
*Counsel for Defendant Ye Gon*

**Lisa Angelo**

**From:** ynyale@aol.com
**Sent:** Wednesday, August 29, 2007 1:15 PM
**To:** mfm@martinmcmahonlaw.com; langelo@martinmcmahonlaw.com; [redacted]; [redacted]; Ynyale@aol.com
**Subject:** Fwd: TOMOIYI MARX YU, INFORMATION IN MEXICO



-----Original Message-----
From: rdgarza <rdgarza@prodigy.net.mx>
To: Ynyale <Ynyale@aol.com>
Sent: Wed, 29 Aug 2007 12:42 pm
Subject: TOMOIYI MARX YU, INFORMATION IN MEXICO

DEAR MR. NING YE:
MRS MARX YU HAS NOT BEEN CONVICTED, THE CASE IS IN PROCESS TO PROVE HER INNOCENCE. THE HEARINGS WILL BEGIN SEPTEMBER 18,20,25,27 AND WILL CONTINUE IN OCTOBER, NOVEMBER AND DECEMBER AND WILL PROVABLY
CONTINUE THROUGHOUT NEXT YEAR. I AM ROGELIO DE LA GARZA THE DEFENSE ATTORNEY OF MRS. TOMOIYI MARX YU WHO IS THE WIFE OF MR. ZHENLI YE GON. I REPEAT MRS. TOMOIYI MARX YU HAS NOT BEEN CONVICTED. IF YOU NEED ANY MORE INFORMATION PLEASE DO NOT HESITATE TO CALL ME.
VERY TRULY YOUR,
ROGELIO DE LA GARZA GONZÁLEZ

Email and AIM finally together. You've gotta check out free AOL Mail!



DEFENDANT'S EXHIBIT A

8/31/2007