UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | Crim. No. 07-181 (EGS) |
| | ) | |
| ZHENLI YE GON | ) | |
| | ) | |

**GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION
TO MOTION UNDER THE SPEEDY TRIAL ACT
TO EXCLUDE TIME GIVEN THE COMPLEX NATURE OF THE CASE AND
TO EXCLUDE TIME TO OBTAIN EVIDENCE FROM FOREIGN COUNTRY**

**COMES NOW** the United States of America, by and through the undersigned attorneys, and hereby replies to the defendant's motion in opposition to the government's request made under 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(i) and (ii), and 3161(h)(9) of the Speedy Trial Act to exclude time based on the complex nature of the case and to exclude time to permit the United States to obtain evidence from foreign nations.

Under the Speedy Trial Act, 18 U.S.C. §3161 et seq., Ye Gon's trial must commence relatively quickly, usually within seventy days. 18 U.S.C. §3161(c)(1). The Speedy Trial Act, however, excludes certain periods of time from this computation. First, the Court may toll the seventy day period by granting a "continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." §3161(h)(8)(A). In determining whether to grant a continuance, a factor the Court must consider is "whether the case is so unusual or complex, due to the number of

1

defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself" within the prescribed time limit. §3161(h)(8)(B)(ii). Second, the Court may order "[a]ny period of delay, not to exceed one year," upon application of a party and a "finding by a preponderance of the evidence that an official request [to a foreign country] has been made for evidence of any such offense and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country." §3161(h)(9).

<u>Time Should Be Excluded Under §3161(h)(8)(A) and (h)(8)(B)(i) and (ii) of the Speedy Trial Act Because Of The Complex Nature Of The Case</u>

The government respectfully moves the Court to grant a continuance because of the complex nature of the case. During the week of August 27, 2007, government trial attorneys went to Mexico City. The government reviewed 11 full boxes of evidence, mostly consisting of documents seized from the defendant's mansion, office, and factory. Each box and its contents was quite heavy, and each box and its contents appeared to weigh approximately 25 pounds. The documents were mostly in Spanish, and some were in Chinese, presumably Mandarin. The government will have to hire a contractor to scan all the documents on to a CD or DVD, and then will have to review the documents to determine which are pertinent to the case. This will require translators fluent in Spanish and Chinese to review the documents with the agents. In addition, the government made a formal request to senior officials in the Mexican Attorney General's office for additional evidence seized from the defendant. The government has not even received that information yet, and when it does, that information will have to be scanned, reviewed and translated.

Further, the government interviewed potential witnesses presently in custody in Mexico. In all likelihood, according to Mexican prosecutors and the witnesses themselves, the witnesses will remain in custody for an indefinite period of time as their cases move to trial. These witnesses will not be available to come to the United States to testify, so an alternative arrangement, such as depositions, will have to be made to get their testimony before a court in the United States. Depositions will require the parties to travel to Mexico and must be coordinated between the governments of Mexico and the United States.

Further, the defendant purchased very large quantities of ephedrine and pseudoephedrine (methamphetamine precursors) from at least one company in Inner Mongolia, in China. He later purchased, from this same company, quantities of a chemical from which he could make ephedrine and pseudoephedrine. Usually these shipments went through ports in South Korea before the shipments arrived in Mexico. Evidence received from China will have to be scanned and translated, and the parties will in all likelihood have to travel to China to depose witnesses there.

Thus, the case is complex. Substantial evidence of the suspected offenses is located in foreign countries, including remote countries such as Inner Mongolia, the parties will need to travel outside of the United States to interview and/or depose witnesses who are located outside of the United States, and much of the documentary evidence in the case, including banking, financial, and shipping documents, are in Chinese, Korean, or Spanish.

<u>Time Should Be Excluded Under §3161(h)(9) of the Speedy Trial Act</u>
<u>To Obtain Evidence From Foreign Countries</u>

The government respectfully moves the Court to delay the setting of any trial date

under 18 U.S.C. §3161(h)(9) based on the government's request for evidence located in foreign countries, including China, Germany, Mexico, and elsewhere. In meetings with senior Mexican officials of the Attorney General's office, held during the week of August 27, 2007, the United States made an official request, pursuant to Sections 3161(h)(9) and 3292(d), for additional evidence related to the defendant. The United States will make similar requests of authorities in China and Germany.

**WHEREFORE**, for the foregoing reasons, the United States respectfully asks the Court to grant this motion.

Respectfully submitted,

_____
Paul W. Laymon
Wanda Dixon
Robert Stapleton
Trial Attorneys
Criminal Division, Department of Justice
1400 New York Ave NW, Suite 8410
Washington, DC 20005
(202) 514-1286

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion was emailed to Mr. Martin McMahan, counsel for defendant, on September 5, 2007.

_____
Paul W. Laymon
Trial Attorney, DOJ