IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| The United States of America | ) | |
| | ) | |
| Plaintiff | ) | File: 07-181 |
| | ) | Hon. Emmit G. Sullivan |
| v. | ) | |
| | ) | |
| Zhenli Ye Gon | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S REQUEST FOR ENLARGEMENT OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW, Defendant Zhenli Ye Gon, by and through undersigned counsels, and opposes the government's request for enlargement of time to reply to the Defendant's Motion to dismiss with prejudice.

The Defendant respectfully reminds the Court that the Government has been investigating him for 18-months and to date, has produced nothing more than documents relating to the Defendant's gambling and lavish lifestyle in Las Vegas, NV.[1]  With no money laundering charge pending against him, it would appear that the Defendant is being held, without bond, for no other reason other than the fact that he *was* rich.  The Defendant's Motion to Dismiss should thus be adjudicated promptly and it should not be permitted to avoid the time constrains imposed by the Federal Rules.

Stated simply, there is no good reason for the government to postpone their response until October 26, 2007.  Mr. Layman's complicated trial schedule cannot possibly justify an "ends of

---

[1] On or about October 2, 2007, the Government produced to the Defendant a CD Rom containing hundreds of documents unrelated to the charges levied against him.

justice" analysis under the Speedy Trial Act or be considered a valid reason for prolonged pretrial detention under the Bail Reform Act. Any extension of time, even for a single day, is unjustifiably prejudicial to Defendant's liberty. What is more, the Government's careless disregard for the presumption of innocence in this case should not be positively reinforced by this Court's grant of its second motion for a continuance herein. As noted in the Defendant's underlying motion to dismiss, "delay of justice is denial of justice." The Defendant is entitled to prompt adjudication of his Motion to Dismiss without further delay. Should the Government not oppose the Defendant's motion in a timely fashion, this Court should deem the motion unopposed and grant it accordingly.

As set forth in detail *infra*, the Defendant respectfully requests this Court deny the Government's Motion for Enlargement of Time. In addition, the Defendant takes this opportunity to renew his motion for bond and/or reopen his detention hearing at the upcoming hearing date set for this Friday, October 12, 2007, as the weight of the Government's case against him is continuously lacking and because he is neither a flight risk nor threat to society.

I. **THE GOVERNMENT'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED.**

The Defendant has unequivocally invoked his rights under the Speedy Trial Act and through this opposition, he does so again today.[2] Without citing any authority, the Government has moved this Court for an enlargement of time to respond to the Defendant's motion to dismiss. The Government's motion should not be granted if for no other reason than because the Defendant is currently being held without bond while the Government's lead trial attorney is

---

[2] Defendant incorporates by reference all arguments and cited authority noted in his first opposition to the Government's motion for an extension of time. The Defendant further submits that because the Government has produced no evidence (by a preponderance) as the statute requires, no continuance (of any kind) under § 3161(h)(9) should be granted.

2

working on another case and while the rest of his team searches for evidence that will link the Defendant to the charge brought against him.

Notwithstanding the fact that this Court has given the Government ninety days to gather evidence, because the Defendant is being held without bond, his motion for dismissal should be adjudicated promptly and without unjust or unfair delay. See Doggett v. U.S., 505 U.S. 647, 654 (1991) (ruling that the Speedy Trial Clause protects a criminal defendant's interest in fair adjudication). The fact that *one* of the Government's attorneys was "presently in trial" in September 2007 and will be in "another trial" this month, cannot be a just or fair basis for seeking a second continuance herein. *The Government has several attorneys assigned to this case*. "Condoning prolonged and unjustifiable delays in prosecution [will] both penalize [ ] defendants for the state's fault and [ ] encourage the government to gamble with the interests of criminal suspects assigned a low prosecutorial priority." Id. at 657.

As long as the Defendant remains incarcerated, any motion by the Government for a continuance in this case is prejudicial to the Defendant's right to liberty and due process. See id. at 655 n. 2 (noting that a defendant may invoke due process to challenge delay both before and after official accusation).[3]

When determining whether to grant the Government's motion for a continuance, the Defendant asks this Court to take into consideration the fact that (1) the Government has cited no legal authority in support of its request; (2) the Government's motion is at best, a delay tactic[4]; (3) the Defendant remains incarcerated without bond for a crime he emphatically denies

---

[3] Prejudice should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect – (1) preventing oppressive pretrial incarceration; (2) minimizing the defendant's anxiety and concern with the outcome of the case, and (3) limiting the possibility that the defense will be impaired. See Barker v. Wingo, 407 U.S. 514, 532 (1972).

[4] Intentional delay on the part of the government to (1) hamper the defense, (2) gain some tactical advantage, or (3) harass the defendant cannot be justified. Barker, 407 U.S at 531 n. 32. What is more, delays caused by crowded court dockets and other institutional delays are assessed against the government. Id. at 531.

3

committing and to which the Government is unable to link him; and (4) the Defendant's incarceration has caused him tremendous suffering and anxiety.

## **CONCLUSION**

Based upon the foregoing, respectfully prays that this Honorable Court deny Government's Motion for Enlargement of Time and not permit the Government to avoid the time constrains imposed by the Federal Rules of Criminal Procedure.  Should the Government not oppose the Defendant's motion in a timely fashion, this Court should deem the motion unopposed.

Respectfully Submitted,

/s/ Ning Ye, Esq._____
Ning Ye, Esq., MD BAR Number: 26804
1150 Connecticut Ave., Suite 900
Washington, DC 20036
(301) 217-0600
ynyale@aol.com
*Counsel for Defendant Ye Gon*

/s/_ Martin F. McMahon, Esq.
Martin McMahon, Esq., D.C. Bar Number: 196642
Martin McMahon & Associates
1150 Connecticut Ave., N.W.
Suite 900
Washington, D.C. 20036
(202) 862-4343
mfm@martinmcmahonlaw.com
*Counsel for Defendant Ye Gon*

/s/_ Lisa D. Angelo, Esq.
Lisa D. Angelo, Esq., D.C. Bar Number: 491206
Martin McMahon & Associates
1150 Connecticut Ave., N.W.
Suite 900
Washington, D.C. 20036
(202) 862-4343
langelo@martinmcmahonlaw.com
*Counsel for Defendant Ye Gon*

**CERTIFICATE OF SERVICE**

On this 10th day of October 2007, I electronically filed the foregoing Opposition with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Paul Laymon, Esq.
U.S. Dept. of Justice
1400 New York Avenue, NW
Bond Bldg. 8th Fl
Washington, DC 20530

        /s/_Lisa D. Angelo, Esq.
        Lisa D. Angelo, Esq., D.C. Bar Number: 491206
        Martin McMahon & Associates
        1150 Connecticut Ave., N.W.
        Suite 900
        Washington, D.C. 20036
        (202) 862-4343
        langelo@martinmcmahonlaw.com
        *Counsel for Defendant Ye Gon*