UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA


UNITED STATES                                      *


v.                                                 *              Criminal No. 07-181 (EGS)


ZHENLI YE GON                                      *


**RESPONSE TO MOTION TO DISMISS**


Comes the United States through Kenneth A. Blanco, Chief, Narcotic and Dangerous

Drug Section, Department of Justice, and Paul W. Laymon, Trial Attorney, Narcotic and

Dangerous Drug Section, and moves the court to deny the motion to dismiss.

Defendant has moved to dismiss the indictment.  Defendant appears to raise six issues.

Defendant claims that the Grand Jury foreperson did not sign the indictment, that the government

did not present evidence sufficient to return an indictment, that the government withheld

exculpatory evidence from the Grand Jury, that the indictment is defective, that evidence was

destroyed, and that the prosecution is vindictive.

**Indictment was signed by foreperson**

As to the first issue, the foreperson did in fact sign the indictment.  The original

indictment presented to the Grand Jury, which is on file with the court, was in fact signed by the

foreperson.  The copy of the indictment,  which appears in the court's electronic filing system,

apparently did not pick up the signature, although a close examination of the electronically filed

copy shows the bottom of the signature. Rule 6(c), Federal Rules of Criminal Procedure, requires

that the foreperson sign the indictment, and the foreperson did.  This issue is without merit.

**Defendant cannot challenge sufficiency of the evidence presented to the grand jury**

Defendant claims the government did not present sufficient evidence to the Grand Jury

to warrant the return of an indictment.  An indictment valid on its face is not subject to

challenge on the ground that the Grand Jury acted on the basis of inadequate or incompetent

evidence.  *United States v. Calandra,* 414 U.S. 338, 345 (1974), citing *United States v. Costello,*

350 U.S. 359, 361-362 (1956); *United States v. Blue,* 384 U.S. 251 (1966).  In *Costello,* the

defendant was charged with evading income taxes and at trial the government called 144

witnesses.  *Costello,* 350 U.S. at 360.  However, it appeared that the government had called to

the Grand Jury only three investigating officers, none of whom had "first hand knowledge" about

the charges.  *Id.* at 361.  At trial and on appeal, defendant challenged the indictment, arguing that

(1) the Fifth Amendment prohibited an indictment based solely on hearsay and (2) that the

district court had supervisory authority to establish a rule permitting such a challenge.  *Id.*

Writing for the court, Justice Black rejected both claims:

> If indictments were to be held open to challenge on the ground
> that there was inadequate or incompetent evidence before the
> grand jury, the resulting delay would be great indeed.  The result
> of such a rule would be that before trial on the merits a defendant
> could always insist on a kind of preliminary trial to determine the
> competency and adequacy of the evidence before the grand jury.
> This is not required by the Fifth Amendment.... Petitioner urges
> that this court should exercise its power of to supervise the
> administration of justice...No persuasive reasons are advanced for
> establishing such a rule...which would ...add nothing to the
> assurance of a fair trial.

And in *Laughlin v. United States,* 385 F.2d 287, 290-292 (D.C.Cir. 1967), the court upheld an

indictment based on evidence (telephone recordings) which, at an earlier trial, had been ruled

inadmissible.  The court rejected the defendant's attempt to challenge an indictment which had

been based partly on evidence obtained in violation of law.  *Laughlin,* 385 F.2d at 291.

The holding of *Costello* and its progeny is codified in Rule 6(b)(2),  Federal Rules of

Criminal Procedure, which limit motions to dismiss an indictment to objections to the grand

jury's legal qualifications or the legal qualifications of an individual grand juror.  Such motions

to dismiss are governed by Title 28, United States Code, Section 1867(e).

Thus, defendant may not move to dismiss a facially valid grand jury indictment

because he thinks the grand jury did not have sufficient evidence to indict.  Here the indictment

is facially valid, as it sets out a violation of federal law, is signed by a government  lawyer,

as well as by the foreperson of the grand jury, cites to the federal statute which the defendant

is alleged to have violated, and was filed with the clerk .  Rule 7,  Federal Rules of Criminal

Procedure, requires that an indictment:

> must be a  plain, concise, and definite written statement of the
> essential facts constituting the offense charged and must be
> signed by an attorney for the government... For each count the,
> indictment... must give the official or customary citation of the
> statute...that the defendant is alleged to have violated.

