IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| The United States of America ) | |
| ) | |
| Plaintiff ) | File: 07-181 |
| ) | Hon. Emmit G. Sullivan |
| v. ) | |
| ) | |
| Zhenli Ye Gon ) | |
| Defendant ) | |

**SUPPLEMENTARY MOTION TO DISMISS THE INDICTMENT WITH PREJUDICE**

Defendant feels absolutely necessary to supplement his Motion for dismissal of the indictment with prejudice based upon two additional grounds:

1. Newly discovered, sweeping and solid evidence in exculpatory nature;
2. Government's spoliation of evidence.

The above-referenced matters will be further deliberated in upcoming oral argument if Defendant's pray for such most critical oral argument is granted by this Honorable Court or this Honorable Court finds it still necessary to hold such a session given to clear-cut factual truth evidence wise already presented and articulated. In support of this instant motion, a Memorandum on Points and Authorities is hereby respectfully submitted.

Wherefore, Defendant respectfully prays the Indictment, hence, the entire case, be dismissed with prejudice.

Respectfully submitted.

/s/ Ning Ye, Esq.
Ning Ye, Esq., DC BAR Number: MD 26804
1150 Connecticut Ave., N.W.
Suite 900
Washington, D.C. 20036
(202) 862-4334
ynyale@aol.com
*Counsel for Defendant Ye Gon*

1

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S SUPPLEMENTARY MOTION TO DISMISS THE INDICTMENT WITH PREJUDICE

Comes now, the Defendant, by and through the undersigned counsel, respectfully moves, as his supplementary petition, to this Honorable Court, that the Indictment, hence the pending case in frivolous nature as being shown by evidence, be dismissed for its entirety, for the following supplementary grounds, in addition to, and in incorporation into, the grounds and reasons, enumerated in Defendant's existing Motion, and such other Defendant's pleading papers as Reply to Government's Response to Motion to dismiss.

The step in filing of this Supplementary Motion is found absolutely necessary and imminent because the most recent novel discovery of exculpatory evidence is decisive and has rendered the totality of the pending criminal prosecution groundless.

1. **The Fact that Government's Allegation of "Illicit Drug Trafficking" was Negated by the Government's Own Admission of Fact-finding has been Fully Corroborated by Newly Discovered Exculpatory Evidence**

On page 7, paragraph 2, the Government states the following:

"In the instant case defendant ordered _a chemical_ from a company in Inner Mongolia, People's Republic of China, which *could be* rather easily *converted* by the Defendant into ephedrine and pseudoephedrine, **which** are precursor chemicals used in manufacture of methanphetamine." (Emphasis added)

An "a chemical" is by itself for its own chemical organism, is apparently not found in comprehensive controlled substance list in U.S. Code Collection, Title 21, Chapter 13, Subchapter I, Part A, Section 802.

The fact that Government's total and complete absence in proving Defendant's involvement in illegal drug activities in anywhere of the world, much less in the United States, has been further re-enforced by the fact finding after examining the 11-boxful of government's turned-in evidence, it is high time to have the instant Indictment dismissed:

1. There has been absolutely not a single piece of inculpatory evidence implicating Defendant's involvement in such alleged illegal drug activities:
2. Methanephetamine;
3. Ephedrine and Pseudoephedrine;
4. Safrole/MDMA.

In criminal proceedings, Defendant is not under the obligation to prove his innocence, he is presumed to be innocent before trial. It appears that his presumption of innocence has now been proven by overwhelming exculpatory evidence. Every substantial step forward in unfolding of voluminous documentary evidence, has loudly uttered one voice under little clouds of doubt:

This Defendant is an innocent business entrepreneur, with absolutely no involvement in illicit drug trafficking, and having been severely wronged in this highly politicized case.

