UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | Crim. No. 07-181 (EGS) |
| | : | |
| ZHENLI YE GON, | : | |
| Defendant. | : | |

**GOVERNMENT'S RENEWED MOTION UNDER THE SPEEDY TRIAL ACT
TO EXCLUDE TIME GIVEN THE COMPLEX NATURE OF THE CASE AND
TO EXCLUDE TIME TO OBTAIN EVIDENCE FROM FOREIGN COUNTRIES**

**COMES NOW** the United States of America, by and through the undersigned attorneys, and hereby renews its motion under 18 United States Code ("U.S.C.") sections 3161(h)(8)(A), 3161(h)(8)(B)(i) and (ii), and 3161(h)(9) of the Speedy Trial Act to exclude time based on the complex nature of the case and to exclude time to permit the United States to obtain evidence from foreign nations. In support thereof, the government states the following:

FACTS

1. On July 26, 2007, Ye Gon was indicted by a federal grand jury in the District of Columbia and charged with conspiring to aid and abet the manufacture of five kilograms or more of methamphetamine, knowing or intending that it would be imported into the United States, in violation of 21 U.S.C. Sections 959 and 963, and 18 U.S.C. Section 2.

2. On September 7, 2007, the Court granted the government's first motion to exclude time from the speedy trial calculations in this case, finding that the case was complex, and that there was both a factual and a legal basis to toll the speedy trial clock. The Court excluded 90

days from the speedy trial calculations, and noted that the government would be allowed to renew its motion if more time was needed after the 90-day period concluded.

3. During the 90-day time period excluded by the Court, the government has obtained numerous documents in this case from Mexico, and provided those to the defense. Moreover, there is additional evidence in Mexico, both in the form of documents and other evidence. The majority of this evidence is either in Spanish or involves Spanish speakers, and therefore, involves the need for English translation.

4. Moreover, as noted to the Court in previous proceedings, the government has identified evidence in China, Inner Mongolia, Hong Kong, and Germany. As the Court knows, obtaining evidence from these jurisdictions requires formal requests made by use of various legal process–including requests under the relevant treaties between the countries, and or the use of letters rogatory. The government has made these requests through the appropriate process in Hong Kong and Germany. The requests to China remain pending, and negotiations are ongoing. Further, the government has explored alternative methods of obtaining some of the evidence through various informal channels. While action is pending on the government's requests at this time, it is not expected to be completed by December 20, 2007. Moreover, after the government obtains this evidence from the foreign countries noted, there will be a need for the translation of some of the materials into English.

## LAW

5. Under the Speedy Trial Act, 18 U.S.C. §3161 et seq., Ye Gon's trial must commence within seventy days. 18 U.S.C. §3161(c)(1). The Speedy Trial Act, however, excludes certain periods of time from this computation. First, the Court may toll the seventy-day

period by granting a "continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." §3161(h)(8)(A).  In determining whether to grant a continuance, a factor the Court must consider is "whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself" within the prescribed time limit.  §3161(h)(8)(B)(ii).  Second, the Court may order "[a]ny period of delay, not to exceed one year," upon application of a party and a "finding by a preponderance of the evidence that an official request [to a foreign country] has been made for evidence of any such offense and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country." §3161(h)(9).

<u>Argument</u>

The Court has already certified this case as complex, recognizing that the location of evidence in various countries, the necessity for the translation of evidence from other languages into English, and the extensive amount of travel involved are factors that the government must face in preparing this case for trial.   Nothing has happened since that finding by the Court to diminish the complexity of the case.  Consequently, the government asks that the Court find that this case remains complex, and that it may also present novel questions of fact or law.  The government also requests that the Court find by a preponderance of the evidence that an official request has been made to a foreign country for evidence of the offense charged in this case, and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is or was in the foreign country.  <u>See</u> 18 U.S.C. § 3161(h)(9).  The government requests

that the Court grant an exclusion of additional time from the speedy trial computation so that the requests can be acted upon and the resulting evidentiary materials can be obtained from the appropriate countries and translated. (See <u>United States v. Serna</u>, 630 F. Supp. 779 (S.D.N.Y. 1986) (finding the government was entitled to continued exclusion of time not to exceed one year under 18 U.S.C.A. § 3161(h)(9) while the government made a diligent and good-faith effort to obtain evidence gathered by Spanish police); <u>United States v. Strong</u>, 608 F. Supp. 188 (E.D. Pa. 1985) (concluding the failure to grant an ends of justice delay would deny the government needed evidence and time necessary for effective preparation in a complex case that sought evidence from Hong Kong and Singapore).

Conclusion

**WHEREFORE**, for the foregoing reasons, the United States respectfully asks the Court to grant this motion, to re-certify this case as complex, and to find that official requests for evidence has been made to foreign countries and that it reasonably appears that evidence is in those countries. The government requests that the Court exclude a reasonable period of time from the Speedy Trial calculations in this case.

_____/s/_____
WANDA J. DIXON
PAUL LAYMON
MARY MOGAVERO
ROBERT STAPLETON
Trial Attorneys
United States Department of Justice
Narcotic and Dangerous Drug Section
1400 New York Avenue, NW room 8707
Washington, DC 20530
(202) 307-0377

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | Crim. No. 07-181 (EGS) |
| | : | |
| ZHENLI YE GON, | : | |
| Defendant. | : | |

**ORDER**

Upon consideration of the "Government's Motion Under The Speedy Trial Act To Exclude Time," the Defendant's Response Thereto, and the entire record in this matter, it is this, _____ day of _____, 2007,

ORDERED, that the government's motion is **GRANTED**. In support of this ruling, the Court makes the following findings:

1. The Court **FINDS**, pursuant to 18 U.S.C. §3161(h)(8)(A), and 18 U.S.C. §3161(h)(8)(B)(i) and (ii), that the ends of justice served by granting the government's motion outweigh the best interest of the public and the defendant in a speedy trial. The reason for finding that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial is based upon the nature of the case, that is, this case is complex due to the nature of the prosecution, in that it is an international drug conspiracy case involving evidence from several countries, and it is therefore unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.

3. Pursuant to 18 U.S.C. §3161(h)(9), the Court **FINDS**, by a preponderance of the evidence, that the United States has made official requests, as defined in 18 U.S.C. §3292, for evidence of the offense charged in the indictment from Hong Kong and

Germany, and that it reasonably appears that such evidence is in those nations. In computing the time within which the trial must commence, the period of time from the filing of the government's renewed motion to 90 days therefrom shall be excluded pursuant to 18 U.S.C. §3161(h)(9), and the government is permitted to apply for an additional reasonable amount of time if necessary.

DATE: _____

                                                _____
                                                EMMET G. SULLIVAN, JUDGE
                                                UNITED STATES DISTRICT COURT