IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| The United States of America | ) | |
| | ) | File: 07-181 |
| | ) | Hon. Emmit G. Sullivan |
| v. | ) | |
| Zhenli Ye Gon, | ) | |
| Defendant | ) | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S RENEWED MOTION
TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The Government, by its motion to exclude time under the Speedy Trial Act, seeks to further delay the trial in this case – and to prolong the pretrial detention of Defendant Zhenli Ye Gon, which is already approaching the five-month mark – based on two asserted grounds: (1) the "complex nature of the case"; and (2) the need "to obtain evidence from foreign countries." As the Government's brief reveals, however (at 3), the first factor (complexity) depends on the second (the need for evidence from foreign countries). The Government cannot show, however, that there is any need to obtain further evidence from any country but Mexico to make its case about alleged importation of methamphetamine from Mexico into the United States. Its professed need to travel the globe – to Hong Kong, China, Inner Mongolia, and Germany – appears to be nothing more than an attempt to inflate the "complexity" of this case to buy time. Meanwhile, the Government continues to drag its feet in reviewing and producing to the Defendant the evidence *from Mexico*, to which the Government has had access since Unimed was raided in March 2007. Nor can the Government hide behind the Spanish language barrier.

DEA agent Chavez, whose affidavit precipitated Mr. Ye Gon's arrest, speaks and reads Spanish (as do countless other Government employees). There is, in short, no excuse for the Government's delay to date in processing the evidence available to it, much less a justification for the requested extension. The motion, accordingly, should be denied.

**I.   THE COMPLEX NATURE OF THIS CASE, WHICH IS LARGELY OF THE GOVERNMENT'S OWN MAKING, DOES NOT JUSTIFY FURTHER DELAY**

The Government characterizes this case as complex, based on "the location of evidence in various countries, the necessity for the translation of evidence from other languages into English, and the extensive amount of travel involved . . ." Govt. Mot. at 3. Each of these factors falls through upon the slightest examination.

A.   <u>The "Location of Evidence in Various Countries"</u>: The Government (at 3) claims to have "identified evidence in China, Inner Mongolia, Hong Kong, and Germany." This statement simply cannot be taken at face value. First, in March 2007, Government attorneys spent a week in Inner Mongolia meeting with a Chinese pharmaceutical supplier to Mr. Ye Gon's company (Unimed), which apparently proved fruitless to the Government's case. What more in China does the Government hope to find out about the alleged importation of methamphetamine from Mexico into America? The same can be asked about Hong Kong and Germany. (Indeed, the Defendant will stipulate that he purchased millions of dollars of pharmaceutical equipment from Germany for his new state-of-the-art facility.) The Government's professed need to travel the globe must be seen for what it is – a smokescreen for delay.

B.   <u>"Translation From Other Languages Into English"</u>:   The Unimed facilities in Mexico City and Toluca, Mexico were raided in March 2007. The great

2

majority of the Unimed documents were in Spanish. DEA Agent Chavez – and, presumably, other Spanish-speaking DEA agents and/or translators – would have had access to these files from the beginning. (DEA Agent Hooten's affidavit indicates that a *joint* Mexican-American investigation into Mr. Ye Gon's activities began approximately two years ago. Further, Chavez's affidavit references his discussions with Mexican COFEPRIS officials. How is it that all such files, including the COFEPRIS-stamped log book or "Libro de Control," have not been produced?)

As for the small portion of Unimed documents in Chinese, the Government also would have had access to them from the beginning, and has had more than enough time to translate them as well. Thus, once the specter of translating documents from China, Inner Mongolia, Hong Kong and Germany falls away, the Government has no legitimate need for more "translation time."

   C. <u>"Extensive Amount of Travel Involved"</u>: Again, the only legitimate travel involved here would appear to be back and forth to Mexico, and the Government has shown no urgency in doing even that. Hence many Unimed files seized in the raid remain unproduced, while box after box of conclusory Mexican governmental reports are produced in their stead.

The complexity of this case, in other words, is largely of the Government's own making, and its renewed motion should therefore be denied. As the Government's conduct to date reflects, moreover, the prosecution has not exhibited the diligence that the Court ordered in granting the 90-day reprieve from the Speedy Trial Act on the Government's original motion. The motion should also be denied for that reason alone.

Finally, this Court specifically asked the Government, at the September 7, 2007 hearing, for a timetable, citing the fact that discovery "should be accomplished in an expedited manner, recognizing this man is incarcerated, and that's a very serious issue." Here we are, 90 days later, and the Defendant still has no timetable, but merely an open-ended request for more time. At the very least the Government should be ordered to put a timetable in place for any further discovery it needs.

## CONCLUSION

For the foregoing reasons, the Government's motion should be denied, and the Government should be required to submit a timetable for its completion of all remaining discovery.

Respectfully Submitted,

/s/ Ning Ye, Esq.
Ning Ye, Esq., MD BAR Number: 26804
Martin McMahon & Associates
1150 Connecticut Ave., N.W.
Suite 900
Washington, D.C. 20036
(202) 862-4343
ynyale@aol.com
*Counsel for Defendant Ye Gon*

/s/ Martin F. McMahon, Esq.
Martin McMahon, Esq., D.C. Bar Number: 196642
Martin McMahon & Associates
1150 Connecticut Ave., N.W.
Suite 900
Washington, D.C. 20036
(202) 862-4343
mfm@martinmcmahonlaw.com
*Counsel for Defendant Ye Gon*

/s/ Lisa D. Angelo, Esq.
Lisa D. Angelo, Esq., D.C. Bar Number: 491206
Martin McMahon & Associates

        1150 Connecticut Ave., N.W.
        Suite 900
        Washington, D.C. 20036
        (202) 862-4343
        langelo@martinmcmahonlaw.com
        *Counsel for Defendant Ye Gon*

**CERTIFICATE OF SERVICE**

On this 7th day of December, I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Paul Laymon, Esq.
U.S. Dept. of Justice
1400 New York Avenue, NW
Bond Bldg. 8th Fl
Washington, DC 20530

/s/_Lisa Angelo, Esq.
Lisa Angelo, Esq., D.C. Bar Number: 491206