IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| The United States of America | ) <br> ) <br> )    File: 07-181 <br> )    Hon. Emmit G. Sullivan <br> v.            ) <br> ) <br> Zhenli Ye Gon,    ) <br> ) <br>      Defendant    ) <br> ) |

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE
TO MOTION TO REVOKE ORDER FOR DEFENDANT'S
<u>DETENTION WITHOUT BAIL</u>**

Notwithstanding the substantial leeway this Court has already accorded the Government by detaining Defendant Zhenli Ye Gon for nearly five months, the Government has not come forward, even now, with any evidence that Mr. Ye Gon was involved in the methamphetamine trade (because, in fact, he was not).  As the weakness of the Government's case becomes increasingly clear, it becomes all the more apparent that it is neither just nor necessary for Mr. Ye Gon to be kept in jail.  The Government has not come close to meeting its burden of demonstrating that there are no "conditions or combinations of conditions" under which Defendant Zhenli Ye Gon can be released that would assure his appearance in court and the safety of the community.  Mr. Ye Gon is neither a flight risk nor any conceivable danger to anyone.  Accordingly, under the

conditions proposed below, he should be ordered released, so that he can assist in marshalling his defense against the *still-indeterminate* case brought against him.[1]

     1.    <u>Proposed Conditions for Mr. Ye Gon's Release</u>:   Defense counsel has identified a Chinese-speaking individual who has been a homeowner in the District of Columbia for more than twenty-five years, and who is willing to serve as Mr. Ye Gon's custodian subject to the Court's power of contempt.  Mr. Ye Gon will, of course, forfeit his passports (both Mexican and Chinese), and is also willing to submit to electronic monitoring, provided that he be allowed to visit counsel's offices to participate in his defense (with monitoring of the logistics of that activity).  If deemed necessary by the Court, Mr. Ye Gon also proposes a round-the-clock security guard, which can be paid for out of his funds presently frozen,[2] with telephone (landline) checking by the DEA to ensure Mr. Ye Gon's location.  He proposes to report to pretrial services on a weekly basis as well.

---

[1] The Government still has not responded to Defendant's Motion for Bill of Particulars, leaving Mr. Ye Gon in the dark as to what he is alleged to have done – and when, where and with whom – involving the manufacturing of methamphetamine, much less its purported importation into the United States.  At the same time, the Government's discovery conduct is clearly a delay strategy, consisting of burying the Defendant with boxes of Mexican documents in Spanish, and globe-trotting to China and Germany, while at the same time withholding the Unimed log book, the laptop computer, and other materials.  Such tactics alone support Mr. Ye Gon's release on due process grounds.  <u>See</u> <u>U.S. v. Vastola</u>, 652 F. Supp. 1446 (D.N.J. 1987) (defendants indicted under Controlled Substances Act who were previously denied release on bail are released after three months, on grounds of heightened infringement of liberty interest, in light of complexity of case and prospect of indefinite pretrial detention, due to large volume of materials that must be reviewed by defense counsel and *some governmental responsibility for delay*).

[2] By the Government's own calculation (woefully understated as it is), Mr. Ye Gon's company revenues of $90,000 per month during 2005-06 would have amounted to more than $2 million in concededly-legitimate business revenues – more than enough to pay for Mr. Ye Gon's accommodations with the custodian, plus any costs of electronic monitoring and fees for a 24-hour guard.

2

These conditions are more than sufficient to assure Mr. Ye Gon's appearance in court and, of course, to protect the community (to the extent that can even be considered an issue). In U.S. v. Karni, Chief Judge Hogan of this Court released the defendant, an Israeli national charged with exporting to Pakistan products capable of triggering nuclear weapons, despite his *complete* lack of ties to the U.S., where the defendant had no history of criminal or violent conduct. Id., 298 F. Supp. 2d 129, 132 (D.D.C. 2004). Consistent with what we propose here, Judge Hogan required "home detention in the Electronic Monitoring Program," a custodian, and 24-hour supervision. See id.

2.    Mr. Ye Gon Is Not a Flight Risk.    In view of the *absence* of any evidence linking Mr. Ye Gon with the methamphetamine trade, he has every reason to pursue the vindication in this Court that he has sought from the beginning. It was Mr. Ye Gon, after all, who directed his attorney to contact the DEA and Justice Department on his behalf, months before he was arrested, to inform the Government of the actions against him in Mexico, including the raid on his home and the seizure of the money kept there (most of which consisted of campaign "slush funds" which he was forced to keep on threat of death). Instead of fleeing to China or elsewhere during the months preceding his arrest, Mr. Ye Gon not only stayed in the U.S., but also filed an application for asylum here. That he has no motive to flee is further underscored by the fact that: (1) only by his vindication in this Court can he possibly secure his family members' release from jail in China and Mexico; and (2) he would forfeit $15 million in frozen funds if he were to flee.

Fairly considered, the Government's contention that Mr. Ye Gon is a flight risk consists of little more than the fact that serious charges have been brought against him. Months after his arrest, there is simply no link to methamphetamine. The Government's

innuendo about cash and guns merely confirms that it has no case, and does not come close to showing by a preponderance of the evidence that Mr. Ye Gon is a flight risk. To the contrary, the proposed conditions for release, coupled with Mr. Ye Gon's affirmative interest in obtaining vindication in this Court, assure that he will continue to appear in this Court.

      3.      <u>Mr. Ye Gon's Release Will Not Endanger Anybody.</u>  Nor can the Government prove by clear and convincing evidence that Mr. Ye Gon would endanger the community if he were to be released. He has never been charged with a crime in his life. He has never had anything to do with methamphetamine. Moreover, the pharmaceutical business through which he imported chemicals from China, and sold them in Mexico – lawfully, as we will show, if the Government ever produces the Unimed log book, Mr. Ye Gon's laptop computer, and the rest of Unimed's files – has been shut down. In short, the Government relies on nothing but conjecture in its attempt to portray Mr. Ye Gon as a Gotti-like "Mr. Big" who would threaten society if released, which becomes all the more absurd under the proposed conditions of electronic monitoring and a 24-hour guard.

      In conclusion, for the foregoing reasons and for the reasons set forth in Defendant's opening brief, Defendant respectfully requests that Mr. Ye Gon's five-month-long pretrial detention be put to an end, and that he be released under the above-specified conditions, in addition to such other and further conditions as may be deemed necessary by this Court.

                                    Respectfully Submitted,

/s/ Ning Ye, Esq.
Ning Ye, Esq., MD BAR Number: 26804
Rockville, MD
(301) 217-0600
ynyale@aol.com


/s/_Martin F. McMahon, Esq.
Martin McMahon, D.C. Bar # 196642
Lisa D. Angelo, D.C. Bar # 491206
Martin McMahon & Associates
1150 Connecticut Ave., N.W.
Suite 900
Washington, D.C. 20036
(202) 862-4343
mfm@martinmcmahonlaw.com

*Counsel for Defendant Ye Gon*

*Of counsel:*

James M. Ludwig, D.C. Bar # 427884
Martin McMahon & Associates
1150 Connecticut Ave. N.W.
Suite 900
Washington, D.C.  20036
(202) 862-4343

**CERTIFICATE OF SERVICE**

      I hereby certify that, on this 18th day of December, 2007, I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Paul Laymon, Esq.
U.S. Dept. of Justice
1400 New York Avenue, NW
Bond Bldg. 8th Fl
Washington, DC 20530

                                          /s/ Christine Hilgeman
                                          Martin McMahon & Associates
                                          1150 Connecticut Ave., N.W.
                                          Suite 900
                                          Washington, D.C. 20036
                                          (202) 862-4343