IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| The United States of America | ) | |
| | ) | |
| Plaintiff | ) | File: 07-181 |
| | ) | Hon. Emmit G. Sullivan |
| v. | ) | |
| | ) | |
| Zhenli Ye Gon | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**MOTION TO TRANSFER DEFENDANT FROM D.C. JAIL TO THE CENTRAL TREATMENT FACILITY OR IN THE ALTERNATIVE, ENTER AN ORDER OUTLINING CONDITIONS OF PARTIAL RELEASE FOR THE LIMITED PURPOSE OF ASSISTING HIS ATTORNEYS IN THE PREPARATION OF HIS DEFENSE**

Mr. Zhenli Ye Gon (hereinafter "Defendant"), by and through his undersigned counsel, respectfully moves this honorable Court, pursuant to the Sixth Amendment of the Constitution and 18 U.S.C. § 3142(i)(2-3), and for good cause shown herein, to file an Order to transfer the defendant from D.C. Jail to the Central Treatment Facility or, in the alternative, Order special conditions that would permit the Defendant to assist his attorneys in the preparation of his defense.

**I.      Transfer to CTF.**

The defendant submits that he will be in a better position to assist his attorneys and prepare his defense if he were transferred to CTF and removed from protective custody. Currently, the defendant is in protective custody at D.C. jail. As this court knows, protective custody at D.C. jail is not an administrative detention. Rather, protective custody at D.C. jail results in the defendant being isolated from the other inmates and having little or no access to the

minimal resources available to inmates who are not in protective custody such as access to the jail library.  Given the vast amount of sophisticated multi-language documents that have been produced in this case, (60,000 pages plus 48 DVD's from the laptop and 19 DVD's from the desktop computer), the defendant submits he is the best person to assist with the preparation of his defense.  The defendant cannot, however, effectively assist with the preparation of his defense while he is in protective custody at D.C. jail.  Accordingly, the defendant respectfully requests that this Court sign and issue an order to transfer the Defendant from D.C. Jail to CTF and remove him from protective custody, as originally offered on October 7, 2007:

```
p. 87
  2     Mr. Gon is in D.C. jail now.  I can,
  3     if he wants to go to CTF, sign an order to transfer him to CTF
  4     unless there's some reason why he should remain in D.C. jail.
  5     I've not been told of any reason.  People who are incarcerated
  6     tell me that CTF in comparison with the D.C. jail is a better
  7     facility.  If your client wants to go there I'll be happy to
  8     sign an order.  Does he wish to go there?
  9             MR. McMAHON:  Yes, your Honor.  That was something we
 10     were going to discuss with the government eventually pending
 11     this hearing.
 12             THE COURT:  I'll sign an order transferring him to
 13     CTF.  I sign a lot of these orders, so there may be a line of
 14     people waiting to go to CTF, but I'll sign the order today.
```

Despite the court's willingness to transfer the defendant to CTF, an Order has not been signed.  Furthermore, the Government does not oppose the defendant's transfer to CTF, as recently communicated to Defense counsel via email.  Thus, in the interests of justice, the defendant respectfully asks this Court to order that the defendant be committed to the custody of the Attorney General for confinement in the corrections facility separate, to the extent practical, apart from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant contends that if he were transferred to CTF and removed from protective custody he would be better afforded a reasonable opportunity for private consultation with his defense

counsel. Accordingly, the defendant respectfully requests this court to order the person in charge of the corrections facility to deliver the defendant to CTF.[1]

## II.     Partial Release Condition.

As an alternative to transferring the defendant to CTF, he asks this court to impose a partial release condition whereby one to two days per week, the defendant could travel either to his attorney's office or another secured location for the sole purpose of reviewing the thousands of pages of discovery that the government has propounded thus far, as well other discovery materials that the Government has said it anticipates to produce as this case continues on.

In a letter sent to the court December 6, 2007, defense counsel raised concerns that the defendant's 6th Amendment right to effective assistance has been and continues to be seriously hampered by his continued detention. On January 8, 2007, undersigned counsel had a very amicable conversation with government counsel Layman wherein all counsel understood and agreed that the defendant cannot possibly inspect and/or review the thousands of pages of documents the government has produced from D.C. Jail. What is more, defendant's counsel cannot travel back and forth to D.C. jail carrying box after box of documents in an effort to review as much as possible with the defendant. In order for the defendant to review all the documents produced by the government, including those from his computers, day long review sessions with his attorneys (preferably at attorney McMahon's office) are necessary.

---

[1] On December 21, 2007, defendant's counsel had an amicable conversation with General Counsel for the Department of Corrections, Maria Amato. During this conversation, Ms. Amato reported that despite her best efforts as well as a conference call between herself, the D.C. Jail deputy and the D.C. Jail Warden, that the defendant could not be transferred from D.C. Jail to CTF.

WHEREFORE, the defendant respectfully requests this court enter an order that will either transfer the defendant to CTF or allow for special conditions, including partial release, so that he can review all the documents the government has produced, as efficiently as possible.

Respectfully Submitted,

/s/ Ning Ye, Esq._____
Ning Ye, Esq., MD BAR Number: 26804
1150 Connecticut Ave., N.W.
Suite 900
Washington, D.C. 20036
(202) 862-4343
ynyale@aol.com
*Counsel for Defendant Ye Gon*

/s/\_ Martin F. McMahon, Esq.
Martin McMahon, Esq., D.C. Bar Number: 196642
Martin McMahon & Associates
1150 Connecticut Ave., N.W.
Suite 900
Washington, D.C. 20036
(202) 862-4343
mfm@martinmcmahonlaw.com
*Counsel for Defendant Ye Gon*

## CERTIFICATE OF SERVICE

On this 14th day of January, I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Paul Laymon, Esq.
U.S. Dept. of Justice
1400 New York Avenue, NW
Bond Bldg. 8th Fl
Washington, DC 20530

/s/_Martin F. McMahon, Esq.
Martin McMahon, Esq., D.C. Bar Number: 196642
Martin McMahon & Associates
1150 Connecticut Ave., N.W.
Suite 900
Washington, D.C. 20036
(202) 862-4343
mfm@martinmcmahonlaw.com
*Counsel for Defendant Ye Gon*