IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| The United States of America | ) | |
| | ) | |
| | ) | File: 07-181 |
| | ) | Hon. Emmit G. Sullivan |
| v. | ) | |
| | ) | |
| Zhenli Ye Gon, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## DEFENDANT'S STATUS REPORT

Pursuant to this Court's order of December 20, 2007, a status conference has been scheduled on February 5, 2008. The Defendant, Mr. Zhenli Ye Gon, respectfully informs this Court of the various discovery and detention related concerns which the Defendant plans to address at the status conference:

1. Defense counsel have conducted a preliminary review of the first 26,000 page production of documents (constrained by the fact that the documents are unindexed and almost entirely in Spanish). Defense counsel have found no evidence supporting a connection between Mr. Gon or his pharmaceutical business, on the one hand, and the manufacturing of methamphetamine, on the other. Nor have Defense counsel seen any evidence of the alleged importation of methamphetamine into the United States – by anyone.

2. On November 14, 2007, at the last status conference, the Government represented that a second batch of approximately 25,000 documents was located in Mexico. The Government stated that production would take 6 weeks because a contractor would have to be hired. We now understand, however, that the same

1

contractor that copied and scanned the first batch of documents from Mexico has been hired to copy and scan the second batch of documents. Even so, we understand that the documents are still in Mexico and the Government is waiting for a scanner. Yet the Government indicated at the September 4, 2007 bond hearing that it intended to produce this second batch of documents. See Ex. A, Sep. 7, 2007 Trans. at 32:24-25 – 33:1-5. This begs the question why there is such a delay in this second production, given that the Government is using the same contractor (and presumably the same scanner).[1]

3. On November 14, 2007, the Government stated that it had seized a large number of documents from Mr. Gon's residence in Wheaton, MD. Despite the Government's promise to "get that to the defense this week," (Ex. B, Nov. 14, 2007 Trans. at 4:18), there has been no such production, two and half months later.

4. Also on November 14, 2007, the Government stated that it anticipated receipt of documents from Hong Kong within 3 weeks. See Ex. B at 4:19-23. The Government still has produced no documents (including bank records) from Hong Kong.

5. Defense counsel identified for the Government specific exculpatory materials that must be produced. See Ex. C (letters from defense counsel to Paul Laymon seeking production of the Mexican Health Department (COFEPRIS) log book and testing results from the seized—and then destroyed—December 2006 shipment of unregulated chemicals from China).[2]

---

[1] At a January 8, 2008 meeting, AUSA Paul Laymon represented to defense counsel that the delay was attributable the contractor's decision to hire a sub-contractor – suggesting that the production is beyond the Government's control.
[2] As indicated by the lone COFEPRIS audit document produced to date by the Government, and as repeatedly reiterated by Defense counsel on the record, the COFEPRIS-mandated log book recording all Unimed pseudoephedrine transactions was seized in the March 15, 2007 raid of the Unimed facilities and thus, is in the possession of the Mexican government. See Ex. C. The Government not only has not produced the log book but still disputes its existence.

6. On January 8, 2008, the Government produced 48 DVD's of data from the laptop seized in the Wheaton arrest, and 21 DVD's of data from Mr. Gon's desktop -- *but without the software necessary to view any of the DVD's contents.* Nor has the Government provided any documentation of how the data were extracted from either computer.

7. On January 14, 2008, Defense counsel requested an indexed list of the data contained on both computers, but has received no response. See Ex. D (letter to Mr. Laymon requesting indexed list). Under proper chain of custody procedures, such a list would have been generated by the DEA during its evaluation of each computer. Defense counsel has not received the requested list for either computer.

8. Defense counsel is still waiting for open dates from the Government to make the computers available for inspection by the defense's computer expert. This is particularly important given the Government's representation that part of the laptop's hard drive was damaged or corrupted, purportedly rendering unreadable portions of the laptop's hard drive.

9. Just as the chemical shipment seized in December 2006 was destroyed, the money seized from Mr. Gon's home on March 15, 2007, has apparently been disbursed or otherwise circulated. The Government has produced no chain-of-custody documentation reflecting the fate of the money or the seized chemicals, such as where the money went or why the chemicals (including the testing samples) were destroyed.

