UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :Cr. No. 07-181 (EGS)
:
V. :
:
ZHENLI YE GON :

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION**

The United States of America, by and through undersigned counsel, hereby opposes defendant's motion for reconsideration. In his motion for reconsideration, defendant argues that: (1) the Court violated 18 U.S.C. § 3161(h)(8)(A) by granting the Government's motion to exclude additional time under the Speedy Trial Act without articulating its reasoning for tolling the speedy trial date; (2) the indictment should be dismissed for legal impossibility and for violation of defendant's due process rights; (3) a response to defendant's motion for bill of particulars is required; and (4) the statute of limitations for this offense should not be suspended pursuant to 18 U.S.C. § 3292. In his motion for reconsideration, defendant fails to provide any new information to this Court, nor does defendant present any other basis for this Court to reconsider its prior order. Accordingly, defendant's motion should be denied.

## Background

On December 7, 2007, defendant filed a motion to revoke the order for defendant's detention without bail. On the same day, the Government filed its second motion for exclusion of time under the Speedy Trial Act. On December 14, 2007, the parties filed their respective oppositions, and defendant also filed a motion to dismiss the indictment for the Government's

violation of the Speedy Trial Act. On December 18, 2007, defendant filed a reply to the Government's response to defendant's motion to revoke the order for defendant's detention without bail. On December 20, 2007, this Court heard oral arguments regarding whether the order for defendant's detention without bail should be revoked, as well as whether additional time should be excluded under the Speedy Trial Act. Upon considering the parties' motions, and the arguments and evidence introduced at the hearing, this Court denied defendant's motion to revoke the order for defendant's detention without bail and held that the speedy trial date is tolled through March 18, 2008 in the interest of justice. *See* Minute Order, dated December 20, 2007. On the same day, defendant filed this motion for reconsideration.

Discussion

To prevail on a motion for reconsideration of a pretrial order, "the movant must demonstrate that there has been 'an intervening change in controlling law,' there is 'new evidence,' or there is a 'need to correct clear error or prevent manifest injustice.'" *U.S. v. Libby*, 429 F.Supp.2d 46, 46-47 (D.D.C. 2006), quoting *United States v. Yakou*, Crim. No. 03-449, 2004 WL 884545, at *2 (D.D.C. Apr. 9, 2004). Because defendant has failed to satisfy any of these requirements, defendant's motion for reconsideration must be denied.

A. Defendant fails to provide any new evidence or satisfy any other requirements to warrant reconsideration of this Court's order.

In his motion for reconsideration, defendant fails to provide any new information to the Court. Rather, defendant reiterates many of the same arguments raised in his previous motions.

First, defendant argues that the Court violated 18 U.S.C. §3161(h)(8)(A) by failing to

address the balancing test required for the tolling of the Speedy Trial Act in the interest of justice, an argument previously raised in "defendant's opposition to Government's renewed motion to exclude time under the Speedy Trial Act and defendant's cross-motion for dismissal of the indictment for Government's violation, among others, of Speedy Trial Act" (Docket Entry 35, pages 3-7). To the contrary, however, the Court placed its reasoning on the record. The Court found that tolling of the Speedy Trial Act was warranted due to the complexity of this case, thereby justifying the exclusion of additional time pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii).[1]

However, even if the Court was silent on its reasoning for finding that the ends of justice were served by granting a continuance, the Court properly found that another 90 days should be excluded under 18 U.S.C. § 3161(h)(9). This Court so decided to exclude an additional 90 days because: (1) official requests had been made for evidence in foreign countries; and (2) that it reasonably appears that such evidence is in these foreign countries. *See* 18 U.S.C. § 3161(h)(9).

Second, defendant argues in his motion for reconsideration that the indictment should be dismissed for legal impossibility, as well as the violation of defendant's right to due process. Specifically, defendant argues that "N-Acytal-Pseudoephedrine" is not a controlled substance, and there is no evidence that defendant ever converted "N-Acytal-Pseudoephedrine" into "an illegitimate chemical substance." (Docket Entry 38, page 3). This Court already rejected this same argument when the defendant raised it at the December 20, 2007 hearing. *See United States v. Hsia*, 207 F.Supp.2d 1, 1 (D.D.C. 2002) (where defendant presented "essentially the same arguments" that the court had already rejected and failed to provide "any persuasive

---

[1] Due to technical difficulties, the transcript of the December 20, 2007 hearing is not yet available. If necessary, the Government will file a supplemental response upon receipt of said transcript.

reason" why the court should revise its earlier decision, defendant's motion for reconsideration of post-trial order was denied). As such, defendant's motion for reconsideration should not be granted on this basis.

In fact, defendant concedes that his motion for reconsideration does not contain any new information and is merely a means to respond to the arguments raised at the hearing given that "counsel was only given five minutes to present to the Honorable Court his oral argument while he was from time to time not allowed to even briefly respond or address all those critical issues raised by the prosecutors in their usually lengthy proffer." (Docket Entry 38, page 1). Accordingly, the instant motion must be denied.

