IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| The United States of America )<br>)<br>)<br>)<br>v.     )<br>)<br>Zhenli Ye Gon,       )<br>)<br>Defendant  )<br>_____) | File: 07-181<br>Hon. Emmit G. Sullivan |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION
FOR SPEEDY TRIAL EXTENSION**

**INTRODUCTION AND BACKGROUND**

Over the past six months, since this Court granted the Government's first motion for a Speedy Trial extension on September 7, 2007, this case has become a massive discovery undertaking. Although the Government represented to this Court at the September 7, 2007 hearing that they were not really asking for a year to complete discovery in this case, (Sep. 7, 2007 Tr. at 34), prosecutors recently informed defense counsel of their intent to take depositions in Mexico in July 2008 – which will take discovery well past the statutory limit of one year. This calls into question why depositions could not have been taken earlier, and should be considered in light of the many other examples of delay that should preclude the granting of yet another extension.

1. Despite the Government's representation at the February 5, 2008 status conference that the second batch of 25,000 pages of documents from Mexico would be produced within 30 days, these documents have yet to be produced, and the Government has yet to respond to defense counsel's inquiries regarding the status of these documents.

1

2.  After numerous requests by defense counsel, in February 2008, the Government finally produced DVD's purportedly containing the data image files of computers seized from Mr. Gon in July 2007. These data image files, after being in the custody of the Government for seven months, were produced with such high levels of corruption that large portions of the files were unreadable and the desktop file structure of one of the computers was not even viewable. Additionally, the Government has denied defense counsel's request to have a computer expert examine the computers to assess the extent and cause of the corruption.

3.  The Government has also ignored defense counsel's requests for the cell phones seized from Mr. Gon at the time of his arrest. The Government has had these cell phones for eight months, and has proffered no valid reason for the delay in producing the cell phones or the data contained in them.

4.  Although the Government has frequently stated its intention to file formal requests in Mexico and China, and has provided dates for doing so,[1] the only country to which the Government unequivocally states in its brief that a formal request has been filed is Germany – a country which cannot possess evidence relevant to the methamphetamine charges.

5.  Two additional COFEPRIS audits (see Exhibits 2 and 3 to Defendant's Renewed Motion to Reconsider), which were part of the first 26,000 documents produced by the Government, were recently translated by the defense and remove any doubt as to the existence of the Unimed log books, which defense counsel have been requesting for eight months. The Government has not produced them.

---

[1] At the February 5, 2007 status hearing, the Government stated that the formal requests to Mexico would be made by March 18, 2008. However, the Government's brief shows no indication that the Government intends to adhere to that deadline.

The Government's delays must also be considered in light of the absence of evidence linking Mr. Gon to the crime charged. Notwithstanding the massive extent of discovery in this case, no evidence has emerged linking Mr. Gon to the alleged production of methamphetamine or its alleged importation into the United States. However, the Government relies solely on the following claims in support of its motion: (1) that the case is complex, thus warranting an extension under § 3161(h)(8)(B)(ii); and (2) that the Government has made formal requests to Mexico, China and Germany for evidence in those countries, thus warranting an extension under 3161(h)(9).

These grounds for extension of the Speedy Trial clock are not available to the Government for two reasons: First, a lack of diligent preparation by the Government now bars the Government from obtaining an extension under § 3161(h)(8)(B)(ii) on complexity grounds. See 18 U.S.C. § 3161(h)(8)(C)(ii) (stating that no continuance should be granted when it is sought due to lack of diligent preparation). Secondly, although the Government carefully avoids admitting outright that formal requests to China and Mexico[2] have not yet been made, their brief is unequivocal with respect to only a single country receiving a formal request – Germany. Since the Government must show both that a formal request has been made to a foreign country, *and* that evidence will be found there, this cannot support an extension – as there is no possibility

---

[2] Additionally, any formal requests made at this point are too late, on their own, to warrant an extension of the Speedy Trial Act. Under 18 U.S.C. 3292, a formal request as referenced in 18 U.S.C. 3161, is defined as a request made *before indictment*. See 18 U.S.C. 3292(a)(1) ("Upon application of the United States, *filed before return of an indictment*, indicating that evidence of an offense is in a foreign country"). While the Government argues that an official request under §3292 is defined solely by §3292(d), and consequently that §3292's requirement that the Government file its formal requests *before the return of an indictment* does not apply, the statute's plain language does not support this contention -- §3161 does not restrict the definition of a formal request to §3292(d), but instead refers to the provision in its entirety. See DeGeorge v. United States Dist. Court, 219 F.3d 930, 936 (9th Cir. 2000) ("The first step in ascertaining congressional intent is to look to the plain language of the statute."). Consequently, this ground for granting an extension was improperly applied.

3

of evidence in Germany that is relevant to the methamphetamine charges against Mr. Gon. See 18 U.S.C. § 3161(h)(9).

