IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| The United States of America | ) | |
| | ) | |
| Plaintiff | ) | File: 07-181 |
| | ) | The Hon. Sullivan |
| against – | ) | |
| | ) | |
| Zhenli Ye Gon | ) | |
| Defendant | ) | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S RENEWED MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

Comes now the Defendant to respectfully oppose the Government's third Motion to further tolling the STA clock.  Government may now be barred, as matter of law, from raising such a renewed Motion because the issues of further tolling of STA clock has now become *moot\** given the Government's repeated violations of Speedy Trial Act, having rendered such violations as an irreparable error, the well established precedents have provided clear-cut relief to the victim, having eliminated any living controversy.

In terms of the Defendant's constitutional right for Speedy Trial under Sixth Amendment as well as his statutory rights under STA Act has been irreversibly violated, as it will be discussed *infra*.  The Government's renewed motion for further tolling of the STA clock is not the proper remedy to revive the already-dead matter as operation of law unless something very unprecedented happens in this extremely unconventional criminal prosecution.

Rule 48(b), Fed. R. Crim. P. authorizes the trial court to dismiss indictment if there is "unnecessary delay" in presenting the charge to a grand jury, in filing an information, or **in bringing a defendant to trial**. (emphasis added).  This instant case precisely fits the category of such dismissal given to the fact that irreparable and dismissible failures have already been made in the records, consequently, the indictment and information should be dismissed with prejudice, even without touching the more

---

\* A U.S. Federal Court shall not adjudicate a moot controversy is an issue implicitly provided in Art. III, of the Constitution.  The test for mootness is whether there is a live controversy for the U.S. Federal Courts to adjudicate.  Deakins v. Monaghan, 484 U.S. 193-199 (1988) see also GTE Cal., Inc. v. FCC, 39 F3d, 940, 945 (9th Cir. 1994)

1

broad-based dismissible errors that have demonstrated a frivolous prosecution. Further, this Honorable Court may consider to summarily dismiss the "information and Indictment" in addition to instantly deny the Government's third Motion for tolling of the STA clock. Defendant respectfully moves that this Honorable Court summarily dismiss the "information and Indictment" concerning instant case, in addition to instantly deny the 3rd Motion for Tolling, pursuant to 18 USC 3161(h)(8)(A)*, while following the judicial interpretation of 18 USC 3161(h)(8)(A), for relevant part controlling the "end of justice" tolling of STA clock set forth in Zedner v. United States 547 U.S. 489; 126 S. Ct. 1976, 2006 U.S. Lexis 4509

. This Honorable Court may also cross-reference the provision of 18 U.S.C. 3162(a) and (b), which bars such tolling of STA clock for government's error of untimeliness under the STA, in addition to other legal basis governing such violations of the STA restrictions in alleged bad faith specified in Defendants prior broad-based Motion for dismissal, and his Reply Briefing in response to Government's Opposition to Defendant's Motion for Reconsideration.

The Speedy Trial Act provides that if a defendant is not brought to trial within the 70-day period, "the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C. 3162(a)(2). Further, the most recent precedent establishes in this Jurisdiction, the statute's mandatory language stating that, in the event of a violation of speedy trial, the "indictment shall be dismissed." As the "only recourse". (United States v. Lorenzo R. S. Anders No. 02cr0055-02, decided May 11, 2007, US DC Cir.) Now, it is high time for this Honorable Court to consider to exercise such an "only recourse" now.

While granting Defendant's Motion for Dismissal based upon his alleged "violation of STA" that appears to have repeatedly violated, this Honorable Court may take into account whether such delay of justice has brought in prejudicial consequences to the Defendant. The answer to this question may be inferred to by two factual matters:

---

*18 USC 3161 (h)(8)(A) provides, for the relevant part:

"No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection *unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."* (emphasis added)

