UNITED STATES DISTRICT COURT
FOR THE  DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA                    :Cr. No. 07-181 (EGS)
                                            :
        V.                                  :
                                            :
ZHENLI YE GON                               :

GOVERNMENT'S MOTION TO STRIKE PLEADINGS FILED BY NING YE
AND TO PROHIBIT HIS PARTICIPATION IN COURT PROCEEDINGS

Comes now the government, by and through the undersigned attorneys, and moves that

the Court strike from the record the pleadings filed by attorney Ning Ye on March 10, 2008 and

March 11, 2008.  The government also moves that the Court issue an order prohibiting Mr. Ye

from appearing in Court on behalf of the defendant, and prohibiting him from making any

representations, oral, written, or otherwise, on behalf of the defendant until the matter of his Bar

status in the District of Columbia is resolved.  As reasons for its motion, the government states

the following:

1.  An emergency hearing was held in this case on February 27, 2008.  At that time, it

came to the attention of the Court and the parties that defense attorney Ning Ye may not be a

member of the Bar of the District of Columbia.  There was also no indication in the record that

Mr. Ye had been authorized to represent the defendant as a result of an order on a *pro hac vice*

motion.  Mr. Ye was advised to look into the matter, and to take whatever steps were necessary

to clarify his status with regard to this case.

2.  Undersigned government counsel have been in contact with the Committee on

Admissions for the District of Columbia Court of Appeals, as well as the Admissions

Department for the United States District Court for the District of Colombia.  Both offices say

that Mr. Ye is not a valid member of their respective bar associations as of March 17, 2008.

      3.  The Local Rules of the United States District Court for the District of Columbia govern the practice and appearance in court by attorneys.  The Local Rules distinguish between practice by attorneys who are members of the Bar of this Court, practice and participation by attorneys who are not members of the Bar of this Court, and practice by attorneys employed by the United States.  See LCrR 44.1(a), (c), (d), and (e) (effective as of October 12, 2006).

      4.  Here, Mr. Ye appears to be a member of the Bar of the state of New York.  He has signed pleadings that he filed in this case prior to March 10, 2008 with DC Bar number MD26804.  However, this is not a valid District of Columbia Bar number.   On pleadings filed prior to March 10, 2008, he gave the address: 1150 Connecticut Avenue, NW Suite 900, Washington, DC 20036, and the phone number 202-862-4343.  On the pleadings filed on March 10 and 11, 2008, he gave the same bar number, but did not style it as DC bar number.  On those pleadings he gave the address:  36-26 Union Street, 3rd Floor, Flushing, NY 11354, with telephone number 718-308-6626.  On March 10, 2008, Mr. Ye filed a change of address form with the Court.  However, with that filing, he merely changed his address from one New York office to another.  He has never filed a form with this Court changing his address from the Washington office to a New York office.

      4.  According to LCrR 44.1(c), if Mr. Ye is not a member of the Bar of the United States District Court for the District of Colombia, he may only file pleadings in this case if he joins a member of the Bar of this Court.  All papers submitted by him must have both his signature and the signature of the Bar member.  However, if the attorney practices from an office located in the District of Columbia, he must be a member of the District of Colombia Bar and a member of the

Bar of this Court to file papers in this Court.[1]

5. According to LCrR 44.1(d) if Mr. Ye is not a member of the Bar of this Court, he may be heard in open court only with permission from the assigned judge. If he seeks to appear *pro hac vice*, he must file the appropriate motion, signed by a sponsoring attorney who is a valid member of the Bar, accompanied by the appropriate declarations.

6. Mr. Ye has done none of the things necessary to allow him to file pleadings or make appearances in this case. Initially, it is not clear whether he is a member of the District of Columbia Bar. He has filed pleadings in this case both ways–sometimes indicating that he has a District of Columbia Bar number, and lately, indicating that he does not. In order to make attorney visits to the District of Columbia Jail, he displayed a card indicating that he is a member of the Bar of this Court. However investigation as late as March 17, 2008 indicates that while at one time he was a valid member of the Bar of the Court, at this time he is not. His pleadings are signed with his name only–there is no other attorney's signature attached. He has given a District of Columbia address on some pleadings and a New York address on others. All of these things make it difficult to determine whether he should fall under the purview of LCrR 44.1(a), governing attorneys who are members of the Bar of this Court, or LCrR 44.1(c)and (d), which govern attorneys who are not members of the Bar of this Court.

