UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 07-181 (EGS) |
| | ) | |
| Zhenli Ye Gon, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

The defendant, Zhenli Ye Gon, is charged by indictment with conspiracy to aid and abet in the manufacture of 500 grams or more of methamphetamine, a Schedule II controlled substance, intending and knowing that it would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959, 963 and 960, and 18 U.S.C. § 2. Upon consideration of defendant's Renewed Motion for Reconsideration of the Order of Detention, and the government's Renewed Motion to Exclude Time from the Speedy Trial Clock, the responses and replies thereto, oral arguments, and the applicable law, and consistent with the Court's oral ruling at the March 18, 2008 Motions Hearing, the Court **DENIES** defendant's motion for reconsideration and **GRANTS** the government's motion to exclude time from the Speedy Trial Clock.

## I.    Background

On August 3, 2007, the defendant was arraigned before Magistrate Judge Alan Kay, and upon the government's request, a

detention hearing was held.  At this hearing, the government,

proceeding by way of proffer, explained that in December 2006,

Mexican authorities had seized 19 tons of a chemical containing

pseudoephedrine, which were being illegally imported from China

into Mexico by the Defendant's pharmaceutical company, Unimed.

*See* Docket Entry [6] at 1-2.  Pseudoephedrine is an ingredient

used in the manufacture of controlled substance methamphetamine.

The government further stated that in March 2007, Mexican

authorities executed a search warrant at Defendant's home and

found $205 million in United States currency and approximately $2

million in foreign currency, as well as several guns, including

an AK-47 assault rifle and a semiautomatic pistol with a

silencer.  *Id.* at 2.   Upon finding that "no condition or

combination of conditions could reasonably assure the appearance

of the defendant as required and the safety of other persons and

the community," Judge Kay granted the government's request to

hold the defendant without bail.  *See* 18 U.S.C. § 3142(f)(1).

Thereafter, the defendant filed a motion for bond and

revocation of the detention order, pursuant to 18 U.S.C. §

3145(b), and the government filed a motion to exclude time from

the Speedy Trial Clock, pursuant to 18 U.S.C. §§ 3161(h)(8)(A),

3161(h)(8)(B)(I) and (ii), and 3161(h)(9).  On September 7, 2007,

a motions hearing was held, in which the Court denied defendant's

motion to revoke the detention order and granted the government's

motion to exclude time from the Speedy Trial Clock.  The Speedy
Trial Clock was tolled for ninety days, until December 20, 2007,
with status hearings scheduled every thirty days to monitor the
government's diligence in preparing for trial.

On December 7, 2007, the defendant filed a renewed motion to
revoke the detention order, and the government filed its second
motion to exclude time from the Speedy Trial Clock.  At the
December 20, 2007 Motions Hearing, the Court denied defendant's
motion to revoke the detention order and granted the government's
motion to exclude time, tolling the Speedy Trial Clock for an
additional ninety days, until March 18, 2008, and scheduling
monthly status hearings.  Thereafter, the defendant filed a
motion for reconsideration of the detention order, and the
government filed another motion to exclude time from the Speedy
Trial Clock.  On March 18, 2008, the Court held another motions
hearing, and again denied defendant's motion to revoke the
detention order and granted the government's motion to exclude
time from the Speedy Trial Clock.  The clock was tolled for an
additional ninety days, until June 12, 2008.

## II.  Discussion

### A. Bond Review

Under the Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq.,
a judicial officer "shall order" a defendant's detention before
trial, if, after a hearing, the judicial officer finds by clear

3

and convincing evidence that "no condition or combination of
conditions will reasonably assure . . . the safety of any other
person and the community." 18 U.S.C. § 3142(e).  The judicial
officer considering the propriety of pretrial detention must
consider four factors: (1)the nature and circumstances of the
offense charged, including whether the offense involves a
controlled substance; (2) the weight of evidence against the
person; (3) the history and characteristics of the person,
including the length of residence in the community and ties to
the community; and (4) the nature and seriousness of the danger
to any person or the community that would be posed by the
person's release.  *See* 18 U.S.C. § 3142(g). The danger to the
community alone is a sufficient basis upon which to order
pretrial detention.  *United States v. Salerno*, 481 U.S. 739, 755
(1987); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir.
1986); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986).

