IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| The United States of America | ) | |
| | ) | |
| Plaintiff | ) | File: 07-181 |
| | ) | The Hon. Sullivan |
| against – | ) | |
| | ) | |
| Zhenli Ye Gon | ) | |
| Defendant | ) | |

**DEFENDANT'S MOTION FOR ADJOURNMENT OF MAY 7, 2008 STATUS CONFERENCE, SUA SPONTE, DURINGTHE PENDANCY OF INTERLOCUTORY APPEAL**

Comes now, the above-referenced Defendant, by and through the undersigned counsel, respectfully prays that the Status Conference, originally scheduled for May 7, 2008, be adjourned for an indefinite period of time for the following causes and grounds:

The issues presented before the May 7, 2008 status Conference are related to the issues being appealed with the U.S Court of Appeals for District of Columbia Circuit pending disposition of this instant case by the U.S Court of Appeals.  This Honorable Court should refrain itself from continuing intervention of on-going Appeal.  Due to the fact that what are being appealed at this moment are concerning ultimate issues as to whether the Pretrial Detention Order should be dismissed under the circumstances that the Indictment and Information may have to be dismissed for irreparable errors.  This Honorable Court may have no jurisdiction  continuing to adjudicate all the issues, related thereto, or derived wherefrom while they are pending the disposition by the U.S. Court of Appeals.

Law

Generally, when an appeal has been taken, a trial court – with limited exceptions – is without authority to take any adjudicatory action related to the appeal. United States v. Queen, 847 F2d 346, 350 (7th Cir. 1988); United States v. Distasio, 820 F2d 20, 23

1

(1st Cir. 1987); Doyle v. United States, 721 F2d 1195, 1197 (9th Cir. 1983); see also Griggs v. Provident Consumer Discount Co., 459 US 56, 58 (1982) (per curiam).

Nevertheless, trial courts do retain limited jurisdiction to make certain post-appeal decisions in criminal cases. Queen, 847 F2d at 350; United States v. Weber, No. 95-00125-03-CR-W-8, 1997 WL 61442 at **1-2 (W.D. Mo. 1997); see also United States v. Katsougrakis, 715 F2d 769, 776, n. 7 (2d Cir. 1983), cert. denied, 464 US 1040 (1984). One such decision is that a trial court may reconsider its prior bail determination and either alter or amend conditions of release or revoke and/or forfeit a defendant's bond for failure to comply with conditions. United States v. Black, 543 F2d 35, 37 (7th Cir. 1976); United States v. Ailemen, 165 F.R.D. 571, 572-601 (N.D. Cal. 1996); United States v. Chen, 820 FSupp 1205, 1207-12 (N.D. Cal. 1992); see also United States v. Krzyske, 857 F2d 1089, 1090-92 (6th Cir.), cert. denied, 488 US 832 (1988); Queen, 847 F2d at 350-51. Because facts may come to light which render it advisable for a trial court to alter release conditions or to revoke bail altogether, the same statute which explicitly authorizes the court to impose conditions upon release pending appeal (i.e. §3142),implicitly authorizes the court to make such amendments to these conditions as circumstances may necessitate. U.S. v. Black, 543 F2d at 37.

Moreover it appears that the May 7, 2008, Status Conference may not serve any interests of justice, or it may not be rewarding in the light of judicial economy.  This instant case might have long been dismissed for a facial and irreparable violation of the Defendant's Speedy Trial Rights,  if there had not been so much administrative irregularities having occurred in dealing with Defendant's repeated Motions for praying Dismissal of the Indictment and Information based upon such findings, among others, thus far.

Defendant would certainly not oppose this Honorable Court's "limited exception" in adjudicating the issues leading to proper pretrial dismissal of the Indictment by using such status conferences, whether or not *sua sponte*,

Where the statutory timing provision specifies that the indictment "shall be dismissed" in the event of a violation, courts do not have discretion to ignore that command (Alabama v. Bozeman, 533 US 146 (2001) United states v. Taylor, 487 U.S. 326 (1988)

The pertinent text of the dismissal provision of the Speedy Trial Act is clear. It provides, "If a defendant is not brought to trial within the (70-day) time limit required by Section 3161 (c) as extended by section 3161 (h), the information or indictment shall be dismissed on Motion of the Defendant." 18 USC 3162(a)(2). In the case of Taylor, the High Court addressed the question of whether the Act mandates that a violation of the 70-day limit must result in a dismissal.

In the landmark case as Zedner v. United States, 547 U.S. 489, 506 (2006), where the district court had not "made an express finding on the record about the ends-of-justice balance," the Supreme Court unanimously held: "The Act requires that when a district court grants an end of justice continuance, it must set forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice are served and they outweigh other interests." The Supreme court also held that "no…period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable…" while an extension under 3161(h)(8)(A) is not satisfied by the District Court's passing reference to the case's complexity…" As record indicates that such a Speedy Trial Provisions have been repeatedly violated, over the repeated objection by the Defendant, this instant case, by its indictment and information, should e dismissed, upon Defendant's motion, and such motions are in the trial records.

        Respectfully submitted by:

        /s/ Ning Ye, Esq._____
        *Counsels for Defendant Ye Gon*

Proposed ORDER (I) (draft)
===

Upon consideration of Defendant's Motion For an Adjournment of the Status Conference originally scheduled on May 7, 2008, this Court finds that good cause exists to grant this Motion. The Status Conference shall be continued pending disposition of the on-going appeal with the U.S. Court of Appeals for the DC Circuit. It is so Ordered on _____, 200__.

_____
The Hon. Emmet G. Sullivan
Judge of the United States District Court for the District of Columbia

Proposed ORDER (Alternative) (draft)

Upon consideration of Defendant's Motion For a Dismissal of Indictment for Violation of Speedy Trial Act it is this _____ day of _____, 2008, hereby

ORDERED that the Defendant's Motion for Dismissal of Indictment for Violation of STA, in addition to other grounds for Dismissal, is hereby granted. It is further ORDERED that the Indictment rendered by the Federal Grand Jury on July 26, 2007 is hereby Dismissed with Prejudice.  It is so Ordered on _____, 200__.

_____
The Hon. Emmet G. Sullivan
Judge of the United States District Court for the District of Columbia

**CERTIFICATE OF SERVICE**

On this 16th day of August, I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Paul Laymon, Esq.
U.S. Dept. of Justice
1400 New York Avenue, NW
Bond Bldg. 8th Fl
Washington, DC 20530

/s/ Ning Ye, Esq.
*Counsel for Defendant Ye Gon*