UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

UNITED STATES OF AMERICA

v.

                                                            MEMORANDUM AND MOTION
                                                            TO  DISMISS INDICTMENT

ZHENLI YE GON                              CR NO. 07-181 (EGS)

_____


**THE INDICTMENT SHOULD BE DISMISSED
BECAUSE THERE IS AN INSUFFICIENT BASIS
FOR FEDERAL JURISDICTION.**

Defendant asks that the Court dismiss the indictment against him because the evidence

against him is insufficient to support federal jurisdiction.  The indictment alleges the defendants

conspired to violate Title 21 U.S.C. Section 959. At trial, the Government would have to prove

not only that defendant(s) conspired to manufacture illegal drugs, but that they also intended to

import those drugs into the United States. In the absence of any evidence that the defendant's

conduct was directed towards the United States, this court would lack jurisdiction.

A District Court can properly adjudge the sufficiency of the evidence before trial and make

a determination as to whether there is a sufficient jurisdictional basis where the Government has

made a full proffer of its evidence or where there is a stipulated record.  *See United States v.*

*DeLaurentis*, 230 F.3d 659 (3rd Cir. 2000); *United States v. Alfonso*, 143 F.3d 772 (2nd

Cir.1998).

At the status conference on December 20, 2007, the government stated very clearly that

its best and strongest argument for establishing jurisdiction was that the money seized in this case,

in defendant's home in Mexico, consisted of United States dollars.  According to the government,

from this undisputed fact arises a sufficient inference that the dollars came from something sold in

the United States.  The Court queried whether the mere fact that there are U. S. dollars involved

makes a sufficient connection with the United States. The Court asked:

> So where's the connection between whatever illegality he may have
> committed in Mexico with respect to the illegal importation of
> substances in an effort to make any illegal substance, then what's
> the connection, what's the hook with this country?

The Government attempted to answer this question by stating that there was an

exceptionally large amount of precursor product found in Mexico. When the Court pressed the

Government on the supposed nexus with the United States, the government could only respond

that there were U. S. dollars found in defendant's home in Mexico.  In fact, there was other

currency, i.e., Euros and pesos, found there as well.

During this colloquy, the Court asked the government: "Your biggest argument is there is

$200 million American money though, isn't it?" to which the government responded: "It is, your

Honor."  The Court then asked "What if a like amount of Euros were found?" to which the

government responded that then it would have to change its argument, and the Court added

"You'd be in a different court too."

After the Government explained that the only link to in this case between Mexico and the

United States was the United States currency found in Mexico, the Court voiced its concern and

said to the government:

> You're asking me to draw a lot of inferences, and again you're
> asking me to agree that the substances were earmarked for a black
> market doing business with the United States and that the money as
> a result of that illegal activity came from the United States, that's

what you asking me to infer.

This Court made the point that (a) there are other black markets around the world; (b) methamphetamines are frequently found in other countries, and (c) U. S. dollars are used as tender in other countries.

If all that is needed to establish jurisdiction is that there were U. S. dollars found in Mexico on the defendant's property, there could be United States jurisdiction for any crime anywhere as long as the proceeds were in U.S. dollars.[1] That this is not so is suggested by, *e.g.*, *United States. v. Peterson*, 236 F.3d 848(7th Cir. 2001)(fact that stolen currency has been printed out of state was insufficient to establish an interstate commerce nexus; otherwise there would be federal jurisdiction over robberies of currency in every state except Texas, the only place besides Washington D.C. where currency is printed).

Because the government has made it clear that its only argument for jurisdiction over this case against the defendant is the U. S. dollar nexus between Mexico and the United States, it is appropriate for this Court to consider and rule on defendant's motion to dismiss the case for lack of jurisdiction. *See United States. v. Yakou*, 393 F.3d 231 (D.C. Cir. 2005) (noting that while Rule 12(b) does not explicitly authorize the pretrial dismissal of an indictment on sufficiency-of-the-evidence grounds, several circuits have upheld, in the absence of a government objection, the district court's pretrial dismissal of an indictment on sufficiency-of-the-evidence

---

[1]  To look at this from a different perspective, it has become more common for establishments in this country to accept Euros as currency (in store windows throughout this country, you can see signs saying "we accept Euros").  What this means is that in any given store in the United States at this moment, there may be several thousand dollars in Euros, while that store is unlikely to have any connection to a European country.

grounds where the material facts are undisputed and only an issue of law is presented).[2]

CONCLUSION

The government having fully proffered to the Court what its jurisdictional element of the

offense is, defendant believes the Government has not met its burden to show that there is a

sufficient basis for federal jurisdiction, and therefore asks that the indictment be dismissed.

Respectfully submitted,

/s/ David S. Zapp, Esq.
7 East 94th Street, Suite 1
New York, NY 10128
Tel. (212) 410-3351

---

[2] The *Yakou* court noted that it had not previously "directly spoken on the issue, [but had] upheld a pretrial dismissal of counts of an indictment based on a question of law. See, e.g., *United States v. Espy*, 145 F.3d 1369, 1370 (D.C. Cir. 1998); *United States v. Oakar*, 111 F.3d 146, 147-50 (D.C. Cir. 1997). In *Yakou*, the Court stated that "it is an 'unusual circumstance [ ]/ for the district court to resolve the sufficiency of the evidence before trial because the government is usually entitled to present its evidence at trial and have its sufficiency tested by a motion for acquittal under Rule 29 of the Federal Rules of Criminal Procedure...[it] join[ed] those circuits [which permitted a pretrial challenge] in upholding the district court's pretrial dismissal of the indictment based on a question of law where the government has not made a timely objection."

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 12 day of June, 2008, I caused to be served a copy of this motion by the ECF System on:

Clerk: United States District Court

District of Columbia

333 Constitution Avenue, NW

Washington DC, 20001

AUSA Paul Laymon

US Department of Justice

1400 New York Ave. NW

Washington DC, 20535

_____

/s/ Johanna S. Zapp