UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

-against-

ZHENLI YE GON

CR NO. 07-181 (EGS)

### DEFENDANT'S MOTION AND MEMORANDUM TO VACATE SEIZURE WARRANT(S) AND TO MODIFY RESTRAINING ORDER(S) AND REQUEST FOR AN EVIDENTIARY HEARING

By the instant motion, defendant ZhenLi Ye Gon seeks a hearing as to the validity of the United States' seizure and restraint of his assets located in Hong Kong and Germany totaling over $10 million dollars in legitimate business earnings. Without access to these funds, defendant cannot retain counsel of his choice, which he is entitled to do under the Sixth Amendment.

The Supreme Court has described pretrial asset restraints as the "nuclear weapon of the law." *Groupo Mexicano de Deasarrollo, S.A. v. Alliance Bond Fund Inc.*, 527 U.S. 308, 332 (1999). It is recognized that a pre-trial seizure of assets in a criminal case implicates the due process clause of the Fifth Amendment. *See, Connecticut v. Doehr*, 501 U.S. 1, 12 (1991); *United States v. Crozier*, 777 F.2d 1376, 1383 (9th Cir. 1985).[1]

The District of Columbia Court of Appeals determined, in *United States v. E-Gold, Ltd.*,

---

[1] *Matthews v. Eldridge*, 424 U.S. 319 (1976) held that "the fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) ("[T]he fifth and sixth amendments, considered in combination, require an adversary, post-restraint, pretrial hearing as to probable cause that (a) the defendant committed crimes that provide a basis for forfeiture, and (b) the properties specified as forfeitable in the indictment are properly forfeitable.")

1

521 F.3d 411, 415, 419 (D.C. Cir. 2008) that a defendant has a right to an adversary, post-restraint, pretrial hearing for the purpose of establishing whether there was probable cause "as to the defendant's guilt and the forfeitability" of the specified assets needed for a meaningful exercise of the right to counsel.

In this case, the defendant has stated that he wishes to retain David Zapp as his attorney, but he lacks the funds to do so because of the government's seizure of his assets. To deny him his right to counsel of choice would constitutes reversible error under *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006), unless the seizure and forfeiture is found to be justified by this Court.

A hearing should be held to afford defendant his due process rights under the Fifth Amendment, in so far as the defendant has demonstrated that he cannot retain counsel without the assets that have been seized or restrained.[2] At such hearing, the court may impose limitations on the disclosure of evidence, and appropriately safeguard the secrecy of grand jury proceedings. (See *United States v. E-Gold, Ltd.* 521 F.3d 411, at 419)

WHEREFORE, for the foregoing reasons, defendant respectfully requests that this Court hold a hearing at which he may challenge the seizure and pre-trial restraints in place in this case, and upon holding such a hearing, that the Court enter an order vacating the seizure and modifying the post indictment restraining order so that he may be permitted to retain his counsel of choice.

Respectfully submitted,

David S. Zapp, Esq.
7 East 94th Street, Suite 1

---

[2] See Defendant's affidavit attached hereto as Exhibit A; See Attorney David Zapp's Declaration attached hereto as Exhibit B.

2

New York, NY 10128
Tel. 212-410-3351
Fax. 917-492-1879

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of June, 2008, I caused to be served a copy of this motion by the ECF System on:

Clerk: United States District Court
District of Columbia
333 Constitution Avenue, NW
Washington DC, 20001

AUSA Paul Laymon
US Department of Justice
1400 New York Ave. NW
Washington DC, 20535

_____
Johanna S. Zapp

# EXHIBIT A

Please be advised that Defendant's affidavit* will be made available to the Court forthwith. As soon as Defendant has his affidavit notarized by the Notary in the DC Jail, we will file it with the Court.

* Defendant may make minor changes to the affidavit.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

-against-

ZHENLI YE GON

**Affidavit of Defendant**

CR NO. 07-181 (EGS)

I, ZhenLi Ye Gon, swear under the penalties of perjury the following:

1. I am ZhenLi Ye Gon, the defendant in the above captioned matter.

2. I am a citizen of China, and Mexico.

3. I am a business man and I have conducted business related to the pharmaceutical industry all over the world.

4. I am currently incarcerated at the DC Jail.

5. I am facing very serious narcotics related charges in the United States.

6. My case is very complicated and I will need representation in which my attorney can investigate every aspect of my case fully so that I can receive proper representation for a case like mine.

7. I have funds in bank accounts in Hong Kong and in Germany, however, the United States government has frozen these funds.

8. These funds are derived from legitimate business sources.

9. I have no other assets available to me. As such, I have no way to pay for my attorney.

10. My counsel of choice is David S. Zapp. Although he has represented me up until now, I have not paid him any fee.

11. Unless the funds, or at least some of the funds, in the bank accounts in Hong Kong and in Germany are released, I cannot retain the counsel of my choice.

WHEREFORE, this court is urged to hold post seizure probable cause hearing to determine whether there is probable cause to believe the finds are illegal proceeds.

Respectfully submitted,

_____
Zhenli Ye Gon

Sworn to before me this ___ day of June, 2008.

_____
Notary Public

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

-against-

ZHENLI YE GON

**Declaration of Attorney
David S. Zapp**

CR NO. 07-181 (EGS)

David Zapp, being duly sworn, declares the following:

1. I am David S. Zapp, the attorney of record in the above captioned case.

2. I entered my appearance in this case on May 1, 2008.

3. I was retained by defendant as his counsel of choice.

4. I have been paid no fee for my representation. This is because all of Mr. Gon's assets and funds have been seized as a result of a lien that the United States Government has placed on his bank accounts in Hong Kong and in Germany, the exact description of which and the monies therein have not been made available to me by the Government.

5. I have been told by my client that the funds in these accounts are funds derived from legitimate businesses.

6. If these funds are not released so that legal fees can be paid, he will not be able to pay is counsel of choice.

WHEREFORE this court is urged to hold post seizure probable cause hearing to determine whether there is probable cause to believe the finds are illegal proceeds.

DATED: New York, New York
June 16, 2008

_____
David S. Zapp, Esq.
7 East 94th Street, Suite 1
New York, NY 10128
Tel. (212) 410-3351