UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No.: 07-181(EGS) |
| ZHENLI YE GON : | |
| : | |
| Defendant. : | |

### GOVERNMENT'S POSITION REGARDING
### SPEEDY TRIAL STATUS AS OF JUNE 18, 2008

The United States of America, by the undersigned attorneys, respectfully informs the Court that the position of the government after calculating the number of days that have elapsed since the beginning of this case, is that the period of delay that has not been excluded under an exception to the Speedy trial act is 18 days.[1]  As grounds for this position, the United States relies on the following points and authorities and such other points and authorities as may be cited at the hearing:

### PROCEDURAL BACKGROUND[2]

On July 23, 2007, the defendant was arrested as a result of an outstanding criminal complaint and arrest warrant in this case.  At his initial court appearance on July 24, 2007, the defendant was held without bond pending a hearing.  The government's motion for temporary detention, as well as a motion for waiver of the 3-day hearing requirement, were both heard and

---

[1] However, the government notes that as explained in footnotes 3, 6, and 7 infra, an examination of the transcript from the hearing held on August 9, 2007, may reveal that the period of time that has not been excluded is 14 days and not 18 days.

[2] We have not included each and every Court date, appearance, event or filing in this summary, but have only included the dates or filings that are legally relevant to the determination of the number of days which have not been excluded from the Speedy Trial calculations.

granted on that same day. On July 26, 2007, the defendant was indicted in this case. On August 3, 2007, Magistrate Judge Alan Kay arraigned the defendant and ordered that he be held without bond, and the defendant has remained incarcerated to date.

On August 13, 2007, the government moved to exclude time under the Speedy Trial Act. On August 16, 2007, the defense moved for Bond and for Revocation of the Detention order.[3] Both motions were fully briefed by counsel. On September 7, 2007, the Court denied the defense motion for Bond and Revocation of Detention Order. The Court granted the Motion to Exclude time under the Speedy Trial Act, and removed 90 days from the calculation of the time within which to try the case, thus tolling the Speedy Trial calendar until December 5, 2007.

Between September 6, 2007, and the hearing date of December 20, 2007, several motions were filed. On September 6, 2007, the government filed a motion to Admit Expert Testimony, which was opposed by the defense on September 17, 2007, and remains to be decided. On September 20, 2007, the defense filed two motions, referred to on the docket sheet as documents numbered 16 and 17.[4] These motions have been fully briefed, but have not been decided at this time. On October 31, 2007, the defense filed a motion for a Bill of Particulars. On December 7, 2007, the government filed its second Motion for Speedy Trial Exclusion of Time, and the

---

[3] At this time, it is the collective recollection of government counsel that at the August 9, 2007 hearing, defense counsel made an oral motion to reconsider detention, and the government indicated that it would file a motion to toll the Speedy Trial calculations. Consequently, the Court set a briefing schedule for written motions to be filed by both parties. However, the oral motions do not appear in the docket entry of the proceedings for that date, and the transcript for that hearing date has not yet been prepared. The government has ordered that transcript, and will supplement this motion when the transcript becomes available.

[4] While document 16 is titled "Motion to Dismiss Case," and document 17 is titled "Rule 12 Motion to Dismiss the Indictment Hence to Dismiss the Case for its Entirety with Prejudice," both documents appear to be the same thing. The only difference seems to be that document 17 includes exhibits.

defense filed a Motion to Revoke Order for Defendant's Detention Without Bail.  On December 14, 2007, the defense filed a Motion to Dismiss Indictment for Government's Violation of Speedy Trial Act.  On December 20, 2007, the Court Denied the defense Motion to Revoke Order for Defendant's Detention without Bail.  The Court granted the government's motion to exclude time, and tolled the Speedy Trial date through March 18, 2008.  The Court held the defense Motion for Bill of Particulars in abeyance until discovery has been completed.  Later that same day, the defense filed a "Motion for Reconsideration," asking the Court to reconsider the Order it had just entered denying bond to the defendant.

On February 19, 2008, the government filed its third Motion for Speedy Trial exclusion of time.  On March 6, 2008, the defense filed another Motion to Reconsider Order of Detention.  On March 18, 2008, the Court denied the defense motion to Reconsider Detention, and granted the government's motion for Speedy Trial exclusion, and excluded the time through June 12, 2008 from the Speedy Trial calculations.  On June 11, 2008, the Court granted the government's request to exclude time from the Speedy Trial calculations, and tolled the Speedy Trial calendar until September 7, 2008.  On June 12, 2008, the defense filed a Motion to Dismiss Indictment.

