UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.   : | Criminal No.: 07-181(EGS) |
| ZHENLI YE GON : | |
| : | |
| : | |
| Defendant.   : | |

GOVERNMENT'S RESPONSE TO
FOURTH DEFENSE MOTION TO DISMISS INDICTMENT

Comes now the United States of America, by and though the undersigned attorneys, and opposes the fourth defense motion to dismiss the indictment in this case.  Here, despite the defense statement that his argument is based on the Court's alleged lack of jurisdiction, this motion is really a motion to dismiss for insufficiency of the evidence.  Since such a motion is clearly premature before any evidence has been presented in the case, the defendant's motion must be denied.   As grounds for this position, the United States relies on the following points and authorities and such other points and authorities as may be cited at the hearing:

DISCUSSION

On August 3, 2007, Magistrate Judge Alan Kay arraigned the defendant, held a detention hearing, and ordered that he be held without bond.  On December 20, 2007, this Court also held a detention hearing, and ordered that the defendant be held without bond.  At both detention hearings, the parties were allowed to offer evidence by way of proffer.  See 18 U.S.C. § 3142 (f). Several times throughout the hearing on December 20, 2007, the government made it very clear in the most unambiguous terms that it had no intention to present all of the evidence in the case during  the detention hearing.  However, the defense motion seems to be based on the

assumption that the evidence proffered by the government (and accepted by the Court for the purposes of a detention hearing) does not demonstrate that the defendant knew or should have known that the contraband that he was helping to manufacture in Mexico would be distributed in the United States.[1] While it is somewhat clear why defendant leaps from that thought to his conclusion that the Court does not have jurisdiction here, this is simply not a proper basis for a motion to dismiss an indictment at this stage of the proceedings.

The defendant cites United States v.Yakou as grounds for the proposition that his motion is appropriately before the Court at this time. United States v.Yakou, 428 F.3d 241 (D.C. Cir. 2005). However, the Yakou court makes it clear that its ruling was based on the lack of government objection to the district court's pretrial determination that the defendant there was a "U.S. person" as referenced under the appropriate statue. See id. at 246. In fact, the Yakou court expressly noted that in the circuits that have upheld pre-trial dismissal of an indictment due to insufficient evidence, either "the material facts [were] undisputed and only an issue of law [was] presented," or "the government [had] made a full proffer of evidence or where there [was] a stipulated record[.]" None of those situations are present here. The government has not made a full and complete proffer of all of its evidence, nor has it ever stipulated to any of the facts at

---

[1] The mere fact that defendant disagrees with the government's argument is certainly not a basis for his proposition that the Court lacks jurisdiction in this case. He relies on United States v. Peterson, 236 F.3d 848 (7th Cir. 2001) to support his conclusion that his possession of United States currency is not a basis for jurisdiction in federal court. However, Peterson was a robbery case wherein the court found that the fact that defendant's stolen currency was printed in a different state did not constitute the requisite interstate commerce nexus to support the charged federal offense. Therefore, that case was not properly in federal court. Here, the government's position is not based on a claim that the currency found in the defendant's house in Mexico was stolen, nor is the government seeking to establish an interstate commerce nexus. The argument presented to the Court was that the discovery of unusually large amounts of United States currency in defendant's home in Mexico is indicative that the defendant knew that the product he helped to manufacture was being distributed in the United States.

issue in this case.[2]

In conclusion, the government has never fully proffered its evidence to the Court in this case. In fact, one of the reasons that this case has been continued is that the government is still waiting on evidence that it seeks as a result of various requests from foreign governments. Consequently, at this point, the government does not even possess all of the evidence in this case. Defendant's motion is nothing more than a sufficiency argument disguised as a jurisdictional one, and as such, should be denied at this time.

                                              Respectfully submitted

                                              _____/s/_____
                                              Wanda J. Dixon
                                              Paul Laymon
                                              Mary Mogavero
                                              Robert Stapleton
                                              Trial Attorneys
                                              Criminal Division
                                              U.S. Department of Justice
                                              1400 New York Avenue, N.W.
                                              Suite 8000
                                              Washington, DC 20005
                                              202-307-0377

---

[2] For those same reasons, the defendant's reliance on <u>United States v. DeLaurentis</u>, 230 F.3d 659 (3rd Cir. 2000) and <u>United States v. Alfonso</u>, 143 F.3d 772 (2nd Cir. 1998) is also misplaced.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **v.** : | **Criminal No.: 07-181(EGS)** |
| **ZHENLI YE GON** : | |
| : | |
| : | |
| **Defendant.** : | |

**PROPOSED ORDER**

Upon consideration of the defendant's fourth motion to dismiss indictment, the government's response, and the entire record herein, it is, this _____ day of _____, 2008,

ORDERED, that the defendant's motion is DENIED.


DATE: _____        _____
                                    EMMET G. SULLIVAN, JUDGE
                                    UNITED STATES DISTRICT COURT