UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | Crim. No. 07-181 (EGS) |
| | ) | |
| ZHENLI YE GON, | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION AND MEMORANDUM TO VACATE SEIZURE WARRANTS AND TO MODIFY RESTRAINING ORDERS AND REQUEST FOR AN EVIDENTIARY HEARING**

**COMES NOW** the United States of America, by and through the undersigned attorneys, and hereby opposes Defendant's motion to vacate seizure warrants and to modify restraining orders and request for an evidentiary hearing. The defendant has not proven that he is without the financial means to hire the counsel of his choice. Furthermore, various courts have already found probable cause to issue in rem seizure warrants for assets in the United States and a court in Hong Kong has found probable cause to restrain assets located there.

DISCUSSION

1. <u>Defendant has not met the necessary factors for this Court to grant a hearing</u>

In his motion, Defendant requests a hearing to gain access to funds that are currently restrained in Hong Kong, Germany and the United States so that he may obtain the services of his counsel of choice. Defendant cites to *United States of America v. E-Gold, Ltd., et al*, 521 F.3d 411 (D.C. Cir. 2008) to support his contention that he is entitled to a hearing to determine that there is probable cause related Defendant's guilt and whether the government can restrain

1

his assets.

In *E-Gold*, the Court of Appeals held that the defendants were entitled to a pre-trial, post-restraint hearing to determine if the seizure of the defendants' assets impeded their Sixth Amendment right to counsel. *See id*. at 421. The court in *E-Gold* relied upon *Monsanto v. United States*, 924 F.2d 1186 (2d Cir. 1991) as a guide in arriving at its decision. As in *Monsanto*, the court in *E-Gold* said that a defendant is entitled to a hearing, "[I]n a case in which [the defendant has] demonstrated the inability to retain counsel of their choice without access to the seized assets." *E-Gold* at 415. Defendant has not shown that he is entitled to a hearing because he has not shown that he doesn't have access to seized assets that he would use to hire the counsel of his choice. One major difference between *E-Gold* and the instant case is that in *E-Gold*, "a magistrate judge [] found that the defendants are not financially capable of retaining counsel of choice without seized property." *Id*. at 417. Aside from Defendant's unsigned, incomplete and unattested document attached to his motion as Exhibit A, the District Court has not found that Defendant is without the financial means to retain the counsel of his choice. Because the court in *E-Gold* did not give any further guidance than this to determine how a defendant can demonstrate his/her inability to retain the counsel of his/her choice, we look to other jurisdictions for guidance.

While there is some variation among Circuits regarding whether and under what circumstances a defendant may challenge the pre-trial restraint of assets, most courts follow what has emerged as the "*Jones-Farmer* rule," which allows the defendant a post-restraint, pre-trial hearing if s/he makes the following two threshold showings: (1) that s/he has no assets other than those subject to a restraining order (or seizure) with which to exercise his or her Sixth

2

Amendment right to counsel or to pay for living expenses; and (2) that there is a bona fide reason to believe that the grand jury (or court, in cases of seizure warrants) erred in finding probable cause to believe that the restrained property should be subject to forfeiture if the defendant is convicted. *United States v. Jones*, 160 F.3d 641, 647-48 (10th Cir. 1998); *United States v. Farmer*, 274 F.3d 800, 804-05 (4th Cir. 2001).  Notably, the defendant's burden to establish his or her lack of available funds must be met before the Court conducts an inquiry into the second factor. *See United States v. Wingerter*, 369 F. Supp. 2d 799, 808 (E.D. Va. 2005).

In the instant case, Defendant's incomplete, unsigned and unattested affidavit declaring he does not have any assets does not meet the first factor of the *Jones-Farmer* rule.  Defendant does not address whether he has access to funds from friends, family or business associates.  *See U.S. v. Jamieson*, 189 F.Supp. 2d 754 (N.D. Ohio 2002).  Further, in his affidavit, Defendant claims that he has assets in bank accounts in Germany, indicating that he may have access to funds the government has not yet seized.  The government has not asked Germany to restrain any assets Defendant may have there, despite his claim to the contrary.  Therefore, Defendant has access to funds that he could use to pay attorney's fees that the United States does not know about and has not seized or asked a foreign government to seize on its behalf.  With access to other available funds, there is no need for the hearing Defendant requests.

