UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

UNITED STATES OF AMERICA

v.                                                                          CR NO. 07-181 (EGS)

ZHENLI YE GON

_____

# DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION AND MEMORANDUM TO VACATE SEIZURE WARRANT(S) AND TO MODIFY RESTRAINING ORDER(S) AND REQUEST FOR AN EVIDENTIARY HEARING

By the instant reply, defendant Zhenli Ye Gon addresses the issues the Government raises in its response to defendant's motion to vacate seizure warrants and to modify restraining orders and request for an evidentiary hearing.

The Government makes the argument that since the defendant has not adequately proven that he cannot retain counsel without access to the seized funds, that he should not be entitled to a post seizure, pretrial hearing. Furthermore, the Government makes the point that the defendant does not address whether he has access to funds from friends or family. The fact is, the defendant has maintained time and time again that without these seized funds, he cannot retain counsel. His "family and friends" are very aware of his situation and the fact that all of his assets have been seized. They know he is being investigated by the United States Government and Mexico. What they can be sure of is, no matter how legitimate their money is, they would be intensely securitized by the

Government if they did offer to help the defendant. Defendant's friends and family may be loath to offer help even if they could. They know the Government has seized all funds belonging to the defendant and they may be scared.

The Government distinguishes the instant case from *United States of America v. E-Gold, Ltd.*, et al, 521 F.3d 411 (D.C. Cir. 2008) which granted the defendant a hearing to determine the issue of probable cause and whether or not the Government could restrain his assets he would have otherwise used to retain counsel. The Government focuses on the fact that *E-Gold* involved a finding of probable cause by a Grand Jury indictment and the instant case involves a Judicial Warrant. The Court in E-Gold focused on the ex parte nature of the Grand Jury proceedings and it was part of their basis for granting the hearing. While it is factually true that in the *E-Gold* case a Grand Jury was involved, the fact still remains that both instruments used to eventually seize the property were obtained ex parte. Although the civil seizure warrants in this case are being contested civilly, those proceedings are not adequate to ensure that defendant has the funds he needs now to retain counsel of his choice.

When defense counsel drafted and submitted the underlying motion, counsel was under the impression that there was the possibility that there may have been funds or property seized in Germany. At that time, counsel had not received any discovery either indicating or refuting the fact that there were funds in Germany. Defendant has never indicated to counsel that are funds in Germany. It was an exercise in caution to include it in our previous motion.

Next, the Government raises the point that defendant may challenge the seizure in a Hong Kong court. Defendant is without funds to retain counsel in Hong Kong to

challenge the seizure. If funds were released, this may be an option for defense counsel to hire local counsel in Hong Kong for Mr. Gon.

Finally, the Government addresses the issue of comity. The Government believes that since Hong Kong may have found probable cause to seize defendant's funds, (at the request of the United States) that we should defer to the court's findings.

While out of comity and in order to satisfy treaty obligations, a United States court may find itself honoring a foreign court's findings as to probable cause, a United States court seeking to ensure that a United States defendant's 5th and 6th Amendment rights are protected ought not to be deferring to the probable cause determinations of a foreign tribunal. The fact that the legal standards sound similar hardly means that the process that preceded it had all the hallmarks of the rigors of adversarial testing that would occur in a United States court proceeding.

WHEREFORE, for the foregoing reasons, defendant respectfully requests that this Court grant the defendant's motion to vacate the seizure warrants and to modify the restraining orders and to grant defendants request for a hearing.


Respectfully submitted,

David S. Zapp, Esq.
7 East 94th Street, Suite 1
New York, NY 10128
Tel. 212-410-3351
Fax. 917-492-1879

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of July, 2008, I caused to be served a copy of this motion by the ECF System on:

| | |
|---|---|
| Clerk: United States District Court | AUSA Paul Laymon |
| District of Columbia | US Department of Justice |
| 333 Constitution Avenue, NW | 1400 New York Ave. NW |
| Washington DC, 20001 | Washington DC, 20535 |

_____
 /s/   Johanna S. Zapp