UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | Crim. No. 07-181 (EGS) |
| ) | |
| ZHENLI YE GON ) | |
| ) | |

**RESPONSE TO MOTION TO INSPECT AND EXAMINE**

**COMES NOW** the United States of America, by and through Wayne A. Raabe, Acting Chief, Narcotic and Dangerous Drug Section, and the undersigned attorney, and hereby responds to the motion to inspect and examine.

Defendant "requests to inspect and examine the subject drugs for which the defendant is being charged with importing into the United States." In a letter attached to the motion, defendant writes that he would like "to examine and test the subject drugs which were seized in Mexico forming the basis for the Government's basis that the subject drugs are in fact a precursor to methamphetamine."

Defendant is charged with aiding and abetting the manufacture of methamphetamine, knowing or intending that the methamphetamine would be imported into the United States. That is, the defendant is charged with supplying the precursor chemicals needed for the large scale manufacture of Mexican methamphetamine. There have been no seizures of methamphetamine from this defendant. Mexican authorities did seize shipments of an intermediate chemical, with which precursor chemicals could be easily manufactured, that had been ordered by the defendant

1

from China. These shipments of intermediate chemical were destined for a manufacturing plant defendant operated in Toluca, Mexico, just outside Mexico City. In 2007, DEA agents went to this Toluca plant and took samples from the equipment at the plant. Thus, defendant's request to inspect and examine would include the shipments of intermediate chemical seized by Mexican authorities and the samples taken by DEA chemists from defendant's Toluca plant.

The government is prepared to release, to a qualified chemist hired by the defense, 100 mg portions of the samples taken from the Toluca plant. Several of the Toluca samples are too small for further testing, consisting of only residue, but at least 11 samples have sufficient reserve weight for further testing by the defense. Once the defense notifies the government it has hired a qualified chemist, the government will arrange to turn over 100 mg portions o f the samples to the defense chemist.

The government does not possess, either actually or constructively, any of the intermediate chemicals seized by the Mexican authorities, nor does the government have custody or control of the intermediate chemicals . Thus, Federal Rule of Criminal Procedure 16(a)(1)(E), which compels the government to disclose evidence in the government's control, custody, or possession, does not apply in the instant case. However, should the government acquire possession of any of the substances seized by the Mexican authorities, it will notify the defense and arrange to turn over the samples.

**WHEREFORE**, the United States respectfully asks the Court to grant the  motion in part and deny the motion in part.

        Respectfully submitted,

        ___/s/_____
        Paul W. Laymon
        Trial Attorney
        Criminal Division, Department of Justice
        1400 New York Avenue, Suite 8410
        Washington, DC 20005
        (202) 514-1286
        paul.laymon@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing motion was emailed to Mr. David Zapp, counsel for defendant, on August 18, 2008.

_____
Paul W. Laymon
Trial Attorney, DOJ

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | Crim. No. 07-181 (EGS) |
| ) | |
| ZHENLI YE GON ) | |
| ) | |
| ) | |

## **ORDER**

Upon consideration of the Motion to Inspect and Examine, and the government's response thereto, the Court hereby **GRANTS** that part of the motion concerning samples taken from the Toluca, Mexico plant, and **DENIES** that part of the motion concerning intermediate chemicals seized by Mexican authorities.


DATE: _____

_____

JUDGE

UNITED STATES DISTRICT COURT