UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | Crim. No. 07-181 (EGS) |
| | ) | |
| ZHENLI YE GON, | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MEMORANDUM OF LAW SUGGESTING PROCEDURES FOR A HEARING TO DETERMINE RELEASE OF FUNDS FOR ATTORNEYS' FEES**

The United States of America, by and through the undersigned Department of Justice Trial Attorneys, hereby files this memorandum of law suggesting procedures for a hearing to determine the release of funds for attorneys' fees.

**History of the Case**

On July 26, 2007, a federal grand jury in the District of Columbia indicted the defendant, Zhenli Ye Gon, for conspiring to aid and abet the manufacture of 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, knowing that it would be unlawfully imported into the United States from Mexico, and elsewhere, outside of the United States in violation of 21 U.S.C. §§ 959, 960, 963 and 18 U.S.C. § 2. The indictment included an allegation seeking forfeiture of all money and property belonging to the defendant constituting, or derived from, any proceeds that the defendant obtained, directly or indirectly, as a result of the crimes committed, as well as any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the alleged criminal violations. The forfeiture allegation included a money judgment against the defendant.

On August 24, 2007, this Court issued a civil seizure warrant for the following accounts

1

or properties upon the application of the United States that recited the probable cause to believe

that the property constituted proceeds of the crime alleged in the indictment, or was used to

facilitate the crime:

> one 2004 Lamborghini Murcielago automobile,
> $6,100.00 in United States currency,
> one 2007 Mercedes Benz S-550 automobile,
> approximately $2,569.04 plus interest in a Citibank checking account,
> approximately $485,952.00 plus interest in a Citibank checking account,
> Wells Fargo check in the amount of $191,971.74 from a Wells Fargo account,

On November 2, 2007, the United States District Court for the Central District of

California, Western Division, issued civil seizure warrants for the following accounts or

properties upon the application of the United States that recited the probable cause to believe that

the property constituted proceeds of the crime alleged in the indictment, or was used to facilitate

the crime:

> $599,985.00 in United States currency,
> $318,655.30 in two Bank of America accounts, and
> one 2007 Rolls Royce Phantom automobile.

On January 29, 2008, the same court issued civil seizure warrants for the following

accounts or properties upon the application of the United States that recited the probable cause to

believe that the property constituted proceeds of the crime alleged in the indictment, or was used

to facilitate the crime:

> $58,772.31 in United States currency, and
> $50,615.89 in an East West Bank account.

The United States Marshal's Service is presently in custody of all the properties

authorized for seizure.[1]

On June 16, 2008, and August 12, 2008, the defendant filed a motion for release of funds. The Court subsequently directed the government to file its suggestions for the procedures of a hearing on the defendant's motion.

### Suggested Procedures

The government suggests that the Court should, at a minimum, impose the following procedures at any hearing on the defendant's motion to release funds:[2]

> 1. **The defendant should be required to make an initial showing by preponderance of the evidence that he is without access to funds to pay attorney's fees, and he should be required to state how much he is seeking for attorney's fees**

A defendant is entitled to a hearing on a motion for the release of funds only after (1) making a threshold showing supported by more than mere assertion that he or she has no assets other than the restrained property with which to exercise his or her Sixth Amendment right to counsel or to pay for living expenses, and (2) that there is a bona fide reason to believe that the grand jury (or court, in cases of seizure warrants) erred in finding probable cause to believe that the restrained property would be subject to forfeiture if the defendant were to be convicted.

---

[1] In addition to the property seized in the United States, authorities in Hong Kong have seized approximately $10,100,000 in bank accounts there pursuant to an application from the United States under the Mutual Legal Assistance Treaty. This property has not yet been transmitted to the control of the United States.

[2] The government submits that the Court would be justified in denying defendant's motion for a hearing because he has failed in his motion to make the requisite showing substantiated by a statement under oath that he is without funds, and he has failed to allege facts that rebut the prior findings of probable cause by this Court and the district court in the Central District of California that the properties at issue are related to the defendant's criminal activity. *United States v. Jones*, 160 F.3d 641, 647 (10th Cir. 1998) ("Due Process does not automatically require a hearing and a defendant may not simply ask for one.")

