IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                          |   |                          |
|--------------------------|---|--------------------------|
| UNITED STATES            | : |                          |
|                          | : | CASE NO. 07-CR-181(EGS)  |
| v.                       | : |                          |
|                          | : |                          |
| ZHENLI YE GON,           | : |                          |
|          Defendant       | : |                          |

## DEFENDANT'S MOTION FOR SANCTIONS FOR
## FAILURE TO COMPLY WITH DISCOVERY ORDER

Defendant Zhenli Ye Gon, by and through undersigned counsel, and pursuant to the Court's Order of May 12, 2009 (Doc. # 157) and Fed. R. Crim. P. 16, hereby moves the Court to impose sanctions against the government for failure to comply with the Order and for its continued delaying tactics in this case.  In support of this Motion, Defendant states as follows:

1. On May 12, 2009, the Court ordered the government to complete all discovery, and also to produce witness, expert and exhibit lists.  The Order also directed the government to make certain inquiries of foreign governments and make available other items to the Court for *in camera* review.  The deadline for compliance with the Order was May 18.

2. The first item the Court directed the government to produce is "all discoverable evidence."  The government did produce to the defense at least 8 boxes of documents and multiple CDs.  The defense is currently reviewing these items and is unaware of any deficiency in the production.

3. The Court next ordered the government to disclose "expert notification including all expert statements for all experts to be called at trial."  The government's expert

disclosure (e-mailed to the defense at 11:54 p.m. on May 18) amounts to a six-page document entitled "Expert Witness Notification" containing the names of 23 purported experts in various fields. (*See* Exh. A)  The disclosure is deficient because it fails to provide a proper written summary of any testimony that the government intends to use at trial and does not fully set out the witness' opinions, the bases and reasons for those opinions, and the witness' qualifications. Additionally, the government failed to produce copies of reports of examinations and tests of these experts as required by Fed. R. Crim. P. 16(a)(1)(F).

        4.       The Court also ordered the government to produce an "exhibit list of all anticipated government trial exhibits."  In response, the government produced (e-mailed to the defense at 12:01 and 12:06 a.m., May 19, 2009) a 27-page (Chinese) laundry list entitled "Exhibit List" containing 257 separate items.  (*See* Exh. B).  Many of these items (*e.g.* # 12 – COFEPRIS Tomo Two) are themselves made up of multiple documents and hundreds of pages. The disclosure appears to be a list of all documents in the government's possession and is utterly useless for trial preparation.

        5.       The Court also ordered the government to produce "the government's witness list."  The government produced (e-mailed to the defense at 11:54 p.m. on May 18) two Excel spreadsheets entitled "Zhenli Ye Gon Investigation: Individuals Interviewed" and "Law Enforcement Witnesses." (*See* Exh. C & D).  The firsts contains 355 names and the second contains 40 names.  Although the government appears to have technically complied with the Court's Order, the purported witness lists are so over inclusive so as to be useless for the purpose of trial preparation.

6. The Court further ordered the government to inquire about the availability of UNIMED and COFEPRIS logbooks and inform the defense of the status of the log books. The government failed to do so.

7. The Court Ordered the government to attempt to obtain from Mexico samples of the subject drugs in possession of the Mexican authorities or courts and provide those samples to the defense or report to the Court why these samples are not available. The government has failed to do so.

8. The Court also ordered the government to provide the Court for *in* camera review copies of the government's document requests to Mexico and China. Upon information and belief, the government has not done so.

9. The government's failures to comply with the Court's Order results in manifest prejudice to the defense. Several of the items that have not been produced, drug samples, for example, harm Mr. Ye Gon in that he cannot directly challenge the crux of the government's case – that he imported chemical from China and converted them to pseudoephedrine for resale to drug cartels. The defense can only challenge "tests" conducted Mexican authorities but cannot test the chemicals themselves.

10. The government's failure to produce the results of its requests to other governments prejudices the defense because the government has mechanism not available to the defense through which it can obtain foreign evidence. In effect, the defense is at the mercy of the government to disclose foreign evidence and the government in this case has not demonstrated a desire to willingly turn over information.

