UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | Crim. No. 07-181 (EGS) |
| ) | |
| ZHENLI YE GON, defendant.   ) | |

**MOTION TO DISMISS**

**COMES NOW** the United States of America, by and through Paul O'Brien, Chief, Narcotic and Dangerous Drug Section, and moves to dismiss, without prejudice, the one count indictment and its accompanying criminal forfeiture allegation.

Summary of Relief Requested

Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, the United States moves to dismiss, without prejudice, the one count superseding indictment and its accompanying criminal forfeiture allegation. For the reasons set out below, the District Court should grant the motion to dismiss, without prejudice.

Background

Defendant was arrested near Baltimore, Maryland in July 2007.  Shortly thereafter, a grand jury in Washington, D.C. returned a one-count indictment charging defendant with conspiracy to aid and abet the manufacture of 500 grams or more of a mixture or substance containing methamphetamine, knowing or intending that the methamphetamine would be imported into the United States, in violation of Title 21, United States Code, Sections 959, 960,

and 963, and Title 18, United States Code, Section 2.   The grand jury also returned a criminal forfeiture allegation.   On November 26, 2008, the grand jury returned a superseding indictment which amended the dates of the charged conspiracy.  Trial is presently scheduled to begin on September 14, 2009.

On or about June 9, 2008, Mexico formally requested extradition of the defendant,  a citizen of Mexico (and China) who had lived in Mexico since the early 1990's.  On September 15, 2008, the United States filed an extradition complaint now before the Honorable John M. Facciola, United States Magistrate Judge of the United States District Court for the District of Columbia.   The Magistrate Judge has not yet concluded whether defendant should be extradited to Mexico, but a hearing scheduled for June 18, 2009 was continued to August 26, 2009.  Defendant is charged in Mexico with organized crime, importation and manufacture of psychotropic substances and diversion of essential chemicals used to produce narcotics, violations of firearms laws, and money laundering.  On June 13, 2007, a Mexican arrest warrant was issued for the defendant.  The Mexican offenses are extraditable offenses as set out in the Extradition Treaty between the United States and Mexico.

<u>Law</u>

Pursuant to Rule 48(a), Federal Rules of Criminal Procedure, the government may, with leave of the Court, dismiss an indictment.   The District Court should review the motion to dismiss to ensure it is not "clearly contrary to manifest public interest".  *Rinaldi v. United States*, 434 U.S. 22, 30 (1977).  The prosecutor should provide a statement of reasons and underlying factual basis for the motion to dismiss. *United States v. Ammidown,* 497 F.2d 615, 619-621 (D.C. Cir. 1974).  There is in the this district a strong presumption in favor of dismissal without

prejudice. *United States v. Poindexter,* 719 F.Supp. 6, 10 (D.D.C. 1989). Dismissal "without prejudice is not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds." *United States v. Ferguson,* 565 F.Supp. 2d 32, 48 (D..D.C. 2008).

## Reasons to Dismiss

The United States and Mexico both have significant and separate interests in prosecuting the defendant. The defendant is charged in Mexico with directing a criminal organization for the purpose of committing drug crimes and laundering money; importing, transporting, and manufacturing controlled psychotropic substances, and possessing controlled psychotropic substances, for the purpose of producing methamphetamine precursor chemicals; diversion of essential chemicals to produce methamphetamine precursor chemicals; unlawful possession of firearms; and money-laundering. He is charged in the United States with conspiracy to aid and abet the manufacture of methamphetamine, knowing and intending it would be imported into the United States. Both the Mexican and United States' charges carry substantial prison sentences. Although the Mexican and United States' cases are based on legally and factually distinct offenses, the conduct with which the defendant is charged in the U.S. case occurred largely within the territory of Mexico and much of the evidence and witnesses upon which the government would rely are from Mexico.

The prosecution of this case in Mexico is of considerable public interest and is important to Mexico's counter-narcotics policy. The case has been cited by Mexican President Felipe Calderon as a major development in Mexico's war on drug traffickers. It is among the most significant cases that Mexico has brought as part of its strong enforcement actions against the

illicit importation and manufacture of methamphetamine precursor chemicals.  The defendant's criminal conduct in Mexico involved multi-ton quantities of methamphetamine precursor chemicals and millions of dollars in illicit drug proceeds.  Mexican authorities seized more than $200 million in U.S. currency from the defendant's home in Mexico City -- believed to be the largest seizure of illicit drug proceeds in law-enforcement history.

The government of Mexico has filed an ample and well documented request for the defendant's extradition which is currently before U.S. Magistrate Judge John M. Facciola.  The extradition request reflects the compelling and strong nature of the evidence in the Mexican case.  If the U.S. trial goes forward, there would be, in all likelihood, a significant delay before all extradition litigation could be concluded and the fugitive could be surrendered to Mexico.  In addition, as to the criminal case in the United States, with one key witness in the criminal case having stated that previous statements made about the defendant were untrue and another key witness in the criminal case having expressed an unwillingness to testify, the United States has evidentiary concerns in light of these changed circumstances.  The government believes the interests of justice and the United States' ongoing collaborative efforts with the Government of Mexico to combat international drug trafficking are best served by giving precedence to the Mexican prosecution.   Therefore, the United States moves to dismiss its criminal case.

There remains in the District of Columbia a strong presumption in favor of dismissing without prejudice.  Subsequent prosecution would not be contrary to the public interest.  If for some reason Mexico did not or could not prosecute the defendant, the United States would have a compelling interest to reinstitute prosecution.  As the District Court in *Ferguson* pointed out, dismissal without prejudice is not a "toothless sanction", as any attempt to reinstitute charges

would require a new indictment, a consideration of the statute of limitations, and recourse to the Speedy Trial Act.

**WHEREFORE**, the United States respectfully asks the Court to grant the motion and dismiss the indictment without prejudice.

.                                                         Respectfully submitted,

                                            ___/s/_____
Paul W. Laymon
Wanda Dixon
Robert Stapleton
Trial Attorneys
Criminal Division, Department of Justice
1400 New York Avenue, Suite 8410
Washington, DC 20005
(202) 514-1286
paul.laymon@usdoj.gov
wanda.dixon@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion was emailed to counsel for defendant, on June 22, 2009.

_____
Paul W. Laymon
Trial Attorney, DOJ

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | Crim. No. 07-181 (EGS) |
| | ) | |
| ZHENLI YE GON | ) | |
| | ) | |
| | ) | |

**ORDER**

Upon motion by the United States, and for good cause shown, the indictment in the above captioned case is hereby dismissed without prejudice.

DATE: _____

_____

JUDGE

UNITED STATES DISTRICT COURT