```
 1                    UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLUMBIA
 2    --------------------------X
      UNITED STATES OF AMERICA,      Docket No. 07-181
 3                   Plaintiff,
             v.                      Washington, D.C.
 4                                   August 25, 2009
                                     11:15 a.m.
 5    ZHENLI YE GON,
                     Defendant.
 6    --------------------------X

 7    UNITED STATES OF AMERICA,      Docket No. 07-211

 8                   Plaintiff,

 9           v.

10    MICHELE WONG, [BY PHONE]

11                   Defendant.

12    --------------------------X

13                       STATUS HEARING
            BEFORE THE HONORABLE EMMET G. SULLIVAN
14              UNITED STATES DISTRICT JUDGE
      APPEARANCES:
15    For the Plaintiff:    U.S. DEPARTMENT OF JUSTICE
                            By:  Mr. Paul O'Brien
16                               Mr. Paul W. Laymon
                                 Ms. Wanda J. Dixon
17                               Mr. John Stevens
                            1400 New York Avenue, N.W.
18                          Washington, D.C.  20005
                            202.514.1286
19                          paul.obrien@usdoj.gov
                            paul.laymon@usdoj.gov
20                          wanda.dixon@usdoj.gov
                            john.stevens@usdoj.gov
21
      For the Defendant:    LAW OFFICES OF EDUARDO BALAREZO
22    ZHENLI YE GON          By:  Mr. Eduardo Balarezo
                            400 Fifth Street, N.W.
23                          Suite 300
                            Washington, D.C.  20001
24                          202.639.0999
                            filings@balarezo.net
25
```

```
 1  APPEARANCES:  (CONT'D.)

 2  ZHENLI YE GON          RETURETA & WASSEM, PLLC
                           By:  Mr. Manuel J. Retureta
 3                         601 Pennsylvania Avenue, N.W.
                           South Bldg., Suite 900
 4                         Washington, D.C.  20004
                           202.220.3073
 5                         mjr.rw@verizon.net

 6  For the Defendant:     LAW OFFICES OF CARMEN D. HERNANDEZ
    MICHELLE WONG          By:  Ms. Carmen D. Hernandez
 7                         7166 Mink Hollow Road
                           P.O. Box 70
 8                         Highland, MD  20777
                           240.472.3391
 9                         chernan7@aol.com

10  MICHELLE WONG          LAW OFFICES OF WILLIAM B. PURPURA
                           By:  Mr. William B. Purpura
11                         8 East Mulberry Street
                           Baltimore, MD  21202
12                         410.727.8550
                           wpurp@aol.com
13

14  Court Reporter:        Catalina Kerr, RPR, CRR
                           U.S. District Courthouse
15                         Room 6716
                           Washington, D.C.  20001
16                         202.354.3258
                           catykerr@msn.com
17

18  Proceedings recorded by mechanical stenography, transcript

19  produced by computer.

20

21

22

23

24

25
```

```
 1                      P-R-O-C-E-E-D-I-N-G-S
 2            (11:15 A.M.; OPEN COURT; DEFENDANT YE GON PRESENT
 3   IN COURT, AND MS. WONG PRESENT BY PHONE, AND ALL COUNSEL
 4   APPEARING IN THEIR BEHALF PRESENT IN COURTROOM.)
 5            THE DEPUTY CLERK:  This is Criminal Case 07-181 and
 6   Criminal Case 07-211.  United States versus Zhenli Ye Gon and
 7   Michele Wong.  This is a motions hearing.
 8            Would the parties please identify themselves for the
 9   record beginning with the Government.
10            MR. O'BRIEN:  Good morning, Your Honor.  Paul
11   O'Brien for the United States.
12            THE COURT:  Good morning, Counsel.
13            MR. O'BRIEN:  I think we are having technical --
14            THE COURT:  Good morning, Counsel.
15            MR. O'BRIEN:  Paul O'Brien for the United States.
16   Sitting with me at counsel table are Ms. Dixon and Mr. Laymon.
17   Mr. John Stevens is here on the Ye Gon matter.  He's sitting
18   in for Mr. Stapleton who is in trial today.
19            THE COURT: All right.  Good morning.  Excuse me,
20   you need a second?
21            THE INTERPRETER:  That's okay.  No, go ahead.
22            THE COURT:  Take your time.
23            (INTERPRETER ADJUSTING MICS.)
24            THE INTERPRETER:  Thank you, Your Honor.
25            THE COURT:  Sure.  All right.  Is it working?  Is it
```

1  working?