See Federal Rules of Criminal Procedure, Rule 7(c)(1).  Rule 6(c) requires that the foreperson

"will sign all indictments" and will file the record with the clerk.  The instant indictment, which

alleges a violation of Title 21, United States Code, Sections 959 and 963, and of Title 18, United

States Code, Section 2, complies with the dictates of Rules 6 and 7 of the Federal Rules of

Criminal Procedure, is facially valid, and cannot be challenged in the manner raised by

defendant.

It is worth noting here that the defendant has not been advised by the government as to

what evidence the government presented to the grand jury, and presumably the defendant has not

violated the secrecy of grand jury proceedings in an attempt to discover what evidence the grand jury heard.  Typically the government would only disclose evidence presented at the grand jury where a grand jury witness testifies at trial and the witness' grand jury testimony is disclosed pursuant to the Jencks Act, Title 18, United States Code, Section 3500.  Such Jencks Act disclosure, required at trial after the witness testifies but typically provided within a few weeks of trial, has not yet occurred.

Accordingly, the issue has no merit and should be denied.

**The government has no obligation to present exculpatory evidence to the grand jury**

Defendant claims that the government failed to present exculpatory evidence to the Grand Jury.   This exculpatory evidence apparently includes "Purchasing Contracts, Bills of Lading, Cargo Packing lists" (page 7, Motion to Dismiss), "the Forensic Laboratory Testing Report conducted by the National Forensic Laboratory under the Attorney General's Office of the Republic of Mexico" (page 7, Motion to Dismiss), and that defendant could lawfully import ephedrine and pseudoephedrine into Mexico from 2002 through 2004 "so long as all regulations are strictly observed, while no bad faith or mans (sic) rea is involved" (page 13, Motion to Dismiss).  Because the Grand Jury determines only probable cause, the prosecutor may be selective in deciding what evidence to present to the Grand Jury.  There is no obligation to present evidence that might be exculpatory.  *United States v. Williams,* 504 U.S. 36, 46-47 (1992).   In *Williams,* the Supreme Court held that a district court may not dismiss an otherwise valid indictment because the government failed to disclose to the grand jury even "substantial" exculpatory evidence.  *Id.* at 45.  The court concluded that a defendant does not have the right to have exculpatory evidence presented to the grand jury.  *Id.* at 51-52.  And in *Gray v. Bell,*

542 F. Supp 927, 931(D.D.C. 1982), a case decided 10 years before *Williams*, Judge John Lewis

Smith. Jr.  wrote "nor do prosecutors have a duty to present to the grand jury exculpatory

evidence that they have obtained"
.

Accordingly, this issue has no merit and should be denied.

**The indictment is not defective**

Defendant claims the indictment is defective for failure to allege an offense.  An

indictment is sufficient if it alleges the essential elements of the offense so that the defendant

may adequately prepare his defense and so that he is enabled to protect against future jeopardy

for the same offense. *United States v. Haldeman,* 559 F.2d 31 (D.C.Cir. 1976).  The

indictment is not required to name or identify a coconspirator, and a defendant may be charged

with conspiracy even where the other coconspirators may be unknown. *Rogers v. United*

*States,* 340 U.S. 367, 375 (1951).  Drug conspiracies may be charged using only the statutory

language and do not require an overt act to be pleaded or proved. *United States v. Shabani*, 513

U.S. 10, 15 (1994) (in order to establish a violation of Title 21, United States Code, Section 846,

the government need not plead or prove the commission of any overt acts in furtherance of the

conspiracy). As noted above, the requirements for a sufficient indictment are codified at

Fed.R.Crim.P. 7(c)(1) (plain, concise, definite written statement of the essential facts constituting

the offense charged).

Here the instant indictment alleges conspiracy to aid and abet the manufacture of

methamphetamine, knowing or intending that the methamphetamine would be imported into

into the United States, in violation of Title 21, United States Code, Sections 959 and 963,

and in violation of Title 18, United States Code, Section 2 (aiding and abetting). The

indictment alleges that the defendant conspired with others known and unknown, from in or about 1999 up to the date of the indictment, in Mexico, the United States, and elsewhere, to aid and abet in the manufacture of five kilograms or more of cocaine, knowing or intending that it would be imported into the United States. The indictment tracks the language of the relevant statutes, is not required to name or otherwise identify any coconspirator, and is not required to allege an overt act. Similar indictments alleging violations of Title 21, United States Code, Sections 841 and 848, the companion statutes to Sections 959 and 963, have been found to be sufficient. *United States v. Peterson,* 867 F.2d 1110 (8th Cir. 1989); *United States v. Olderbak,* 961 F.2d 756, 759-760 (8th Cir. 1992). The instant indictment lists both a limiting time frame and specifies the type of controlled substance involved, and therefore meets the requirements of Fed.R.Crim.P. 7(c)(1). *Olderbak,* 961 F.2d st 750-760.