To further illustrate this defense, the following exculpatory evidence, though not in exhaustive nature due to government's reluctance to turn all such evidence in, may be selected to present as an eye-openers:

A. Comprehensive Records of Defendant's legitimate business activities;
B. Numerous Copies of Mexican Government issued Permits of Importation (Permiso De Importacion) of legitimizing his Importation of Ephedrine and Pseudoephedrine;
C. February 2005 Mexican COFEPRIS Examination and Evaluation Report Affirming Defendant's Law-Abiding Operations in relation to his transaction of such controlled substances as ephedrine/pseudoephedrine, whose well documented disposition "reflects the same balance which was reported to the United Nations".
D. The Cover Page of Log Book recording business transactions in relation to licensed controlled substance under the Government's (COFEPRIS) supervision, etc, etc..

According to government's own finding, the *"a chemical"* " *will be* precursor chemicals" only **after** it is **converted** by Defendant into "Ephedrine" and "Pseudoephedrine". Examining the Government's other related allegations concerning

3

"illicit drug trafficking", the same prosecutor, Paul Laymon, Esq., has also used such term as "chemical cousin" which could be *__transformed__* into "pseudoephedrine".  At this point, all controversies have been clarified in the following fact patterns:

    A.    There is neither allegation, nor proof, that a **conversion** process from "a chemical" into pseudoephedrine or ephedrine has been undertaken;

    B.    Defendant's proven involvement in such conversion process, if any, is completely missing.

    C.    The only remaining question is whether Defendant's importation of what government alleged "a chemical", in its pre-conversion status has violated the U.S. Federal Law on controlled substance.

While examining the government's own admission that the chemical, **outside the regime of controlled substance license,** that had prompted this criminal proceedings, is not itself ephedrine/pseudoephedrine, much less methamphetamine, the corroborating evidence has well established that this Defendant's business activity in Mexico, within the regime of Federal Licensing is found completely legitimate.  Putting these two sets of undisputed factual truths together, Government's factual and evidentiary grounds in support of its on-going criminal allegation has **completely** collapsed, rendering all such derivative issues as property forfeitures, two-prong pretrial detention issues, *moot, period Under the circumstances, the instant Indictment should be dismissed* .

    **2.IN ADDITION TO EXITING GROUNDS FOR DISMISSAL, THIS INSTANT CASE SHOULD BE DISMISSED FOR GOVERNMENT'S SPOLIATION OF EVIDENCE, AN ADDITIONAL GROUNDS FOR DISMISSAL**

While all it has shown is that Government has no evidence, no case, no basis in support of its allegation no matter how scary such an allegation appears at first place.

The critical issue in this instant case is not whether the evidence presented by the Government in support of its allegation of illegal drug activities is sufficient or deficient. The decisive issue here is Government's apparent spoliation of evidence to cover up the known and embarrassing fact of "no evidence", being demonstrated in the following occurrences.

 A. It appears that the U.S. Law enforcement has confederated with the Mexican Authorities in ordering destruction of 19.797 metric tons of alleged "psuedoephedrine", the alleged chemical "contraband" triggering the instant criminal proceedings, on May 19, 2007; The circumstantial evidence for the U.S. Government's involvement is that the U.S. government was at least fully aware with the existence of such bulk inventory chemicals under the Mexican Authorities' custody as of April 26, 2007, nevertheless, it determined not to touch such inventory which was highly likely in exculpatory expression, instead went to a once-licensed dealer's warehouse to collect "residues".   It is highly unlikely that the U.S. Government did not know the existence of such 19 tons of sample-based inventory in intact status three weeks before its extinction, while it had started joint anti-drug criminal investigation with Mexican government as early as March 2006, according to DEA Officer K. Hooton's Affidavit.  Destruction of 19.797 metric tons of "s chemical" may be an extremely aggravated spoliation of evidence, having irreparable damaging consequence prejudicial to Defendant.