10. On February 1, 2008, Defense counsel served a subpoena on Bank of America in New York seeking all documents pertaining to the $207 million dollars seized from Mr. Gon's house on March 15, 2007. See Ex. E. Before sending out the subpoena,

defense counsel conferred with Mr. Laymon about joining in this request.  We now understand that the Government is planning to pursue such information from Bank of America, but has not yet done so.

11.  On January 30, 2008, Defense and Government counsel conferred with D.C. Department of Corrections counsel Maria Amato.  Ms. Amato agreed to permit Mr. Gon to review two boxes of documents in his cell at a time.  However, Ms Amato declined to permit Mr. Gon to review by computer any of the CD's or DVD's that the Government has produced.

12.  Pending before the Court is (a) Defendant's Unopposed Motion for Transfer to CTF, and (b) Defendant's Motion For An Order Outlining Conditions Of Partial Release For The Limited Purpose Of Assisting His Attorneys In The Preparation Of His Defense.

Respectfully Submitted,

/s/ Ning Ye, Esq.
Ning Ye, Esq., MD BAR Number: 26804
Rockville, MD
(301) 217-0600
ynyale@aol.com

/s/ Martin F. McMahon, Esq.
Martin McMahon, D.C. Bar # 196642
Lisa D. Angelo, D.C. Bar # 491206
Martin McMahon & Associates
1150 Connecticut Ave., N.W.
Suite 900
Washington, D.C. 20036
(202) 862-4343
mfm@martinmcmahonlaw.com

*Counsel for Defendant Ye Gon*

4

*Of counsel:*

James M. Ludwig, D.C. Bar # 427884
Martin McMahon & Associates
1150 Connecticut Ave. N.W.
Suite 900
Washington, D.C.  20036
(202) 862-4343

## CERTIFICATE OF SERVICE

I hereby certify that, on this 1st day of February, 2008, I electronically filed the

foregoing Status Report with the Clerk of Court using the CM/ECF system, which will

send a notification of such filing (NEF) to the following:

Paul Laymon, Esq.
U.S. Dept. of Justice
1400 New York Avenue, NW
Bond Bldg. 8th Fl
Washington, DC 20530

/s/  Christine Hilgeman
Martin McMahon & Associates
1150 Connecticut Ave., N.W.
Suite 900
Washington, D.C. 20036
(202) 862-4343

09.07.07

13          MR. LAYMON:  Well, for example, Judge, with the
14    documents that are in Spanish, which appear to be most of the
15    documents --
16          THE COURT:  Right.
17          MR. LAYMON:  -- we've had one of our agents, who is a
18    Spanish speaker, start with box one and just go through it page
19    by page, start pulling pertinent documents from that box, and
20    we're happy to do with this every box.  It's just a very time-
21    consuming process, so, you know, once we determine which
22    documents I think are pertinent and relevant and we have those
23    translated and provide those to defense so you can see that
24    we're taking -- this is a process with just those eleven boxes
25    alone is probably going to take two months or longer perhaps to

                    Jacqueline M. Sullivan, RPR
                      Official Court Reporter

                                                          33

1    actually get that done.  I would say probably longer.  In
2    addition, Judge, that's not all the evidence.  I mean, that's
3    not all the evidence by any means, so presumably what we would
4    have to do with any additional evidence is scan it and have it
5    translated.  I mean, I don't think -- I know that in one of
6    their pleadings the defense says, you know, that these things
7    are in English.  They're not.  I mean, it's clearly not the case
8    so it's not like we've got English documents we can just read
9    and hand over.  That's not the case at all.  So I think the
10   Court's question was how do we expect this to play out, what
11   kind of time are we talking about.
12          THE COURT:  Right, right, especially because he's
13   sitting in jail while this process is ongoing.  You're asking
14   for him to be incarcerated for a year while the government
15   commences and concludes this process.
16          MR. LAYMON:  We are asking for the Court to give us up
17   to a year, Judge, and quite frankly it may take that long, it

                          Page 28

DEFENDANT'S
EXHIBIT
A

11.14.07

13  delivered Friday evening and they were just delivered to my
14  office Friday night, so I was in trial before Judge Bates for
15  two weeks until Friday and really haven't had an opportunity to
16  look at them, so as soon as I do that I'll be turning over that
17  box of documents, which comes from that home at the time of his
18  arrest, and I should get that to the defense this week.
19      We have a request, an outstanding request to Hong Kong
20  for documents that are there.  Those primarily would be
21  financial documents, and we've gotten a favorable response from
22  the government in Hong Kong and we anticipate receiving those
23  documents within three weeks.  So as soon as we get those we'll
24  turn those over as well.  That would be one item.  The other
25  item would be that there is a fair amount of information in