B. A response to defendant's motion for a bill of particulars is premature at this time.

On October 31, 2007, defendant filed a motion for a bill of particulars. On November 7, 2007, defendant filed a supplemental motion for a bill of particulars. To date, the Government has not responded to either motion. At the hearing on December 20, 2007, the Government argued that it would be premature to respond to defendant's motions for a bill of particulars before the completion of discovery. This Court agreed, holding that a response to defendant's motion for a bill of particulars would not be required until discovery was complete. In his motion for reconsideration, defendant argues that a bill of particulars is needed, inter alia, because the Government has made inconsistent statements with respect to the evidence.

First and foremost, at this junction, it is not the Government's position that defendant is not entitled to a bill of particulars. Rather, the Government is merely contending that a bill of particulars would be premature at this time, as discovery is ongoing. *See United States v. Chalmers*, 410 F.Supp.2d 278, 285 (S.D.N.Y. 2006) ("given the volume of documents in this

case, it would be premature to require the Government to limit itself now to the specified acts of the Superseding Indictment or any additional acts it might be able to specify in a bill of particulars").

In addition, "[t]he determination of whether a bill of particulars is necessary 'rests within the sound discretion of the trial court' and will not be disturbed absent an abuse of that discretion." *United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006), *cert denied* 127 S.Ct. 989 (2007), quoting *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987); *see also United States v. Anderson*, 441 F.Supp.2d 15, 19 (D.D.C. 2006) (same). As held by this Court, "a bill of particulars is not a discovery tool or a device for allowing the defense to preview the government's evidence." *United States v. Brodie*, 326 F.Supp.2d 83, 91 (D.D.C. 2004). Moreover, "'it is not the function of a bill of particulars to provide detailed disclosure of the government's evidence in advance of trial.'" *Id*. (internal citation omitted). Indeed, a bill of particulars is not required where "the indictment is sufficiently detailed, or the requested information is available in some other form." *Id*. In fact, "where the discovery provided by the government has been voluminous," a defendant is generally not entitled to a bill of particulars. *Id*. at 92; *see United States v. Coleman*, 940 F.Supp. 15, 19 (D.D.C. 1996) (where the government intended to prove its case from the 14 boxes of discovery materials provided, defendant's motion for a bill of particulars was denied). Therefore, until discovery is complete, the issue of whether the Government must respond to defendant's motion for a bill of particulars is premature.

C. Defendant misapplies 18 U.S.C. § 3292.

Defendant argues that 18 U.S.C. § 3292 is inapplicable here because the Government

made its motion to toll the Speedy Trial Act only after the indictment was returned (Docket Entry 38, page 8). Defendant's argument is erroneous. 18 U.S.C. § 3161(h)(9) provides:

> "(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, *or in computing the time within which the trial of any such offense must commence*:
>
> (9) Any period of delay, not to exceed one year, ordered by a district court upon an application of a party and a finding by a preponderance of the evidence that an official request, *as defined in section 3292 of this title*, has been made for evidence of any such offense and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country." (emphasis added).

Thus, § 3292(d) merely provides the definition of an official request. Therefore, contrary to defendant's contention, § 3292(d) is applicable here, and the filing of an application to toll the Speedy Trial Act need not be made before the return of an indictment.

## Conclusion

This Court has now held on three occasions that defendant should be detained without bail because there are no conditions or combination of conditions to assure defendant's appearance and the safety of the community given that defendant is a risk of flight and a danger to the community. Likewise, this Court has found on two separate occasions that the exclusion of time under the Speedy Trial Act is warranted due to the complexity of the case, as well as the need to obtain evidence from foreign countries through official requests. Defendant has not presented any new evidence or any other reason why this Court should revisit its prior order. Therefore, for the foregoing reasons, the United States respectfully asks the Court to deny defendant's motion for reconsideration. *See United States v. Narain*, 2007 WL 1169335, *1-3 (D.D.C. April 19, 2007) (denying defendant's motion for reconsideration of pre-trial detention

order); *United States v. Winston*, 1990 WL 39749 (D.D.C. 1990) (motion for reconsideration of denial of motion for revocation of detention order was denied where previous denial "was based on an earlier finding that defendant posed a risk to the community," and defendant failed to introduce new evidence to justify reversing the court's earlier finding).

/s/

WANDA J. DIXON
PAUL LAYMON
MARY E. MOGAVERO
ROBERT STAPLETON
Trial Attorneys
United States Department of Justice
Narcotic and Dangerous Drug Section
1400 New York Avenue, NW Room 11406
Washington, DC 20530
(202) 305-2795

**Certificate of Service**

I hereby certify that, on this 13th day of February 2008, I electronically filed the foregoing opposition with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Martin F. McMahon, Esq.
Martin F. McMahon and Associates
1150 Connecticut Avenue, N.W.
Suite 900
Washington, D.C. 20036

Ning Ye, Esq.
Martin F. McMahon and Associates
1150 Connecticut Avenue, N.W.
Suite 900
Washington, D.C. 20036

/s/
MARY E. MOGAVERO
Trial Attorney
United States Department of Justice
Narcotic and Dangerous Drug Section
1400 New York Avenue, NW Room 11406
Washington, DC 20530
(202) 305-2795