**ARGUMENT**

I.  THE GOVERNMENT'S DILATORY CONDUCT PRECLUDES GRANTING AN EXTENSION PURSUANT TO § 3161(H)(8)(B)(II)

The provision of the Speedy Trial Act on which the Government relies, 18 U.S.C. § 3161(h)(8)(C), provides that "[n]o continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the court's calendar, *or lack of diligent preparation* or failure to obtain available witnesses on the part of the attorney for the Government." (emphasis added).  The record reflects ongoing, critical delays in discovery in this case that are solely attributable to the Government's conduct.

For example, at the September 7, 2007 hearing the Government explained that there were 11 boxes of documents in the possession of the Government that had not yet been produced, citing the need to scan these documents "page by page by page, one page after another."  By the November status conference, the Government had turned over only 8 boxes of documents, indicating that the remaining boxes were in Mexico.

The Government also first informed the Court and Defense counsel at the November status conference that it had an additional 25,000 pages of documents from Mexico in its possession that it would be producing.  As of the February 5, 2008 status conference, those documents had not yet been produced (the Government once again cited scanning issues as the reason for delay).  Although the Government promised at the February 5, 2008 status conference to produce these documents within 30 days, they still have not been produced.

Also at the September 7, 2007 hearing, the Government claimed to be pursuing evidence from China, and "that will be accomplished very soon." Sep. 7, 2007 Tr. at 29.  At the December

4

20, 2007 hearing, three months later, however, when the Government sought a second extension of the Speedy Trial Act, the Government represented that formal requests to China had *not* been made. Dec. 20, 2007 Tr. at 36. Now, as the Government seeks yet another extension, there is no unequivocal acknowledgement that the Government has made a formal request to China – almost six months later.

Moreover, the Government's various proffers leave open the question as to whether a formal request to Mexico has even been made. Despite stating that MLAT requests were made to Mexico at the December hearing (Tr. at 36), the Government admitted at the February status conference that they had *not* made a formal request to Mexico and informed the Court that such a request would be made by the upcoming hearing on March 18, 2008. The fact that the Government's most recent brief does not state unequivocally that the formal request has been made suggests, of course, that it has not.

To the extent that the above proffers influenced this Court's decision to grant a Speedy Trial continuance, they warrant close scrutiny, particularly as the Government expects Mr. Gon to continue to sit in jail for a year and beyond.

II.     A FORMAL REQUEST TO GERMANY IS AN IMPROPER BASIS FOR CONTINUANCE, AS NO RELEVANT EVIDENCE CAN BE FOUND THERE

The only country that the Government unequivocally states that a formal request has been made to – Germany – is a country that could not possibly possess evidence relevant to the charges of manufacturing methamphetamine in Mexico or importation of methamphetamine into the United States. Moreover, at the Dec. 20 hearing, the defense *stipulated* that Mr. Gon imported from Germany various pharmaceutical machinery and equipment for his new state-of-the-art pharmaceutical manufacturing facility in Toluca, Mexico. Nor has the Government ever explained why it is pursuing discovery in Germany. Under these strange circumstances, it is

5

hardly unreasonable for the defense (and the Court) to conclude that the requests to Germany are simply a tactic for buying more time under the Speedy Trial Act.

III.  AN ADDITIONAL 90-DAY EXTENSION WOULD VIOLATE THE SPEEDY TRIAL ACT AND WARRANT DISMISSAL OF THE INDICTMENT

In Zedner v. United States, 547 U.S. 489, 506 (2006), where the district court had not "made an express finding on the record about the ends-of-justice balance," the Supreme Court unanimously held: "The Act requires that when a district court grants an end-of-justice continuance, it must 'set forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice are served and they outweigh other interests." The Supreme Court also held that: "no . . . period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable . . . unless the court sets forth . . . its reasons for (its) finding[s].'" Id.

Although this Court found that the case was complex and that the Government had made formal requests, this determination did not consider all of the relevant factors, including the Government's dilatory conduct and the lack of formal requests before the indictment came down. But an extension under "3161(h)(8)(A) is not satisfied by the District court's passing reference to the case's complexity . . . " Id. "The sanction for a violation of the Act is dismissal," and it is for the District Court to decide whether the dismissal should be with or without prejudice. Id. Dismissal is required here for the same reasons.

Respectfully Submitted,

/s/ Martin F. McMahon, Esq.
Martin McMahon, Esq., D.C. Bar # 196642
Martin McMahon & Associates
1150 Connecticut Ave., N.W.
Suite 900
Washington, D.C. 20036

6

(202) 862-4343
mfm@martinmcmahonlaw.com

*Counsel for Defendant Ye Gon*

*Of counsel:*

James M. Ludwig, Esq., D.C. Bar # 427884
1150 Connecticut Ave. N.W.
Suite 900
Washington, D.C.  20036
(202) 862-4343

## CERTIFICATE OF SERVICE

I hereby certify that, on this 10th day of March, 2008, I electronically filed the foregoing Opposition with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Paul Laymon, Esq.
U.S. Dept. of Justice
1400 New York Avenue, NW
Bond Bldg. 8th Fl
Washington, DC 20530

/s/ Christine Hilgeman