A. , Given to the Defendant's open-ended, punitive, and ever-lasting pretrial imprisonment for government's unfounded charges which have clearly demonstrated a drastically growing distance away from factual truth.   B. With two governments (Government of Mexico, and Government of the United States) having actively involved in preparing and pursuing this instant case, well documented evidence has undisputedly demonstrated that either one, hopefully not both ones, has/have committed probably egregious misconducts in making, fabricating, misrepresenting the prosecutorial evidence, particularly in the wake of growing probative evidence having emerged as in exculpatory and rebuttal nature.  "Thin" charging evidence, if ever any, that had been presented to the Grand Jury to secure the Indictment has now become much thinner, after approximately 7-month post-indictment wasteful fishing trip (excluding approximately 17 month pre-Indictment joint criminal investigation).   While any such further delay has opened the door wider to potentially facilitate the scheme of deliberately exploiting from such delay of justice in violation of speedy trial Act, which is prejudicial to Defendant's undeniable constitutional and statutory rights.   U.S. v. Marion, 404 US 309, 317 (1971) and Dickey v. Florida, 398 U.S. 30, 37-38 (1970).

    Counsel for the Defendant has noticed that the Government, in its third Motion for further tolling of the STA clock, while maintaining its unrelenting demands to keep this allegedly innocent defendant in open-ended pretrial imprisonment, has made correctional efforts to include the balancing test statement in rationalizing its "end of justice" tolling request.  Government's such correctional efforts may have come too late after it had twice, repeatedly, or recklessly, refused to include the said statement  into its Motion for Tolling of STA clock.

    Moreover, during the first status conference, while defending Government's request for one-year tolling of the STA clock, Paul Laymon, Esq. stated that the Government might only need 6-months, instead of 12 months, to finish its discovery of evidence.  Now, it has entered the eighth month, the "snail-pace" fishing trip has produced none, but heavy chain of evidence in exculpatory nature.  Such a factual reality does not bother the Government to seek for more and more additional tolling, while

comfortably leaving the presumed innocent Defendant to stay in an open-ended pretrial detention.

It is made clear in a most recent case as Zedner v. United States, the U.S. Supreme Court finds that the District has "never made an express finding on the records about the ends-of-justice balance" test, it unanimously held: "The Act requires that when a district court grants an end-of-justice continuance, it must '*set forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice are served and they outweigh other interests.*"  In exactly mirroring the instant case, the Supreme Court clearly held: "But Section 3161 (h)(8)(A) is explicit that '*no… period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable…unless the court sets forth…its reasons for (its) finding[s]*' (emphasis added) Thus, without on-the-record findings, there can be no exclusions under 3161 (h)(8)(A)." The Unanimous Supreme Court pinpointed: "Here, the District court set forth no such findings at the January 31 status conference, and 3161 (h)(8)(A) is not satisfied by the District court's passing reference to *the case's complexity* in its [***34] ruling on petitioner's motion to dismiss."     Finally, the unanimous Supreme Court concludes:  "The sanction for a violation of the Act is dismissal." Leaving with the District Court to decide is whether the dismissal should be with or without prejudice.  Zedner v. United States, 547 U.S. 489; 126 S. Ct. 1976, 2006 U.S. Lexis 4509

Wherefore, based upon the foregoing, Defendant respectfully moves that this Honorable Court, in addition to instantly deny the Government's third Motion for further tolling of STA clock,  summarily dismiss the "Information or Indictment" for Government's repeated violation of Speedy Trial Act, in addition to other violations in alleged bad faith.

4

The Defendant also respectfully prays that this Honorable Court schedule oral argument sessions to adjudicate Defendant's other important pending motions, opposed or unopposed by the Government, if it finds it still necessary and appropriate.

Respectfully submitted by:

Ning Ye, Esq., (MD 26804)

/s/ Ning Ye, Esq._____
Ning Ye, Esq., DC BAR Number: MD 26804
36-26A Union Street, 3rd Floor
Flushing, NY 11354
(718) 308-6626
ynyale@aol.com
*Counsels for Defendant Ye Gon*

5

CERTIFICATE OF SERVICE

On this 11th day of March, 2008, I electronically filed this Notice of Change o Adres with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following addressee:

Paul Laymon, Esq.

Wanda Dixon, Esq.

U.S. Dept. of Justice

1400 New York Avenue, NW, 8th floor

Washington, DC 20530

Ning Ye, Esq.   (MD26804)
Co-Counsel for the Defendant
36-26 Union Street, 3rd Floor
Flushing, NY 11354
Telephone: 718-308-6626
Fax: 718-321-7722
Email.: ynyale@aol.com