7. Unless and until these issues are clarified, and Mr. Ye takes the appropriate steps to bring himself into compliance with the requirements of the Rules of the Bar of this Court, the government moves that his pleadings filed on March 10 and 11, 2008, be stricken, and that he be

---

[1] The comments to this rule indicate that as a general matter, the attorney who has an office in DC and files papers in Court should be a member of the Bar of this Court and a member of the District of Colombia Bar.

prohibited from making oral or any other representations in Court in this matter.[2]

                                        Respectfully submitted

                                        KENNETH BLANCO, Chief
                                        Narcotic and Dangerous Drug Section


                                        _____/s/_____
                                        Wanda J. Dixon
                                        Paul Laymon
                                        Mary Mogavero
                                        Robert Stapleton
                                        Trial Attorneys
                                        Criminal Division
                                        U.S. Department of Justice
                                        1400 New York Avenue, N.W.
                                        Suite 8000
                                        Washington, D.C.  20005
                                        (202) 307-0377

---

[2] At this time, the government's motion to strike only goes to the pleadings Mr. Ye filed on March 10 and 11, 2008.  This is because these pleadings were filed after the emergency hearing on February 27, 2008 wherein Mr. Ye was advised that there were problems with his Bar status.  The government defers to the Court and to any pending investigations as to whether all of Mr. Ye's written pleadings filed in this case should be stricken at this or any other time.

**(g)**    Any of the time periods set forth in this Rule may be modified by the Court on its own motion, or at the request of a party or the probation officer for good cause shown, and the Court may direct that the evidentiary hearing provided for in subsection (d) shall be held on the sentencing date. However, the 10-day period set forth in subsection (a) may be diminished only with the consent of the defendant.

**(h)**    Nothing in this Rule requires the disclosure of any portions of the presentence report that are not disclosable under Rule 32 of the Federal Ruses of Criminal Procedure.

**(i)**    The presentence report shall be deemed to have been disclosed (1) when a copy of the report is physically delivered, (2) one day after the report's availability for inspection is orally communicated, or (3) three days after a copy of the report or notice of its availability is mailed

# LCrR 44.1

# PRACTICE BY ATTORNEYS

**(a)**    **PRACTICE BY MEMBERS OF THE BAR OF THIS COURT.**

An attorney who is a member in good standing of the Bar of this Court may appear, file papers and practice in this Court, provided that the attorney complies with section (b) of this Rule.

**(b)**    **APPEARANCE AS SOLE OR LEAD COUNSEL IN A CONTESTED EVIDENTIARY HEARING OR TRIAL ON THE MERITS.**

Each attorney who acts as sole or lead counsel in any contested evidentiary hearing or trial on the merits, civil or criminal, must have on file with the Clerk's office a certificate, in a form prescribed by the Clerk, that the attorney

    **(1)**    has previously acted as sole or lead counsel in a federal district court or the Superior Court of the District of Columbia or a state trial court of general jurisdiction in a contested jury or bench trial or other contested evidentiary hearing in which testimony was taken in open court and an order or other appealable judgment was entered; or

    **(2)**    has participated in a junior capacity in an entire contested jury or bench trial in a federal district court or the Superior Court of the District of Columbia or a state trial court of general jurisdiction; or

146

(3)    has satisfactorily completed a continuing legal education trial advocacy course of at least 30 hours sponsored by the District of Columbia Bar or accredited by a State Bar.

**(c)    PRACTICE BY NON-MEMBERS OF THE BAR OF THIS COURT.**

(1)    An attorney who is a member in good standing of the bar of any United States Court or of the highest court of any State, but who is not a member of the Bar of this Court, may file papers in this Court only if such attorney joins of record a member in good standing of the Bar of this Court. All papers submitted by non-members of the Bar of this Court must be signed by such counsel and by a member of the Bar of this Court joined in compliance with this Rule.

(2)    Paragraph (1) above is not applicable to an attorney who engages in the practice of law from an office located in the District of Columbia. An attorney who engages in the practice of law from an office located in the District of Columbia must be a member of the District of Columbia Bar and the Bar of this Court to file papers in this Court.