     The government is required to demonstrate the
appropriateness of pretrial detention by clear and convincing
evidence.  *See* 18 U.S.C. § 3142(f).  However, when a judicial
officer finds probable cause to believe that a defendant
committed an offense, for which the maximum term of imprisonment
is ten years or more under the Controlled Substance Act (21
U.S.C. § 801 *et. seq.*), a rebuttable presumption arises that no
condition or combination of conditions will reasonably assure the

appearance of the defendant as required and the safety of any other person and the community.  18 U.S.C. § 3142(e).

On July 26, 2007, a grand jury returned an indictment charging the defendant with conspiracy to aid and abet in the manufacture of 500 grams or more of methamphetamine, a Schedule II controlled substance, intending and knowing that it would be unlawfully imported into the United States.  For the purposes of Section 3142(e), an indictment is sufficient to establish probable cause.  See United States v. Mosuro, 648 F. Supp. 316, 318 (D.D.C. 1986)(Kennedy, J.).  After probable cause has been established, the defendant has the burden of going forward to offer some credible evidence contrary to the statutory presumption that no conditions exist which would reasonably assure the safety of any other person and the community.  Id.

The defendant attempts to rebut the statutory presumption primarily by challenging the weight of the evidence.  The defendant contends that the government has not produced any evidence linking the defendant to the manufacture of methamphetamine in Mexico, nor to its importation to the United States.  See Def.'s Mot. for Recons. of Detention Order 1.  The weight of the evidence, however, is only one of four factors the Court must consider in determining the appropriateness of pretrial detention.  See 18 U.S.C. § 3142(g).

With respect to the first factor, the nature and

5

circumstances of the offense, the defendant is charged with conspiracy to manufacture methamphetamine with the intent or knowledge that it would be imported into the United States, in violation of 21 U.S.C. §§ 959, 963 and 960, and 18 U.S.C. § 2. These are serious drug-related offenses that carry a prison sentence of ten years or more. Further, according to the government, more than $200 million in United States currency was found in defendants home in Mexico, as well as several guns, including an AK-47 assault rifle and a semiautomatic pistol with a silencer. *Id.* at 2. The serious drug offense with which the defendant is charged, as well as the abnormally large sum of cash, and the arsenal of weapons found in the defendant's home, persuade the Court that the nature and circumstances of the offense favors pretrial detention.

The second factor the Court must consider is the weight of evidence against the defendant. As mentioned previously, a grand jury has already determined that probable cause exists to believe that the defendant committed the alleged offense. At the initial detention hearing, Judge Kay noted that evidence proffered by the government in support of its case was thin. *See* Docket Entry [6] at 4. However, due to the complex nature of this case and to allow the government time to collect evidence from foreign countries, the Court has tolled the Speedy Trial Clock. *See* *infra* II.B. Thus far, the government has obtained over 45,000

documents from foreign countries, and is still in the process of
translating those documents into English.  *See* Excerpt of Mot.
Hr'g Tr. 2, Mar. 18, 2008.  Thus, at the present time, the weight
of the evidence against the defendant is inconclusive.

The Court then considers the defendant's history and
characteristics, including length of residency and his ties to
this community.  Although there is no allegation that the
defendant has a criminal history, the Court finds that the
defendant has few ties to the United States, and virtually no
ties to the Washington, D.C. area.  *See* Def.'s Mem. of Renewed
Mot. for Revocation 14 ("Although Mr. Ye Gon's ties to this
community are limited to friends he has made in this area . .
.").  The defendant, who is a dual citizen of Mexico and China,
was unable to provide the Court with a suitable third-party
custodian in the Washington, D.C. area, who could assure his
presence in Court.  Because the defendant lacks significant ties
to the Washington, D.C. area, and to the United States, the
history and characteristics of the defendant favor pretrial
detention.

Finally, the Court must consider the nature and seriousness
of the danger posed by defendant's release.  Even though the
alleged offense does not involve violent activity,
methamphetamine is a dangerous and illegal substance that causes
violence in cities and towns across the United States, and the

7

importation of methamphetamine into the United States contributes
to those problems.  Further, the Court credits the Government's
proffer that several firearms, including a handgun with a
silencer and an AK 47 assault rifle, were found in defendant's
home in Mexico City.  The Court is persuaded that the defendant's
release could pose a significant danger to the public.

In light of the four factors, the defendant has failed to
rebut the statutory presumption that no condition or combination
of conditions could be imposed to assure his future presence in
this Court and the safety of the community.  Thus, the defendant
shall be held without bond pending trial.