## DISCUSSION

At the hearing held on June 11, 2008, the Court directed the parties to determine how many days have actually applied to the Speedy Trial calculations, and to determine the last date that this case can be tried under the Speedy Trial Act.

The Speedy Trial Act provides, in relevant part, that criminal trials shall commence within seventy days from the public filing date of the indictment or from the date of the

3

defendant's first appearance before a judicial officer of the court where the charge is pending. See 18 U.S.C. § 3161(c)(1). The sanction for the violation of the 70-day rule is dismissal of the indictment, with or without prejudice. See § 3162 (a)(2). Section 3161(h)(1) sets forth a non-exhaustive list of periods of delay that are excluded from the computation of the time within which a trial must commence. United States v. Garrett, 720 F.2d 705, 709 (D.C. Cir. 1983) ("The list of 'other proceedings', as this language shows, is merely illustrative and not intended to be exhaustive."). The effect of these exclusions are automatic; the district court is not required to make express findings as to their application. United States v. Davenport, 935 F.2d 1223, 1228 (11th Cir. 1991); see also United States v. Wilson, 835 F.23 1440, 1443 (D.C. Cir. 1987). Section 3161(h)(1)(F) specifically excludes from the Speedy Trial computation any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition, of such motion."

    Here, while many of the motions filed by the parties have been resolved by the Court, the Government's motion to admit expert testimony and the defense motions to dismiss remain outstanding. Three motions to dismiss were filed by the initial defense team, and one motion to dismiss was filed by defendant's current attorney on June 12, 2008.[5]

    Here, the defendant was indicted on July 26, 2007. Consequently, he must be tried within 70 days of that date, unless time is excluded under the

---

[5] Technically, the Motion for Bill of Particulars filed by the original defense team remains outstanding also, since it was merely held in abeyance until the completion of discovery. However, that motion has not been adopted by the current defense attorney, and in fact, the current defense attorney has stated in open Court that he is not interested in any discovery motions. Consequently, at this time, the Motion for Bill of Particulars will not be included in the discussion set forth here by the government.

Speedy Trial Act ( hereinafter STA) or for some other reason, or unless good cause is shown and the delay is found to be in the interests of justice. The government filed its first motion for Speedy Trial exclusion on August 13, 2007. The period of time from August 13, 2007 until the Court granted the motion to exclude on September 7, 2007, is excludable under the STA, because the government's motion was pending during that time period. See 18 U.S.C. § 3161(h)(1)(F). The Court's order excluded time through December 7, 2007. On December 7, 2007, the government filed its second motion to exclude time, which was granted on December 20, 2007. Consequently, the period of time between December 7 and December 20, 2007 was excluded due to the pendency of the government's motion, and when the motion was granted, the Court tolled the Speedy Trial calendar through March 18, 2008. On March 18, 2008, the Court granted the government's motion to exclude time through June 12, 2008. On June 11, 2008, the Court granted the government's request to exclude time from the Speedy Trial Calendar through September 7, 2008. In short, all of the time from August 13, 2007 through September 7, 2008 has been excluded.[6]

After September 7, 2008, no time will accrue toward the Speedy Trial calculation unless or until the motion to admit expert testimony and the motions to dismiss have been decided. However, in the event that those

---

[6] As stated in footnote 3, if in fact the defense made an oral bond review motion during the August 9, 2007 status conference, the amount of time to be excluded will begin on that date. This would mean that 14 days have elapsed that would count toward the Speedy Trial calendar.

motions are decided before or on that date, and that the case survives the Court's decision on the motions, 52 days will remain on the Speedy Trial calendar. Consequently, unless there is another excludable event under the Speedy Trial Act, or another reason for good cause shown that is in interests of justice, the case must be tried on or before October 29, 2008.[7]

                              Respectfully submitted

                              _____/s/_____
                              Wanda J. Dixon
                              Paul Laymon
                              Mary Mogavero
                              Robert Stapleton
                              Trial Attorneys
                              Criminal Division
                              U.S. Department of Justice
                              1400 New York Avenue, N.W.
                              Suite 8000
                              Washington, DC 20005
                              202-307-0377

---

[7] If the calendar has been tolled as of August 9, 2007 (see footnotes 3 and 6) then 56 days remain on the Speedy Trial calendar, and the case must be tried on or before November 3, 2008, because November 2, 2008 (the 70th day) falls on a Sunday.