Further distinguishing the instant case from the *E-Gold* case is that in *E-Gold* the court focused on the fact that the restraining order against the defendants' properties was based on a finding of probable cause by a grand jury.  There was only scant mention of a civil seizure warrant.  In fact, the *E-Gold* court focused on the secrecy and ex parte nature of the grand jury process and the protections the court could impose to avoid disclosing material before the

government provides discovery. *Id*. at 421. In the instant case, the government did not get a post-indictment restraining order to seize Defendant's assets. The government instead filed an in rem action against Defendant's assets, as well as other assets. A judge found probable cause in that matter to issue the seizure warrant and Defendant's counsel in the civil matter has filed a motion to dismiss the civil action against those assets. Thus, at this point, Defendant's assets were actually seized due to the findings of judges in the District Court for the District of Columbia and the District Court for the Central District of California, Western Division, not a post indictment restraining order based on the finding of probable cause by a grand jury. That case is now before this Court, and to hold a hearing to determine probable cause for the assets would duplicate efforts already expended by these courts.

     2. <u>Defendant has another remedy outside of this Court for the relief sought</u>

The government asked authorities in Hong Kong to restrain assets that belong to Defendant via a Mutual Legal Assistance Agreement and has not yet instituted an action in the United States against those assets. Hong Kong authorities, to satisfy the United States' request, asked a court in Hong Kong to restrain Defendant's assets located in Hong Kong. The court in Hong Kong was satisfied that Hong Kong authorities met the reasonable cause burden required under Hong Kong law, and thus ordered the assets restrained. Defendant was aware of this process and Martin McMahon, his counsel at the time of the hearing, traveled to Hong Kong. Because Mr. McMahon is not a member of the Hong Kong bar, he was not able to participate in the legal proceedings there, but he was made aware of the outcome, and may have had local counsel participate in the proceedings. Defendant could ask a court in Hong Kong for the relief he is seeking here. Even if this court were to order the government to release some of the funds

restrained in Hong Kong, it is possible that authorities in Hong Kong may not agree to release them, especially if Hong Kong authorities are conducting their own investigation into Defendant's activities in Hong Kong. As for the funds Defendant claims are in Germany, the government is unaware of any bank accounts he has there and has not asked the German Government to restrain any assets that belong to Defendant.

Furthermore, the burden of proof to issue a restraining order in a Hong Kong court is analogous to a finding of probable cause in a United States court. According to *Re Anson Garment Ltd. & ORS*, [2006] 2 H.K.C. 246, (C.F.I.), for an authorized officer in Hong Kong to apply for an order to restrain assets to satisfy a mutual legal assistance request, the officer must possess "reasonable cause to believe." Reasonable cause to believe implicates a higher standard than reasonable cause to suspect. *Seven Seas Publishing Pty Let v. Sullivan* [1968] N.Z.L.R. 663. Hong Kong courts use a two-prong test to determine reasonable cause: first is a subjective test that the authorized officer must have formed a genuine belief; and second is an objective test that the authorized officer must have reasonable grounds for his/her belief – a reasonable person would have a belief that what is claimed actually occurred. *O'Hara v. Chief Constable of the Royal Ulster Constabulary* [1997] AC 286 (H.L.) (appeal taken from N.I.C.A.) (UK).

In the United States, the Supreme Court developed the "totality of circumstances" test to determine probable cause. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983). The Court determined that the "task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id*. at 238. Furthermore, the Court went on to explain that "[i]n dealing with probable cause . . . as the

5

very name implies, we deal with probabilities . . . not technical; they are the factual and practical considerations of everyday life on *which reasonable and prudent men*, not legal technicians, act." *Id*. (emphasis added).

The court in Hong Kong, using what could be defined as probable cause in the United States, decided to restrain Defendant's assets in Hong Kong. Thus, a hearing to determine probable cause to restrain Defendant's assets would again be redundant and unnecessary. Furthermore, the proper course of action for Defendant would be to challenge the findings of the court in Hong Kong in that court.

**WHEREFORE**, for the foregoing reasons, the United States respectfully asks the Court to deny Defendant's motion to vacate seizure warrants and to modify restraining orders and request for an evidentiary hearing.

>RESPECTFULLY SUBMITTED,
>
>RICHARD WEBER, CHIEF
>ASSET FORFEITURE AND
>MONEY LAUNDERING SECTION
>
>WAYNE RAABE, ACTING CHIEF
>NARCOTIC AND DANGEROUS DRUG SECTION
>
>_____/s/_____
>Robert Stapleton
>Wanda Dixon
>Paul W. Laymon
>Mary Mogavero
>Trial Attorneys
>Criminal Division, Department of Justice
>1400 New York Avenue, NW
>Washington, DC 20530
>(202) 514-1263