*United States v. Farmer*, 274 F.3d 800, 804-05 (4th Cir. 2001); *United States v. Jones*, 160 F.3d at 647-48. The government submits that the defendant must, at a minimum, provide sworn testimony supported by appropriate documentation to support his assertion that he is without alternative means to pay for counsel, and he should establish the anticipated cost of such representation and provide evidence to support the estimate. In *United States of America v. E-Gold, Ltd., et al*, 521 F.3d 411 (D.C. Cir. 2008), the court remanded the case for this type of hearing but the government and the defendants reached a plea agreement, thus obviating the need for the hearing. However, Judge Collyer issued an order requiring the defendants to file an affidavit listing all of the assets they owned or were held on their behalf before the parties reached their agreement.

        **2.  If the defendant meets his burden, the government may rely on the probable cause articulated in the affidavits already filed and the finding made by the courts.**

Most courts have held that a hearing to release funds is limited to determining if there is probable cause as to the forfeiture of the property, and they do not allow the defendant to challenge the grand jury's (or in the case of a seizure warrant, the court's) finding of probable cause as to the underlying criminal offenses. *See United States v. Thier,* 801 F.2d 1463, 1469 (5th Cir. 1986);  *United States v. Moya-Gomez*, 860 F.2d 706, 729 (7th Cir. 1988); *United States v. Jones*, 160 F.3d at 647-48.  *But see United States v. Monsanto*, 924 F.2d 1186, 1199 (2d Cir. 1991) (allowing the district court to reconsider grand jury's finding of probable cause as to the offense); *United States of America v. E-Gold, Ltd., et al*, 521 F.3d 411 (D.C. Cir. 2008) (same). Courts have held that the Federal Rules of Evidence do not apply in such a hearing.  *See Monsanto* 924 F.2d at 1198; *Jones*, 160 F.3d at 647-648; *Melrose East*, 357 F.3d at 506, footnote

4

15.  The government may rely upon the affidavits already filed to demonstrate that there is probable cause to believe that the assets at issue would be forfeited if the defendant were convicted of the offenses charged.  *See United States v. Monsanto*, 924 F.2d at 1199; *United States v. Jamieson*, 189 F.Supp. 2d 754, 757-58 (N.D. Ohio 2002).

Defendant bears the burden of production to rebut the probable cause to seize the assets. *See Jamieson*, 189 F. Supp. 2d at 757 ("The defendant has the burden of production of evidence which would lead to [sic] the Court to believe that there are assets which should not be burdened by the restraining order.").  However, Defendant should give the government notice about the type of evidence he plans to introduce, especially any witnesses he may call to testify at this hearing.

### 3.  **If the Court concludes that the defendant's evidence is sufficient to rebut the probable cause determinations already made in this case, the government should be permitted to adduce additional evidence.**

If the defendant can make an adequate showing of need and has introduced evidence sufficient to rebut the showing of probable cause already made, the government may then provide additional evidence to show that probable cause exists to conclude that the property sought will be forfeit if the defendant is convicted.  *See United States v. Michelle's Lounge (Michelle's Lounge I)*, 39 F.3d 684, 701 (7th Cir. 1994);.

**Conclusion**

**WHEREFORE**, for the foregoing reasons, the United States respectfully suggests that

the Court implement the above procedures for the hearing to determine release of funds for

attorneys' fees.

RESPECTFULLY SUBMITTED,

RICHARD WEBER, CHIEF
ASSET FORFEITURE AND
 MONEY LAUNDERING SECTION

WAYNE RAABE, ACTING CHIEF
NARCOTIC AND DANGEROUS DRUG SECTION

_____/s/_____
Robert Stapleton
Wanda Dixon
Paul W. Laymon
Trial Attorneys
Criminal  Division, Department of Justice
1400 New York Avenue, NW
Washington, DC 20530
(202) 514-1263

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2008, I electronically filed the foregoing response to

Defendant's Motion for Release of Funds with the Clerk of Court using the CM/ECF system,

which will send notification of such filing (NEF) to the following:

David S. Zapp
7 East 94th Street
New York, NY 10128
(212) 410-3351
Email: davidzapp@aol.com

Martin F. McMahon
1150 Connecticut Avenue, NW
Suite 900
Washington, DC 20036
(202) 862-4343
Fax: (202) 828-4130
Email: mfm@martinmcmahonlaw.com

_____/s/_____
Robert Stapleton, Esq.
Trial Attorney
Criminal  Division, Department of Justice
1400 New York Avenue, NW
Washington, DC 20530
(202) 514-1263