11. With the respect to the voluminous lists (witnesses, experts and exhibits) produced by the government, the defense is prejudiced in that it must spend precious resources to

prepare for trial by trying to divine what documents and what witnesses the government actually intends to call at trial.  Further, given the list of 23 purported experts, the defense would have to again waste resources trying to prepare for any one of them to testify.  For example, the defense needs to retain the services of various experts to rebut the possible government experts.

      12.      Federal Rule of Criminal Procedure 16(d)(2) states in relevant part:

> (d) Regulating Discovery.
>
> (2) *Failure to Comply.*
>
> If a party fails to comply with this rule, the court may:
>
> (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;
>
> (B) grant a continuance;
>
> (C) prohibit that party from introducing the undisclosed evidence; or
>
> (D) enter any other order that is just under the circumstances.

Implicit in the discretion granted the district court under rule 16(d)(2) is that the district court, in deciding what sanction to impose, consider several factors: "the reasons why disclosure was not made, the extent of the prejudice, if any, to the opposing party, the feasibility of rectifying that prejudice by a continuance, and any other relevant circumstances." 8 Moore's Fed. Practice P 16.04(3) (2d Ed. 1981). *See United States v. Sarcinelli*, 667 F.2d 5, 7 (5th Cir. 1982).

      13.      In this case, the Court has already ordered the government to permit discovery and inspection and the government has simply and inexplicably failed to comply with that Order.  The government regularly appears through at least three attorneys in Court and has

immeasurable resources at its disposal.  There is no excuse for failing to comply with the Order. The Court has already granted a continuance of trial in this two-year old case – continuing the case further would only serve to reward the government's delaying tactics.

14. As a further example of the cavalier manner in which the government treats its obligations, on May 19, 2009, the defense provided a letter to the government detailing the above-mentioned deficiencies and requesting that they be corrected.  That letter requested a response by close of business May 20. (*See* Exh. E). When no response was received by that time, the defense inquired of the government at 11:13 p.m. that evening whether any response was forthcoming.  It was not until the next day that the government responded that it intended to reply "perhaps today [May 21], tho more likely Fri. [May 22]."  May 21 and May 22 came and went and the government still failed to reply, forcing the defense to file this motion.  In fact, as of the date of this Motion, the government still has not responded to defense inquiries.

15. The government has delayed this case with impunity for much too long and the Court's stern hand is needed to force it to comply with its obligations.  The government's failure to comply with the very specific Order of May 12 is a continued manifestation of the government' pattern of delay in this case.  Defendant has been detained for almost two years under extremely harsh conditions and the defense still has to beg for discovery, which the government then doles out in piecemeal fashion.  Given that a trial date was previously set for June 22 and that the government was presumably ready to go forward, it is inexcusable that it can not and does not comply with the discovery Order.

16. As such, considering the repeatedly failures by the government Defendant respectfully requests that the Court prohibit the government from using as evidence at trial any of the witnesses, exhibits, experts or other items it failed to properly disclose by May 18, 2009.

17. An immediate hearing on this motion is requested.

Dated: Washington, DC
October 25, 2009

Respectfully submitted,

**LAW OFFICE OF A. EDUARDO BALAREZO**

By: /s/
_____
A. Eduardo Balarezo, Esq. (D.C. Bar # 462659)
400 Fifth Street, NW
Suite 300
Washington, DC  20001
(202) 639-0999

Manuel J. Retureta, Esq.
601 Pennsylvania Avenue, NW
Suite 900S
Washington, DC  20004

Martin McMahon, Esq.,
Martin McMahon & Associates
1150 Connecticut Ave., N.W.
Suite 900
Washington, D.C. 20036
(202) 862-4343

*Counsel for Defendant Zhenli Ye Gon*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 25th day of May 2009, I electronically filed the foregoing Defendant's Motion for Sanctions for Failure to Comply with Discovery Order to the Parties via ECF.

/s/
_____
A. Eduardo Balarezo, Esq.