2             THE INTERPRETER:  Yes.

3             THE COURT:  All right.

4             THE DEPUTY CLERK:  Shall I recall the case?

5             THE COURT:  No, that's all right.  Counsel.

6             MR. BALAREZO:  Good morning, Your Honor.  Eduardo

7  Balarezo along with Manuel Joaquin Retureta on behalf of

8  Mr. Ye Gon.

9             THE COURT:  All right.  Good morning, Counsel.

10            MR. PURPURA:  Your Honor, good morning.  William

11 Purpura and Carmen Hernandez on behalf of Michele Wong who is

12 participating by way of phone conference.

13            THE COURT:  Ms. Wong, good morning.

14            MS. WONG:  Good morning, Your Honor.

15            THE COURT:  Mr. Ye Gon, good morning.

16            THE DEFENDANT:  Good morning, Your Honor.

17            THE COURT:  This is actually a status hearing.  It's

18 not a motions hearing.  Let me just put on the public record

19 that the attorneys for the Government and one of the Defense

20 attorneys -- Actually, is Ms. Levick here, P.D.S.?  All right.

21 She was invited to be present.

22            We had a discussion yesterday in the presence of a

23 court reporter, telephone conversation, and I'm saying this

24 for the benefit of Mr. Ye Gon who was not present yesterday.

25 The reason why I had requested the attorneys to telephone me

1  was because very recently an opinion, an ethical opinion --
2  actually a formal opinion of the American Bar Association was
3  brought to my attention, which arguably may impact some of the
4  issues raised in this case, and I thought it important enough
5  that I needed to inquire of counsel -- actually to ask counsel
6  to direct -- to focus on the applicability of that formal
7  opinion, and for the record, it's 09-454, which was issued
8  July 8th, 2009 by the American Bar Association, to address
9  the applicability of that opinion, if any, to facts and
10 developments in this case.
11         So, we talked about whether or not additional time
12 might be necessary for both sides to weigh in on the
13 applicability of that opinion and the -- and the opinion
14 expressed by that Association.
15         We talked tentatively about scheduling a new hearing
16 date for September the 14th, with additional briefs due by
17 the Government August 31st, and September the 10th, and I
18 want to assure Mr. Ye Gon that the reason for the additional
19 delay was solely for the benefit of the Court.
20         The Court raised this.  No one asked me to continue
21 this.  I recognize that not only are you dealing with issues
22 in this case, but you're also before one of my colleagues
23 focusing on extradition issues, and you want some finality,
24 and I can appreciate that.  But I raised the issue and I
25 thought it important enough to get some input from counsel

1  with respect to that opinion, and it may take some time for
2  the attorneys to weigh in with respect to that opinion.
3          But having said all that, let me now just inquire of
4  the Government, do you need additional time to address the --
5  that opinion that the Court raised?  We're not --
6          MR. O'BRIEN:  Thank you, Your Honor.  As we
7  indicated yesterday, we would like additional time, and I
8  think we asked to have till close of business on August 31st
9  to file a brief.  Pursuant to the Court's instructions, we
10 talked yesterday about moving the hearing till
11 September 14th, and part of the delay in resetting the
12 hearing was due to the availability of counsel.  As the Court
13 knows, we all have vacation plans coming up.
14         THE COURT:  Right.
15         MR. O'BRIEN:  I noticed yesterday that Defense
16 inquired whether we could do the hearing on the afternoon of
17 the 14th.  If that's convenient for the Court and convenient
18 for Defense counsel, we can do it in the afternoon.
19         THE COURT:  It's convenient for me.  I just wanted
20 to give the parties an opportunity to proceed tomorrow if the
21 parties were of the opinion that they didn't need additional
22 time to brief.
23         MR. O'BRIEN:  We'd like an opportunity to review.  I
24 personally have not had a chance to study it.  I'd like an
25 opportunity to do so.

1            THE COURT:  All right.  Defense counsel, yes.
2            MR. RETURETA:  Your Honor, if I may ask.  The 31st
3   is fine with the Defense.  If we could also have -- if there's
4   any need for response, maybe at the end of that week, I
5   believe it's September the 4th -- or the 10th.
6            THE COURT:  I think the 10th.  I put in the -- I
7   think I said the 10th during the telephone conversation.  I
8   think one of the attorneys was unavailable that week, but I
9   think it's probably important enough to get any final thoughts
10  from counsel.
11           MR. RETURETA:  Very well, very well.
12           THE COURT:  And I'll also invite Ms. Levick to weigh
13  in as appropriate on behalf of the Public Defenders Service.
14           MR. BALAREZO:  Your Honor, I believe we intend to
15  get our filing in simultaneously on the 31st, but if -- we may
16  ask for a day or two depending on how it goes, given the
17  schedules that we have right now.  Rather than wait till the
18  10th to reply, we might --
19           THE COURT:  Do it sooner?
20           MR. BALAREZO:  Do it sooner than the 10th.
21           THE COURT:  Oh, that's fine.  If the parties are
22  able to do it sooner, that gives me more time to focus on your
23  submissions.
24           Let me raise that now.  Can you file your responsive
25  pleading sooner than the 10th?