### Allegation of destruction of evidence is without merit

Defendant claims police in Mexico destroyed certain evidence and that therefore the indictment should be dismissed. In *California v. Trombetta,* 467 U.S. 479, 488-489 (1984), the Supreme Court determined that so long as government officers act in good faith and in accord with their normal practice, and without any animus towards the defendants or conscious effort to suppress exculpatory evidence, the duty to preserve evidence is limited to evidence that might be expected to play a significant role in the defendant's defense. The suppressed or destroyed evidence must either (1) possess an exculpatory value that was apparent before it was destroyed or (2) be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means. *Id.* at 489. In *United States v. Chandler,* 894 F.2d 463 (Table), 1990 WL 6895, *2 (D.C.Cir. 1990) (unpub), the court concluded that the government

had not violated *Trombetta* when it destroyed all but a representative sample of approximately

1000 grams of PCP seized from Chandler and his codefendant Osborne.

In the instant case defendant ordered a chemical from a company in Inner Mongolia

People's Republic of China, which could be rather easily converted by the defendant into

ephedrine and pseudoephedrine, which are precursor chemicals used in the manufacture of

methamphetamine.  This shipment (believed to be approximately 19 tons) was seized by

Mexican authorities, and according to the defendant, the shipment was destroyed by Mexican

authorities after it was tested by forensic chemists in Mexico.  The government believes that law

enforcement authorities in Mexico preserved many samples of this shipment.

Had United States authorities destroyed this evidence, there would be no violation of

*Trombetta* and *Chandler* because the government would have been acting in good faith and in

accord with normal practice to destroy such large shipments but to save representative samples,

and because the chemical would not have played a significant role in the defendant's defense as

"significant role" is defined in *Trombetta.*  However, the United States did not destroy this

shipment, assuming that it was destroyed, and did not play a role in its alleged destruction.  It is

not clear how the defendant can gain relief in this court, on this issue, for the unilateral acts of

a foreign country, and the defendant offers no authority for such relief.

### Allegation of vindictive prosecution is without merit

Lastly, defendant claims the government was vindictive by indicting him for speaking

out publicly when authorities in the Mexican government allegedly labeled him a "drug kingpin".

(Motion to Dismiss, page 36).

The prosecutorial vindictiveness doctrine precludes a prosecutor from penalizing a

defendant for invoking a legally protected right available to a defendant during a criminal

prosecution. *Maddox v. Elzie,* 238 F.3d 437, 446 (D.C.Cir. 2001) To prove actual

vindictiveness requires objective evidence that the prosecutor's actions were designed to punish a

defendant for asserting his legal rights. Such a showing is exceedingly difficult to make. *Id.* at

437. In other cases, a presumption of vindictiveness may be warranted in cases in which a

reasonable likelihood of vindictiveness exists, and the government may overcome the

presumption with objective information in the record justifying the increased sentence or

charges. *Id.* The case of *United States v. Joya-Martinez,* 947 F.2d 1141 (4th Cir. 1991) is

illuminating. Joya was an illegal immigrant from El Salvadore who was prosecuted in the

United States for immigration offenses. He claimed he was prosecuted for criticizing the

United States government for supporting death squads in El Salvador. The court rejected his

claim on the basis that he had not shown selective prosecution. *Id.* at 1145.

   It is not clear here that the defendant can even raise a claim of vindictiveness, since he

was not charged in the United States at the time of his alleged statements. Even if the doctrine of

vindictiveness applies in his situation, he has not shown actual vindictiveness nor has he shown

a reasonable likelihood of vindictiveness exists. He simply presents no evidence at all of any

vindictiveness by any authority in the United States. It seems very clear that he was charged in

the United States because he imported into Mexico very large quantities of the substances which

could be used as precursors to manufacture methamphetamine, he had huge unexplained wealth

(more than $300 million dollars), and other evidence ties him to manufacturing activity.

   This issue is without merit and should be dismissed.

**Conclusion**

Accordingly, for the reasons noted above, the government moves the court to deny the motion to dismiss.

Respectfully submitted,

_____/S/_____

Paul W. Laymon
Trial Attorney
Narcotic and Dangerous Drug
Department of Justice
1400 New York Avenue NW
Washington, DC 20005
Phone     202-514-1286
Facsimile  202-514-1483

CERTIFICATE OF SERVICE

I certify that a copy of this response was sent via e-mail to defense counsel 26 October 2007.

_____/s/_____
Paul W. Laymon