 B. U.S. Government did not reveal the exculpatory evidence for its visitation and interrogation of at least three witnesses, including Ms. Tomoiyi Marx Yu, in Mexican Detention Facilities on October 29, 2007;

C. Despite Defendant's repeated request for the Government's turn over of the Log Book, the Government has apparently abused the discovery process, by turning in what appears to be the log book, namely, "Libro De Control", with only a cover, whose complete contents was either deleted or made unreadable from the CD. While Government admitted that the CD was made by the Government itself through scanning the actual paperwork. Government's only explainable motive to intentionally withholding the entire contents of that log book is not to allow the log book's exculpatory contents to be disclosed for preparation of defense. All these action seems to have established a case of spoliation of evidence.

A federal district court may impose civil sanctions under Fed. R. Civ. P. 37(b) when a party spoliates evidence in violation of a court order. See Fed. R. Civ. P. 37(b)(2); John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988). Even without a discovery order, a district court may impose sanctions for spoliation, exercising its inherent power to control litigation. See Chambers v. NASCO, Inc., 501 U.S. 32, 43-45 (1991); Sassower v. Field, 973 F.2d 75, 80-81 (2d Cir. 1992); see also P.L. McGlynn, Note, Spoliation in the Product Liability Context, 27 U. Mem. L. Rev. 663 (1997).

U.S. District Court does have broad discretion to sanction spoliation of evidence. Although a district court has broad discretion in crafting a proper sanction for spoliation, courts have explained that the applicable sanction should be molded to serve the prophylactic, punitive, and remedial rationales underlying the spoliation doctrine. See Kronisch, 150 F.3d at 126. The sanction should be designed to: (1) deter parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who

6

wrongfully created the risk; and (3) restore "the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party." Id. ; see Update Art, Inc. v. Modin Pub., Ltd. , 843 F.2d 67, 71 (2d Cir. 1988); 7 James Wm. Moore, Moore's Federal Practice § 37.50[1][a], at 37-72, 37-73 (1998); Jamie S. Gorelick et al. , Destruction of Evidence § 3.14, at 111 (1989).

Noticeably, in case of spoliation of exculpatory evidence, the proper and discretional remedy may be an "outright dismissal". **"[O]utright dismissal of a lawsuit** . . . is within the court's discretion." Chambers , 501 U.S. 45, see Fed. R. Civ. P. 37(b)(2)(C). (emphasis added)  Dismissal is appropriate if there is a showing of willfulness, bad faith, or fault on the part of the sanctioned party. See Jones v. NFTA , 836 F.2d 731, 734 (2d Cir. 1987).

In this instant case, as we discussed in prior memo, the apparent spoliation of evidence is used by the Government to make up, instead of establishing, an illegal drug case **from nothing but willful falsity**.  Such a willful falsity was further accelerated when the government rushed to Mexican prison to induce and coerce "cooperating confessions" without due concern of all legal and professional ethics, such well documented, well established, Government willful misconduct may have *brought to the end of this pending litigation*: dismissal with prejudice.

7

Wherefore, in the light of the foregoing, the fatally failed Indictment should be dismissed with prejudice. Defendant further prays that an oral argument session be scheduled as soon as possible by this Honorable Court.

Respectfully submitted.

/s/ Ning Ye, Esq._____
Ning Ye, Esq., DC BAR Number: MD 26804
1150 Connecticut Ave., N.W.
Suite 900
Washington, D.C. 20036
(202) 862-4334
ynyale@aol.com
*Counsel for Defendant Ye Gon*

CERTIFICATE OF SERVICE

On this 13th day of November, 2007, I electronically filed the foregoing Reply with the Clerk of Court using the CM/ECF system, which will automatically send a copy of the such filing (NEF) to the following recipient:

Paul Laymon, Esq.
U.S. Department of Justice
1400 New York Avenue, NW
Bond Bldg, 8th Fl
Washington, DC 20530

/s/ Ning Ye, Esq.
Ning Ye, Esq., DC BAR Number: MD 26804
1150 Connecticut Ave., N.W.
Suite 900
Washington, D.C. 20036
(202) 862-4334
ynyale@aol.com
*Counsel for Defendant Ye Gon*