Jacqueline M. Sullivan, RPR
Official Court Reporter

5

1  Germany, and we've mentioned this before.  We have completed our
2  official request to Germany for the various documents and
3  various information in Germany.  It's going to require us to go
4  over there and interview some people, but first we have to ask
5  permission to do that as well as ask permission for the various
6  documents they possess.  That request from us has gone through
7  our office of international affairs, which is our liaison with
8  the German government.  They've approved our request.  It's now
9  at the translator's being translated into German, and I think
10  probably when that's completed, which I expect will be about
11  another week, that will officially be presented to the German
12  government for action.
13      Since our last hearing the defense has specifically
14  requested from the government a couple of items of information.
15  One concerns the first item of information that the defense I
16  think is most concerned about, is what they have described as a
17  logbook, and they I think have mentioned it at previous



DEFENDANT'S
EXHIBIT
B

# MARTIN F. MCMAHON & ASSOCIATES

1150 CONNECTICUT AVENUE, N.W.
SUITE 900
WASHINGTON, D.C. 20036
———————

MARTIN F. MCMAHON
    Managing Partner
    Admitted in District of Columbia, New York
    and U.S. District Court of Maryland

LISA D. ANGELO
    Associate
    Admitted in District of Columbia and
    California

CHRISTOPHER D. BROWN
    Of Counsel
    Admitted in District of Columbia and
    Maryland

Established 1978

TELEPHONE (202) 862-4343
FACSIMILE (202) 828-4130

www.martinmcmahonlaw.com

JASON A. DZUBOW
    Of Counsel
    Admitted in District of Columbia and
    Maryland

JACQUELYN GLUCK
    Of Counsel
    Admitted in District of Columbia

ROBERT MANCE
    Of Counsel
    Admitted in District of Columbia and
    Maryland

November 2, 2007

**BY FAX**
Paul Laymon, Esq.
U.S. Department of Justice
1400 New York Avenue, N.W.
Suite 8124
Washington D.C. 20005

     Re: <u>U.S. v. Ye Gon</u>, 1:07-cr-181

Dear Paul:

     I am writing in response to your letter of October 21, 2007, and to follow up on discovery you have produced subsequently, to renew our urgent request for expedited production of the UNIMED "log book," which we have since learned is called the "Libro de Control." The Libro de Control is apparently a record of the company's controlled substance transactions that is mandated by the Mexican Health Department. We have completed a preliminary review of the various CDs and eight boxes of documents you produced to us last week – as best we could, given that almost all of these materials are in Spanish – and have found what we believe to be a miscopied (unreadable) excerpt from the Libro de Control, which is attached hereto. (The lines on the pages, together with the stamp, are consistent with the Libro de Control.)

     To further assist you in locating and/or identifying this important document, we understand that there were two copies of the Libro de Control maintained at the UNIMED warehouse in Mexico City. One was kept in the "safety box" (or safe) in the first floor computer server room on the first floor. The other was kept in Mr. Ye Gon's second-floor office under a white table. Both copies are undoubtedly in the custody of the Mexican authorities.

     In view of the above, you should be able to obtain and produce the complete Libro de Control, in legible form, without further delay. As I informed you last week, unless we receive this complete document promptly we will have no choice but to file a motion to compel.



DEFENDANT'S
EXHIBIT
C

I would also like to notify you of additional problems we have had in reviewing the various materials you have produced solely in CD format (i.e., without corresponding hard copy). We have found that a number of the documents on CD have been corrupted and are thus unreadable. There is also, as you know, no index for the CD materials – nor, for that matter, for any of the documents you have produced. Are indices available? Also, are there hard copies of the documents that have been produced solely on CD? Please call me at your earliest convenience to discuss these issues.

Very Truly Yours

Martin F. McMahon, Esq.