**(d)    PARTICIPATION BY NON-MEMBERS OF THIS COURT'S BAR IN COURT PROCEEDINGS.**

An attorney who is not a member of the Bar of this Court may be heard in open court only by permission of the judge to whom the case is assigned. Any attorney seeking to appear *pro hac vice* must file a motion signed by a sponsoring member of the Bar of this Court, accompanied by a declaration by the non-member that sets forth: (1) the full name of the attorney; (2) the attorney's office address and telephone number; (3) a list of all bars to which the attorney has been admitted; (4) a certification that the attorney either has or has not been disciplined by any bar, and if the attorney has been disciplined by any bar, the circumstances and details of the discipline; (5) the number of times the attorney has been admitted *pro hac vice* in this Court within the last two years; and (6) whether the attorney, if the attorney engages in the practice of law from an office located in the District of Columbia, is a member of the District of Columbia Bar or has an application for membership pending.

**(e)    ATTORNEYS EMPLOYED BY THE UNITED STATES.**

An attorney who is employed or retained by the United States or one of its agencies may appear, file papers and practice in this Court in cases in which the United States or the agency is a party, irrespective of (c) and (d) above.

**(f)    ENTRY AND WITHDRAWAL OF APPEARANCE.**

Attorneys may enter and withdraw appearances in civil actions as provided in LCvR 83.6 of these Rules, and in criminal actions as provided in LCrR 44.5 of these Rules.

**(g)    STRIKING APPEARANCE FOR NONATTENDANCE AT COURT PROCEEDINGS.**

The Court may, upon notice and after affording an opportunity to be heard, strike the appearance of any attorney in a particular case for failure, without adequate cause, to attend any hearing, conference or other proceeding. The fact that an attorney's residence or office is located at a place distant from the District of Columbia does not constitute grounds for rescheduling or failing to attend court proceedings.

**(h)    CERTIFICATION BY NON-MEMBERS OF THE BAR OF THIS COURT.**

An attorney who appears, files papers and practices in this Court pursuant to (e), (f) or (g) above, shall file certification of personal familiarity with the Local Rules of this Court and, as appropriate, the other materials set forth in LCrR 57.21 (b) and LCrR ) simultaneously with each initial appearance by the attorney before a judge of this Court.

*COMMENT TO RULE LCrR 44.1(c)(2)***:** *LCrR 44.1(c)(2) has been added to conform the Rule of this Court to the current practice of the District of Columbia Committee on Unauthorized Practice, and to recognize that, as a general matter, attorneys who engage in the practice of law from an office located in the District of Columbia and who file papers in Court should be a member of the Bar of this Court and the District of Columbia Bar.*

*COMMENT TO  LCrR 44.1(d):* *The original intent of this rule was that the "submission" by non-members of the Bar seeking pro hac vice admission be provided in the form of a declaration or affidavit as is customary in such circumstances. This section has now been amended to clarify the responsibility of non-members of this Court's Bar.*

8/12

02-27-2008

03:11:08 p.m.

DC JAIL

202 673 4359

NING   YE




ATTY REG #  4033585

HT  5    7          EYE   Brown

DOB  6/3/1952

ID Expires    **06/03/09**

NEW YORK STATE
Unified Court System
**ATTORNEY SECURE PASS**  Chief Administrative Judge

Jonath... ...pman



DL  Class  C  Driver's L...  *Maryland*

LIC #: Y-000-630-014-417

NING YE
504 WATTS BRANCH PKWY
POTOMAC M MD 20854

BIRTH DATE: 06-03-1952
EXPIRES: 06-03-2009
Sex: M    HT: 5-09   WT: 146
Restr: B          Type. D1
Issue Date: 02-04-2006          06-03-19...

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

*NING   YE*

BAR NO.: MD26804
ADMISSIONS DATE: June 7, 2004

*Yen 1840*
*dcd-cmecfaded usc... ...* *58yr...*

UNITED STATES DISTRICT COURT
FOR THE  DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA           :Cr. No. 07-181 (EGS)
                                        :
    V.                                   :
                                        :
ZHENLI YE GON                           :

PROPOSED ORDER OF DETENTION

     Upon consideration of the government's motion to strike pleadings filed by Ning Ye and

to prohibit his participation in court proceedings, it is, this _____ day of March, 2008,

     ORDERED, that the government's motion is GRANTED.  The pleadings filed by Mr. Ye

on March 10 and 11, 2008 will be stricken, and Mr. Ye is prohibited from participation in court

proceedings in this case.


DATE: _____          _____
                                           EMMET G. SULLIVAN, JUDGE
                                           UNITED STATES DISTRICT COURT