### B. Speedy Trial Clock

In any case in which a plea of not guilty is entered, the
trial of a defendant charged in an information or indictment with
the commission of an offense shall commence within seventy days
from the filing date of the information or indictment, or from
the date the defendant has appeared before a judicial officer of
the court in which such charge is pending, whichever date last
occurs.  18 U.S.C. § 3161(c)(1).  However, certain specified
"periods of delay shall be excluded in computing the time within
which an information or an indictment must be filed, or in
computing the time within which the trial of any such offense may
commence."  18 U.S.C. § 3161(h).  The government requests that
the Speedy Trial Clock be tolled to serve the "ends of justice,"

in light of the complex nature of this case, and to obtain
evidence from foreign countries.

The "ends of justice" are served by granting a continuance
when the reason for the continuance "outweighs the best interest
of the public and the defendant in a speedy trial."  See 18
U.S.C. § 3161(h)(8)(A).  In undertaking an "ends of justice"
analysis, the Court considers "[w]hether the case is so unusual
or so complex, due to the number of defendants, the nature of the
prosecution, or the existence of novel questions of fact or law,
that it is unreasonable to expect adequate preparation for
pretrial proceedings or for the trial itself within the time
limits established."  18 U.S.C. § 3161(h)(8)(B)(ii).

The Government has proffered that substantial evidence of
the suspected offense is located in foreign countries, including
Mexico, China, Germany, South Korea, and Hong Kong, and that much
of the documentary evidence in this case, including banking,
financial, and shipping documents, is in the Chinese, Korean, or
Spanish language. *See* Excerpt of Mot. Hr'g Tr. 6, Mar. 18, 2008.
 The government requests additional time to contract translators
and have all the documentary evidence translated into English in
order to effectively prepare for this trial.  Due to the
overwhelmingly foreign nature of this case, it is indeed complex,
and the ends of justice warrant a continuance.

The Court may also exclude time from the Speedy Trial Clock,

9

not to exceed one year, "upon an application of a party and a finding by a preponderance of the evidence that an official request, as defined in section 3292 of this title, has been made for evidence of any such offense and that it reasonably appears, . . . that such evidence is, or was, in such foreign country." 18 U.S.C. § 3161(h)(9). The term "official request" means "a letter rogatory, a request under a treaty or convention, or any other request for evidence made by a court of the United States or an authority of the United States having criminal law enforcement responsibility, to a court or other authority of a foreign country." 18 U.S.C. § 3292(d).

The government has proffered that official requests were made to Germany and Mexico pursuant to the Mutual Legal Assistance Treaty, and other requests were made to China and Hong Kong. *See* Gov'ts Renewed Mot. Under the Speed Trial Act at 2. As a result of these requests, the government has obtained over 45,000 documents, and is still in the process of copying those documents and translating them into English. *See* Excerpt of Mot. Hr'g Tr. 2, Mar. 18, 2008. The Court finds by a preponderance of evidence that the requests made to Germany, Mexico, China and Hong Kong were official requests. *See United States v. Wardrick*, 1998 WL 169223, *8 (4th Cir. April 13, 1998) (holding that a request made by telephone to a foreign prosecutor was sufficient to constitute an official request within the meaning of 18 U.S.C.

10

§ 3292).  Further, because the defendant is a dual citizen of China and Mexico and has previously resided in Mexico, it reasonably appears that evidence of the alleged offense would be located in a foreign country.

     Based on the Court's finding that a continuance would serve the ends of justice and that official requests were made to procure evidence from a foreign country, the Speedy Trial Clock shall be tolled for an additional ninety days.

**III. Conclusion**

     In light of the foregoing, and for substantially all of the same reasons articulated by the government both orally and in their written submissions to the Court, as well as for the reasons previously articulated by the Court at the numerous hearings on these motions, it is hereby

     **ORDERED** that the defendant's Motion for Reconsideration of the detention order is **DENIED**; and it is

     **FURTHER ORDERED** that the defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and it is

     **FURTHER ORDERED** that the defendant shall be afforded reasonable opportunity for private consultation with counsel; and it is

**FURTHER ORDERED** that on order of a court of the United
States or on request of an attorney for the Government, the
person in charge of the corrections facility in which the person
is confined shall deliver the defendant to a United States
marshal for the purpose of an appearance in connection with a
court proceeding; and it is

**FURTHER ORDERED** that the government's Renewed Motion to
Exclude Time from the Speedy Trial Clock is GRANTED; and it is

**FURTHER ORDERED** that the Speedy Trial Clock shall be tolled
until June 12, 2008.

**So ordered.**


**Signed**:    **Emmet G. Sullivan**
            **United States District Judge**
            **April 18, 2008**

12