1          MR. BALAREZO:  I think we will be able to, right?

2          THE COURT:  And the same question to the Government.

3          MR. BALAREZO:  What I'm saying is there might be the

4    possibility that we request a day or two to file our initial

5    pleading, which may take into account the Government's filing,

6    so that will be our filing.

7          THE COURT:  You mean a day or two after the 31st?

8          MR. BALAREZO:  After the 31st, correct.

9          THE COURT:  Well, I prefer to get them on the 31st.

10   Is there some reason why you can't file it on the 31st?

11         MR. BALAREZO:  We will get it on the 31st.

12         THE COURT:  Yeah.  All right.  What about the

13   responsive pleading sooner than the 10th of September?  Is

14   that possible?  If it's not possible, that's fine.

15         MR. BALAREZO:  Probably not, Your Honor.  We -- I

16   know Mr. Retureta and myself, we will be gone next week on

17   vacations and --

18         THE COURT:  All right.  So these are firm dates

19   then, August 31st and September the 10th.

20         Mr. Ye Gon, I just want to make sure you understand

21   what's going on.  You need to talk with your attorneys or

22   anything?  I raised this.  The attorneys didn't ask for

23   anymore time.  I raised this, and you weren't present

24   yesterday, and in fairness to you, we thought you -- we didn't

25   think -- we knew -- I knew that you should be present and to

```
 1  participate in this proceeding.  Having said everything I
 2  said, if you would like to talk to your attorneys in the back
 3  for a minute or two, that's fine with me.
 4              THE DEFENDANT:  I already have a chance.  Thank you,
 5  Your Honor, very much for this chance.
 6              MR. BALAREZO:  Your Honor, Mr. Retureta and I have
 7  already spoken with him at length about the issue and he
 8  understands the Court's position.
 9              THE COURT:  All right.  There's one other -- since
10  there will be additional briefing, there's one other issue
11  that I want flushed out more than has been addressed in the
12  pleadings and that has to do with whether or not commencing
13  another prosecution at a different time or place would
14  arguably be deemed more favorable to the prosecution.  That's
15  a factor that the Court needs to focus on pursuant to the
16  *Poindexter* opinion, the *North* opinion, other opinions from our
17  circuit and other circuit courts.
18              That's a factor that I'm going to have to address in
19  an effort to determine whether the case is dismissed with or
20  without prejudice.  That's putting aside *Brady* arguments.  And
21  I say this for this reason.  More than once, you know, on the
22  public record, more than once the Government informed the
23  Court that the judge or either the court in Mexico was not
24  willing to release evidence to this court or to the
25  prosecutors in this case to enable the Government to proceed
```

1  with the prosecution.

2          That's a significant point, and I heard that more
3  than once.  So, it raises the question, is that what you're
4  really driving this dismissal without prejudice, to enable the
5  Government at a point in time, after the Mexican prosecution
6  has completed, to then make the Government, enable the
7  Government in this case to make a more persuasive, more
8  compelling argument for release of evidence to allow it to
9  recommence a new proceeding?

10         That is not an insignificant point.  There may be
11 other points that factor into a more favorable prosecution at
12 a later date, but that's one that certainly has caught this
13 court's attention.  I need that -- that factor addressed in
14 the supplemental pleadings, you know, what inference can be
15 drawn from that.  And maybe there's some other points that, in
16 combination with that, might persuade this court that a
17 dismissal with prejudice is appropriate because without
18 prejudice would enable the Government to bring these charges
19 again two years from now, three years from now, a year from
20 now once the Mexican prosecution has concluded.

21         So, it's not only the applicability of 09-454 but
22 it's also that prong of the dismissal with prejudice argument,
23 putting aside *Brady.*  I heard that more than once on the
24 public record, and that's all I have to say about that.