**U.S. Department of Justice**
Criminal Division

Narcotic and Dangerous Drug Section
1400 New York Avenue, N.W.
Suite 8124
Washington, D.C.  20005

October 21, 2007

**SENT VIA ELECTRONIC MAIL ONLY**

Martin F. McMahon, Esq.
MARTIN F. MCMAHON AND ASSOCIATES
1150 Connecticut Avenue, N.W.
Suite 900
Washington, D.C. 20036
Email: www.martinmcmahonlaw.com

Re: United States v. Ye Gon

Dear Martin:

      I write in response to your letter of October 18, 2007, requesting expedited production of what you describe as a "log book" maintained by your client and/or his company.

      I do not know if a "log book" exists.  However, I will certainly seek to identify it and locate it, if one exists.  In order to do that, though, you would need to provide me with more information about this "log book".  The defendant maintained a home, an office with a warehouse, and a sizeable manufacturing plant.  Evidence was seized from all three locations.  Thousands of pages of documents, perhaps as much as 30,000 pages of documents, were seized by Mexican authorities.  Given the voluminous amount of material seized, it would help me if you could provide the following information:

1. At which location do you believe it was seized?  Home, office, warehouse, or the manufacturing facility?
2. Based on what you know, was it in hard paper form or in electronic form, or both?
3. If in hard paper form, was it contained in any kind of binder or filing system, or were the documents loosely maintained?  If in binder or notebook form, please describe the binder/notebook (color, size, lettering, etc).
4. If in electronic form, on whose computer was the file maintained?
5. Based on what you know, who maintained the "log book"?  Who was the custodian of the "log book"?

6. Any other information that would assist me in finding what you describe.

There are seven more boxes of documents to bring you. This will bring to eight, the number of boxes of documents we have gotten from Mexico. Perhaps the information you seek is in these boxes. In addition, I have been informed that the Mexican authorities have more documents which we have not seen yet. A team from the United States is traveling to Mexico in early November to scan these additional documents so that the documents can be returned to the United States for copying. It will take a week or more to scan the additional documents and several more weeks to copy them. So, any additional information you can provide me to help locate what you are looking for would be helpful, especially given the relative closeness of the hearing on November 21 that you mentioned in your letter.

Sincerely,

Paul W. Laymon
Trial Attorney
NDDS

# MARTIN F. MCMAHON & ASSOCIATES

1150 CONNECTICUT AVENUE, N.W.
SUITE 900
WASHINGTON, D.C. 20036

MARTIN F. MCMAHON
Managing Partner
Admitted in District of Columbia, New York
and U.S. District Court of Maryland

LISA D. ANGELO
Associate
Admitted in District of Columbia and
California

CHRISTOPHER D. BROWN
Of Counsel
Admitted in District of Columbia and
Maryland

Established 1978

TELEPHONE (202) 862-4343
FACSIMILE (202) 828-4130

www.martinmcmahonlaw.com

JASON A. DZUBOW
Of Counsel
Admitted in District of Columbia and
Maryland

JACQUELYN GLUCK
Of Counsel
Admitted in District of Columbia

ROBERT MANCE
Of Counsel
Admitted in District of Columbia and
Maryland

October 18, 2007

**SENT VIA ELECTRONIC MAIL ONLY**

Paul Layman, Esq.
U.S. DEPARTMENT OF JUSTICE
1400 New York Avenue, NW
Suite 8414
Washington, DC 20005
(202) 514-1286
Email: paul.laymon@usdoj.gov

      Re:   <u>U.S. v. Ye Gon</u>
             1:07-cr-181

Dear Paul:

      On numerous occasions we have asked the Government to produce our client's "log book." While we appreciate the boxes of documents the Government has started to produce, of paramount importance is the immediate production of our client's "log book." The reason our client's "log book" is important, is that it contains all the controlled substance transactions our client's company Unimed Pharmaceuticals was involved in from 2000-2006. The Mexican authorities had to have seized this book in their March 2007 raid of our client's office and warehouse. Because you have stated on at least two occasions that the Mexican Government is cooperating with the U.S. Government to produce documents for this case, we ask that you contact the appropriate officials in Mexico and have them produce our client's "log book" immediately.

      As you know, the Asset Forfeiture Division of the U.S. Department of Justice has initiated a proceeding against our client in Hong Kong. A hearing is set for November 21, 2007. Because our client's "log book" will show clearly, the legitimacy of his pharmaceutical transactions, we ask that you expedite the production of this *one item* as it will prove our client's innocence both in the U.S. and abroad.

We appreciate your assistance and cooperation as always.

Very Truly Yours,

Martin F. McMahon, Esq.