25         Anything else we need to talk about?

```
 1                MR. O'BRIEN:  No.  Thank you, Your Honor.
 2                MR. BALAREZO:  Your Honor, on an unrelated matter,
 3    Mr. McMahon and Ms. Hilgeman who represent Mr. Ye Gon have
 4    filed a motion to withdraw in this and other matters.  It has
 5    not been ruled upon, but I know Ms. Hilgeman is in court today
 6    and wasn't sure whether or not they should still be present.
 7                THE COURT:  Let me just inquire of Mr. Ye Gon.
 8                Mr. McMahon and his associate have filed a motion to
 9    withdraw.  Do you have any objections to that?
10                THE DEFENDANT:  No.
11                THE COURT:  All right.  I will grant that motion and
12    we'll issue an order electronically today.
13                MR. BALAREZO:  Thank you.
14                MR. PURPURA:  Your Honor, if I may, on a related
15    issued to that; in fact, Defense counsel and myself, Ms.
16    Hernandez did file our motion to strike the appearance of
17    Richard Barnett and Allen Dale as local counsel on the two
18    civil forfeiture issues that's pending before the Court.  I
19    note they're not here.
20                THE COURT:  Were they given notice?
21                MR. PURPURA:  They were given -- yes, plenty of
22    notice.
23                THE COURT:  All right.  Ms. Wong, do you have
24    objections to that?  Mr. Dale and the name of the other
25    attorney?
```

```
 1              MR. PURPURA:  It's Richard Barnett and G. Allen
 2   Dale.
 3              THE COURT:  I know Mr. Dale.  I don't recall Mr.
 4   Barnett's presence.  Do you object to their presence -- their
 5   notice of appearance in this case being stricken from the
 6   record?
 7              MS. WONG:  No, Your Honor.  I have no objection
 8   whatsoever.
 9              THE COURT:  All right.  You were not present during
10   the telephone call yesterday.  Do you plan to file anything
11   independent?
12              MR. PURPURA:  Your Honor, we may.  I'll speak to
13   Ms. Hernandez and we will try not to be duplicitous.  We may
14   file something.
15              THE COURT:  All right.  Let me just ask a question.
16   I think I probably know the answer, but is there any chance
17   the Government would consider dismissal with prejudice in this
18   case?
19              MR. O'BRIEN:  Your Honor, I'll take a look at it.
20   You know, my concern has always been throughout the
21   proceedings here that obviously the Court has discretion.  We
22   briefed that.  The Court understands that.
23              My concern has been that the reason why the Court is
24   going to seek to dismiss it with prejudice.  We in no way
25   believe that there is a *Brady* violation in this case, we in no
```

1   way believe that there was misconduct in this case, and that's
2   been my concern throughout the proceedings after we filed the
3   motion to dismiss.
4           Certainly the Court has the discretion to dismiss it
5   with prejudice for other considerations that the Court has
6   alluded to.  That is -- that's one set of issues that we've
7   looked at and we briefed, but the Court has asked us to brief
8   the issues concerning *Brady* in duty of candor and we strongly
9   submit that that is not a basis in this case to dismiss it
10  with prejudice.
11          Now, whether the Court dismisses it with prejudice
12  based on those other factors is something that we can look
13  into.
14          THE COURT:  Or the Government could simply dismiss
15  with prejudice.  The Government has no reason to believe it
16  will ever prosecute Mr. Ye Gon again in the United States.  I
17  query whether you shouldn't take a new look at it.
18          MR. O'BRIEN:  Well, certainly, as we've highlighted
19  in our briefs, the presumptive rule is dismissal without
20  prejudice.
21          THE COURT:  Absolutely.
22          MR. O'BRIEN:  So, based on the Court's comments,
23  we'll --
24          THE COURT:  I was just inquiring.  You know, it's
25  just a legitimate question to ask.  Well, the Government

1  changes its mind, let me know and save ourselves a lot of
2  additional work in this case.
3              MR. O'BRIEN:  I don't want to put the Court through
4  any additional work more than is necessary.
5              THE COURT:  All right.  Anything further, Counsel?
6              MR. BALAREZO:  No, Your Honor.
7              THE COURT:  All right.  Thank you.  Good to see
8  everyone.  Mr. Ye Gon, take care.  All right.  Let me thank
9  the marshals for bringing -- I know it was not easy bringing
10 him in.  Thank you very much.  I appreciate it.  You know I
11 do.  Thank you.
12             (PROCEEDINGS END AT 11:30 A.M.)
13                              *-*-*-*
14
15                     **CERTIFICATE OF REPORTER**
16         I, Catalina Kerr, certify that the foregoing is a
17 correct transcript from the record of proceedings in the
18 above-entitled matter.
19
20
21 _____    _____
   Catalina Kerr                       Date
22
23
24
25