# MARTIN F. MCMAHON & ASSOCIATES

1150 CONNECTICUT AVENUE, N.W.
SUITE 900
WASHINGTON, D.C. 20036

MARTIN F. MCMAHON
Managing Partner
Admitted in District of Columbia, New York
and U.S. District Court of Maryland

LISA D. ANGELO
Associate
Admitted in District of Columbia and
California

CHRISTINE M. HILGEMAN
Associate
Admitted in Virginia

Established 1978

TELEPHONE (202) 862-4343
FACSIMILE (202) 828-4130

www.martinmcmahonlaw.com

JASON A. DZUBOW
Of Counsel
Admitted in District of Columbia and
Maryland

CHRISTOPHER D. BROWN
Of Counsel
Admitted in District of Columbia and
Maryland

ROBERT MANCE
Of Counsel
Admitted in District of Columbia and
Maryland

January 14, 2008

**VIA FACSIMILE**

*Re: Zhenli Ye Gon's seized computer files*

Mr. Paul Laymon
Trial Attorney
Narcotic & Dangerous Drugs Section
1400 New York Avenue, NW
Bond Building, 8th Floor
Washington, DC 20530

Dear Paul:

As we discussed recently, while we are in receipt of the 48 DVD's containing files from Mr. Gon's laptop and desktop, these files are inaccessible unless accessed on a computer with the Encase operating system installed. Since we do not have this expensive program, and the government is unwilling to release the computers to us, we are unable to view any of the content on the DVD's given to us at this time. Consequently, we ask that an indexed list of the files contained on these DVD's be produced.

We understand from our recent conversation that the computers cannot be produced at our offices or at your offices, but instead must be maintained at the DEA offices in Lorton, VA, in order to avoid any unintentional destruction or manipulation of the data. Since the DEA technicians obviously took measures to document and preserve the chain of custody of the contents of the computers they analyzed, this chain of custody documentation need simply be produced. Specifically, we are seeking a list of all files on the laptop and desktop, including full details regarding the type of file, when it was created, who it was created by, when it was last modified, a brief description of the contents of each file, and an index indicating which DVD's contain which files.

This list is important for two reasons:



(1) This list will allow us to confirm, once we have access to Encase, that the contents of the DVD's match the files viewed by the DEA during the analysis.

(2) An indexed list will enable us to determine where to focus our efforts once we are able to view the contents of the DVD's.

Since we anticipate that most of the data we have requested has already been documented by the DEA during its analysis of the computers, we would like to receive the documentation as soon as possible, preferably within the next week.  If there is any information that we are seeking which the DEA is unable to provide for any reason, please ask the DEA technicians to provide a written explanation for why the specific data cannot be provided.

Thank you very much for your cooperation in this matter.

Sincerely,


Martin F. McMahon, Esq.

# MARTIN F. MCMAHON & ASSOCIATES

### 1150 CONNECTICUT AVENUE, N.W.
### SUITE 900
### WASHINGTON, D.C. 20036

MARTIN F. MCMAHON
   Managing Partner
   Admitted in District of Columbia, New York
   and U.S. District Court of Maryland

LISA D. ANGELO
   Associate
   Admitted in District of Columbia and
   California

CHRISTINE M. HILGEMAN
   Associate
   Admitted in Virginia

**Established 1978**

TELEPHONE (202) 862-4343
FACSIMILE (202) 828-4130

www.martinmcmahonlaw.com

JASON A. DZUBOW
   Of Counsel
   Admitted in District of Columbia and
   Maryland

CHRISTOPHER D. BROWN
   Of Counsel
   Admitted in District of Columbia and
   Maryland

ROBERT MANCE
   Of Counsel
   Admitted in District of Columbia and
   Maryland

February 1, 2008

SENT VIA FEDERAL EXPRESS MAIL
Office of General Counsel, Bank of America
c/o Legal Order Processing
5701 Horatio Street
Utica, NY 13502

     Re:  <u>U.S. v. Ye Gon</u>, 1:07-CR-00181

ATTN Office of General Counsel:

     We represent defendant in the above-cited criminal matter in the U.S. District Court of the District of Columbia. A major issue in this lawsuit concerns the involvement of Bank of America. It has come to our attention that cash seized from the home of our client in connection with this case was shipped from Mexico to Bank of America in New York for counting. To give you a better idea of what we are referencing, we suspect these shipments occurred between March and September 2007 and that the total was approximately $207 million dollars in U.S. currency.

     Please find enclosed a subpoena requesting information regarding the cash shipments received by Bank of America, the counting process, and the current status of the cash. You may direct your responses to the requests contained within Attachment A via mailings to my office.

     We respectfully request your voluntary compliance in connection with this matter. We believe that your answers to these requests for information are crucial to the discovery in the criminal case against our client. Due to the seriousness of this case, if we do not receive a response from you by March 3, 2008, we will be forced to seek traditional relief. However, we prefer to handle our request for information cooperatively. This is a request made in good faith and we hope to receive a good faith response.

     Please contact me directly at (202) 862-4343 with any concerns related to this subpoena or any clarification as to the information requested.



DEFENDANT'S
EXHIBIT

E

We thank you for your anticipated courtesy and cooperation with this matter.

Very Truly Yours,

Martin F. McMahon, Esq.

Enclosures:
Subpoena in a Criminal Case
Attachment A

Cc:
Paul Laymon
Trial Attorney
Narcotic & Dangerous Drugs Section
1400 New York Avenue, NW
Bond Building, 8th Floor
Washington, DC 20530

01/14/2008 16:06 FAX 202 354 3008        USDC CRIMINAL DIVISION                    @001/002

AO89 (Rev. 7/95) Subpoena in a Criminal Case

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

U.S.    v.    Ye Gon

**SUBPOENA IN A
CRIMINAL CASE**

Case Number: 1:07-CR-00181

TO: Office of General Counsel, Bank of America
c/o Legal Processing
5701 Horatio Street
Utica, NY 13502

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case.  This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☑ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

You are commanded to respond to the requests contained within Attachment A. Responses may be mailed directly to Martin F. McMahon, Esq, 1150 Conn. Ave. NW, Suite 900, Washington, DC 20036 by March 3, 2008.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| NANCY MAYER-WHITTINGTON CLERK | 1/25/08 |
| (By) Deputy Clerk |  |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER

(202) 862-4343

Martin F. McMahon, Esq., 1150 Conn Ave NW, Ste. 900, Wash. DC 20036

01/14/2008 16:07 FAX  202 354 3008          USDC CRIMINAL DIVISION                          ☒002/002

AO89 (Rev. 7/95) Subpoena in a Criminal Case (Reverse)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **RECEIVED BY SERVER** | | |
| **SERVED** | DATE | PLACE |

| SERVED ON (PRINT NAME) | FEES AND MILEAGE TENDERED TO WITNESS |
|---|---|
| | ☐ YES   ☐ NO   AMOUNT $ _____ |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER
_____

ADDRESS OF SERVER
_____

ADDITIONAL INFORMATION

Attachment A

1. Please describe the cash shipments from Mexico to Bank of America in connection with this matter. With respect to this request please indicate the dates of all cash shipments received from Mexico, the amount of funds for each shipment, the method of transportation from Mexico, and the addresses of the Bank of America branches/processing centers which received the cash.

2. Please identify by name and address all individuals, including but not exclusive to Bank of America employees, known to have handled the shipments described in Request Number 1.

3. Please provide copies of any correspondences with the government of Mexico in connection with these cash shipments, including but not exclusive to written instructions, emails, letters, facsimiles, reports, accountings, or summaries of telephone messages.

4. Please identify by name and address all individuals, including but not exclusive to Bank of America employees, known to have been involved in the counting of the cash received from Mexico.

5. Please describe the cash received from Mexico with respect to any physical observations. With respect to this request, indicate the denomination(s) of the bills and if the cash had any markings or detectable odor.

6. Please indicate if any sampling was done of the currency and identify any known currency serial numbers of the cash received.

7. After the counting process was completed, identify to whom Bank of America transferred the funds. Please indicate whether the funds were transferred back to the government of Mexico by Bank of America. With respect to this request, identify the date(s) and amount(s) of any electronic or physical transfers of funds from Bank of America to the recipient of the funds.

8. Please describe the current status of the currency received from the government of Mexico by Bank of America. With respect to this request, indicate whether the cash was reintroduced into U.S. circulation of currency.

9. If the cash was reintroduced into circulation in the U.S., describe the process. With respect to this request, identify the date(s) and any location(s) to which the cash was dispersed. If known, please reference the amounts of cash disbursed and serial numbers.