1                  UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA

2   -------------------------X
   UNITED STATES OF AMERICA,     Docket No. 07-181

3                 Plaintiff,

        v.               Washington, D.C.

4                        **August 28, 2009**
                        1:30 p.m.

5   ZHENLI YE GON,
                Defendant.

6   -------------------------X

                  ***STATUS HEARING***

7     *BEFORE THE HONORABLE EMMET G. SULLIVAN*
         *UNITED STATES DISTRICT JUDGE*

8   APPEARANCES:

   For the Plaintiff:    U.S. DEPARTMENT OF JUSTICE

9                 By:  Mr. Paul O'Brien
                     Mr. Paul W. Laymon

10                    Ms. Wanda J. Dixon
                    Mr. Robert Stapleton

11                    Mr. John Stevens
                 1400 New York Avenue, N.W.

12                 Washington, D.C.  20005
                 202.514.1286

13                 *paul.obrien@usdoj.gov*
                 *paul.laymon@usdoj.gov*

14                 *wanda.dixon@usdoj.gov*
                 *robert.stapleton@usdoj.gov*

15                 *john.stevens@usdoj.gov*

16                 PUBLIC DEFENDER SERVICE FOR
                  THE DISTRICT OF COLUMBIA

17                 By:  Ms. Sandra K. Levick
                 633 Indiana Avenue, N.W.

18                 Washington, D.C.  20004
                 202.824.2383

19                 *slevick@pdsdc.org*

20                 FEDERAL PUBLIC DEFENDER OFFICE
                 By:  Mr. A.J. Kramer

21                 625 Indiana Ave., N.W.
                 Suite 550

22                 Washington, D.C.  20004
                 202.208.7500

23                 *a.kramer@fd.org*

24

25

```
 1   APPEARANCES:  (CONT'D.)

 2   For the Defendant:      LAW OFFICES OF EDUARDO BALAREZO
                             By:  Mr. Eduardo Balarezo
 3                           400 Fifth Street, N.W.
                             Suite 300
 4                           Washington, D.C.  20001
                             202.639.0999
 5                           filings@balarezo.net

 6                           RETURETA & WASSEM, PLLC
                             By:  Mr. Manuel J. Retureta
 7                           601 Pennsylvania Avenue, N.W.
                             South Bldg., Suite 900
 8                           Washington, D.C.  20004
                             202.220.3073
 9                           mjr.rw@verizon.net

10   INTERPRETER:            Ms. Judith Shapiro

11   Court Reporter:         Catalina Kerr, RPR, CRR
                             U.S. District Courthouse
12                           Room 6716
                             Washington, D.C.  20001
13                           202.354.3258
                             catykerr@msn.com

14

15   Proceedings recorded by mechanical stenography, transcript

16   produced by computer.

17

18

19

20

21

22

23

24

25
```

```
1                    P-R-O-C-E-E-D-I-N-G-S

2              (1:30 P.M.; OPEN COURT; DEFENDANT PRESENT WITH HIS

3    ATTORNEYS.)

4              THE DEPUTY CLERK:  This is Criminal Case 07-181,

5    United States versus Zhenli Ye Gon.  This is a status hearing.

6    Would the interpreter please stand and be sworn in this case.

7    Raise your right hand, ma'am.

8              (INTERPRETER SWORN BY THE DEPUTY CLERK.)

9              THE DEPUTY CLERK:  Will the parties please introduce

10   yourselves to the Court, beginning with the Government.

11             MR. O'BRIEN:  Good afternoon, Your Honor.  Paul

12   O'Brien with the United States.  With me is Wanda Dixon, Paul

13   Laymon, Rob Stapleton and John Stevens.

14             THE COURT:  All right.  Good afternoon, Counsel.

15             MR. RETURETA:  Good afternoon, Your Honor.  Manuel

16   Retureta on behalf of Mr. Ye Gon.  With me also is Mr. Eduardo

17   Balarezo.

18             THE COURT:  Counsel.  Mr. Ye Gon, how are you?

19             THE DEFENDANT:  Good afternoon, Your Honor.

20             THE COURT:  Court notes Mr. Kramer is present also.

21             MR. KRAMER:  Yes, Your Honor, and Ms. Levick with

22   the Public Defenders Service.

23             THE COURT:  And Ms. Levick.  Welcome to the Court.

24   Let me put a couple of things on the record before we proceed

25   any further.
```

1        Last Tuesday, the 25th, the Court held a brief

2   status conference for purposes of discussing with the parties

3   whether additional briefing was appropriate on a couple of

4   issues that the Court had raised.

5        The Court noted that it had had focused on unique

6   circumstances of this case and wanted the parties to address

7   those factors in the context of Rule 48(a) case law in an

8   effort to enable the Court to determine whether those factors

9   made it appropriate for dismissal with prejudice in this case.

10       As part of that discussion with the parties, the

11  Court realized that there were certain things that could not

12  be discussed on the public record.  Unfortunately, at that

13  time, going immediately into a sealed hearing was not an

14  option; in part, because the Court had a number of other

15  matters scheduled.  Counsel for the parties were not available

16  later that afternoon, understandably so, so the Court held a

17  brief sealed status conference the following day, the 26th.

18       At that conference, the Court said that it intended

19  and the Court still intends to, if appropriate, release a

20  version of that transcript with appropriate redactions but not

21  until counsel have had an opportunity to review the transcript

22  and the proposed redactions.

23       Now, during that sealed status conference, there was

24  a further discussion by the Court of the case law dealing with

25  Rule 48(a) dismissal.  There was not a hearing.  The Court did

1   all the talking for the most part.

2         The Court noted that this is, as the parties

3   recognize, an atypical case.  The parties recognized in their

4   briefs that there are not many cases dealing with dismissal

5   under Rule 48(a) and certainly none that have been cited that

6   involve a dismissal so that a foreign company, a foreign

7   government is enabled to prosecute the Defendant, and indeed,

8   this Court's independent research has not revealed any cases

9   that are comparable.

10        As a result, the Court questioned whether it might

11  not be appropriate, pursuant to *Poindexter* and that line of

12  cases, to dismiss this case with prejudice based on several of

13  the unusual, indeed unique circumstances of this case,

14  including that Mr. Ye Gon has been incarcerated and indeed

15  incarcerated under what no one disputes are harsh conditions

16  for more than two years; that the Court granted the

17  Government's request for waivers of time under the Speedy

18  Trial Act for two years and because the Government faces a

19  number of evidentiary challenges, including in addition to

20  those raised in their motion, the inability to obtain evidence

21  from Mexico and depose witnesses in China.

22        As a follow-up to the question the Court had posed

23  to the Government the day before regarding whether there was a

24  chance the Government would move to dismiss with prejudice,

25  the Court inquired as to whether the Government would oppose a

1  dismissal with prejudice under Rule 48(a) based on these

2  rather unique and compelling circumstances.

3          Mr. O'Brien, speaking for the Government, agreed

4  that those factors were indeed highly relevant to a 48(a) --

5  48(a) analysis and indicated that he wanted a brief period of

6  time to consider and indeed discuss the Government's position

7  with his colleagues with respect to a dismissal with prejudice

8  based on those factors.

9          And, therefore, the Court scheduled today's status

10 hearing and here we are.

11         Mr. O'Brien.

12         MR. O'BRIEN:  Good afternoon, Your Honor.

13         THE COURT:  Good afternoon, Counsel.

14         MR. O'BRIEN:  First, thank you for setting a status

15 conference today.  I know you did so to accommodate us, and we

16 appreciate that.  I'd like to take just a moment to discuss

17 what the Government's position in this case is --

18         THE COURT:  Sure.

19         MR. O'BRIEN:  -- concerning, in our view, the only

20 issue before the Court is whether the indictment is dismissed

21 with or without prejudice.

22         We moved to dismiss the indictment.  I think that's

23 lost on some folks, and it was our motion to dismiss it.  The

24 issue before the Court is whether it's with or without

25 prejudice.

1          I wanted to just back up and talk about a couple of

2    the factors, why we moved to dismiss the indictment.  I think

3    it's important to get that on the record, and also important

4    to mention those factors because it relates to what the Court

5    cited from the *Poindexter* case, which is one of the few cases

6    that really deals with this particular issue, and it is

7    analogous in some respects, and I think the Court accurately

8    was aware of that.

9          We moved in June of this year, specifically on

10   June 22nd, pursuant to Rule 48(a), to dismiss the indictment

11   without prejudice, and we did so, as we outlined in our

12   pleadings, for a number of reasons.

13         One, as we indicated, the Government of Mexico has

14   certainly a significant interest in this case and certainly a

15   significant interest in prosecuting the Defendant.  As the

16   Court's aware, we outlined in our pleadings, Mr. Ye Gon, upon

17   extradition to Mexico, is facing very serious charges in

18   Mexico based on the conduct which is alleged in the Mexican

19   extradition request.

20         As we've also pointed out, the Government of Mexico

21   has filed an ample and certainly a well documented extradition

22   request which lays out, in our view, the compelling evidence

23   that they intend to use in their extradition proceeding and

24   prosecution of Mexico.  And I think, real importantly, and

25   again, I regret that I wasn't here the first day that this

1    issue came up with the Court, it was unfortunate I was out of

2    the District, but really the thrust of the matter for us, Your

3    Honor, is we looked at it, and as we said in our paper, we

4    balanced the relative strengths and weaknesses of the American

5    and Mexican prosecutions, as well as the strong interest of

6    Mexico in pursuing a case against its citizen for conduct that

7    occurred, in part, in their country, and based on that

8    analysis, the weighing of both cases and the strengths and

9    weaknesses of the case, and certainly this court is well aware

10   of the challenges and the difficulties in this case, we made

11   that analysis and we believed that we would defer.

12          It was in the Department's interest or the

13   Government's interest to defer to Mexico and let them take

14   priority in this matter and let them prosecute Mr. Ye Gon.

15   Certainly that was important to our collaborative efforts with

16   the government of Mexico, which everybody is aware of.

17          I mention that, Your Honor, because the prosecution

18   in this matter was brought in good faith, and more

19   importantly, the motion to dismiss was brought for the reasons

20   that I've mentioned today and also for the reasons that were

21   mentioned in our pleadings.  That was and remains today the

22   motivation of the United States in moving to dismiss this

23   case.

24          I say that, A, first, because that's important to me

25   that we have that discussion with the Court; and secondly, as

1   the Court pointed out, even in Poindexter, where the Court

2   went to lengths to note that the good faith of the independent

3   counsel was in question, the Court still, in the exercise of

4   its discretion, dismissed the indictment with prejudice in

5   that case over the objection of the United States, so we're

6   acting in good faith in this instance, Your Honor.

7          In looking at this where the Court talked to us --

8   and I'm not going to mention, obviously, all the factors that

9   the Court mentioned -- the fact -- and we certainly appreciate

10  that the Court provided us with its preliminary thoughts in

11  this matter in framing the issues, and we acknowledge, we

12  acknowledge this case, Your Honor, that because we're moving

13  to dismiss the indictment to allow another jurisdiction or

14  another entity to prosecute Mr. Ye Gon, which is certainly

15  somewhat unique in this case, as the Court mentioned, that

16  because that's the basis and the motivation to dismiss the

17  case and he's going to be subject to prosecution, in our view,

18  in Mexico, we accept, we accept today that the Court has the

19  discretion under that factor alone to dismiss the indictment

20  with prejudice.

21         And I think the language in Poindexter, I think

22  that's consistent with some of the language that the Court

23  quoted in Poindexter.  We fully expect, we fully expect that

24  this defendant's going to be extradited and face charges in

25  Mexico.  As such, if he's extradited or when he's extradited

to Mexico, he's facing very serious charges and he's facing a

significant period of incarceration if convicted in Mexico.

As such, under those circumstances, we do not intend on

pursuing the matter further.

Now, if that is the basis in which the Court, as we

discussed recently, if that's the basis in which the Court is

going to dismiss the indictment with prejudice and that would

bring to a close the litigation in this matter, and I mean all

of the litigation in this matter, including the issues raised

by the Court, the issues raised by the Defense, that we

acknowledge that the Court has the authority to dismiss the

indictment for that basis and we don't see why we wouldn't be

satisfied with that outcome today, and we think this should be

done today.

I think there needs to be closure in this case, and

I don't think the Court would disagree with me on that, both

for the Government, the Court and the Defendant.  It needs to

be brought to a resolution.

That being said, Your Honor, I want to be very clear

about just a couple of points.  First, as the Court knows and

I said this recently and I said it throughout the proceedings,

we feel very strongly that there was not prosecutorial

misconduct in this case, and if the Court intends on entering

an order or an opinion discussing the disclosure or *Brady*

violations in this case, we are prepared to litigate it fully

1   and we cannot accept the dismissal on that basis or basis that

2   lays out misconduct against the United States and its

3   representatives, because we feel strongly there was no

4   misconduct in this case and we didn't violate our disclosure

5   obligations.

6        Now, we fully briefed the matter.  I think those

7   briefs speak for themselves.  They were hopefully forceful in

8   nature but also respectful, and as I said recently, we take

9   these matters seriously.  I know the Court takes these matters

10  seriously, I know that particularly well, but again, we feel

11  confident we didn't violate our disclosure obligations in this

12  particular case.

13       Second, that if we -- if we move forward today, as

14  I've discussed, that this would be the end of the litigation,

15  I have prepared an order for the Court.  It's a simple order.

16  It simply says, "The indictment is hereby dismissed with

17  prejudice pursuant to Rule 48(a).  It is so ordered."  I'll

18  show it to the Court; I'll show it to counsel.  If that is the

19  context in which we find ourselves today, I think we can bring

20  this matter to a close and simply move forward.  If I can pass

21  this to the Court.

22       THE COURT:  Thank you, Counsel.  Let me hear from

23  Defense counsel.  Let me just say that the only interest this

24  court has ever had in this case and any other case was to

25  issue an order consistent with the fair administration of

1   justice.  That's the only interest.

2          I felt strongly that, for Rule 48(a) purposes,

3   reasons, Mr. Ye Gon was entitled to dismissal with prejudice,

4   not even focusing on other issues.  There was no need to, in

5   the Court's view, and because it seemed to me that that was

6   indeed a resolution consistent with the fair administration of

7   justice, considering all the unique circumstances, I would

8   have been remiss had I not indicated to counsel the other day

9   at the sealed hearing that the Court had given this a great

10  deal of consideration and was simply proposing that to see

11  whether or not there was any interest on the part of the

12  Government to consider a dismissal along those lines.

13         So, that's the only interest this court has ever had

14  in any case involving any issue, is to make whatever decision

15  the Court makes consistent with the fair administration of

16  justice.  Let me hear from Defense counsel.

17         MR. BALAREZO:  Can we just consult for one second?

18         THE COURT:  Sure.

19         (PAUSE.)

20         THE COURT:  You know, Counsel, you don't have to

21  huddle in front of me.  If you need a minute or two to talk to

22  your client, that's fine.  I can take a short recess.

23         MR. BALAREZO:  That's all right.  It will just take

24  a second.

25         THE COURT:  All right.

1            (PAUSE.)

2            MR. RETURETA:  Your Honor, on behalf of Mr. Ye Gon.

3            THE COURT:  Yes, Counsel.

4            MR. RETURETA:  Clearly, and without reservation, we

5    do not object to a dismissal with prejudice for the reasons

6    mentioned, for other reasons that we believe very strongly, as

7    we have set forth in our pleadings in which *Amici* have also

8    entered their thoughts and time and effort into, we believe

9    that those matters are significant, that they are factors that

10   in the practice of criminal law in this court and in other

11   courts are things that will need to be addressed in the future

12   still.

13            We stand firmly behind our public pleadings.

14   However, the best interest of our client is first and foremost

15   and we do not object to a dismissal with prejudice as has been

16   proposed in that document that Mr. O'Brien provided.

17            THE COURT:  All right.  The question I have is where

18   does that leave the parties with respect to the civil

19   proceedings?  And I don't -- I don't plan to attempt to broker

20   any resolution of that.  My recollection is that the parties

21   were engaged in discussions about a resolution of issues at

22   one point.  I don't know if you still are or not.

23            MR. RETURETA:  Well, this has kind of consumed our

24   time, if we're both on the same page.  There is also an

25   outstanding return of property issue that we're discussing,

1   but I think --

2          MR. O'BRIEN:  Judge, if I can speak to that.  One

3   other point I just wanted to be clear.  The Court mentioned

4   difficulties with obtaining evidence in Mexico and China.

5   That really wasn't a factor for us, and I just wanted the

6   Court to be aware of that.

7          As to the motion for return of property, which is

8   pending, the rule is very clear that that has to be filed in

9   the district where the property was seized, and in this case

10  there really was only some small personal effects, to my

11  understanding, seized from Mr. Ye Gon, so I think Counsel is

12  going to have to file that in the appropriate district court

13  probably in Maryland or where else the evidence was seized.

14  The Court doesn't have the authority under the rule.

15         As to the civil forfeiture matters, I can let

16  Mr. Stevens and Mr. Stapleton speak to that.  That's the area

17  that they were handling.

18         THE COURT:  Sure.  All right.  Thank you.

19         MR. STAPLETON:  Your Honor, I'd say about seven,

20  maybe eight weeks ago we contacted Defense counsel who are now

21  representing Mr. Ye Gon in the civil proceedings to let them

22  know that under the civil rules we had to agree to dismiss the

23  case.  We cannot, because of the way the filings have

24  proceeded and the case has proceeded, the Government cannot

25  unilaterally withdraw the complaint, and we haven't heard back

1    yet from any of the parties involved.  So that's really where

2    we stood there.  That matter should be resolved once we hear

3    back from counsel.

4              THE COURT:  All right.  Should I -- should I

5    schedule a separate status hearing in that case for -- how

6    would you like for me to proceed?  What would you like for me

7    to do?

8              MR. BALAREZO:  Your Honor, I believe we still have a

9    hearing set for the 14th that we were going to have this

10   heard.

11             THE COURT:  That's a status hearing?

12             MR. BALAREZO:  It's a status hearing.

13             THE COURT:  That's fine.  Wait a minute.  Let's see,

14   the 14th.  If it doesn't have to be the 14th, we can pick

15   another date.  I made an exception for the 14th for this

16   case because of the contested nature and I had to block a time

17   available, but I didn't bring my calendar in.

18             THE DEPUTY CLERK:  I have Carol's.

19             THE COURT:  Okay.  I'm sitting the other days --

20   other days that week, Counsel.  The 16th is probably not a

21   good day, is it?

22             I've got closing arguments in a case that day, in a

23   nonjury case, Counsel, at 11:00 o'clock.

24             10:30, a status hearing on the 16th of September?

25   Is that a bad date or a bad time for anyone?

1        MR. RETURETA:  That's good, Your Honor.

2        MR. BALAREZO:  I have a matter at that time with

3  Judge Collyer at that hour, 10:30.

4        THE COURT:  At 10:30.  Let's do it at 10:00 o'clock

5  then.  It's not going to take that long, I don't think.  I'm

6  not going to hold her up.  10:00 o'clock on the 16th.

7        MR. RETURETA:  And Your Honor, that will vacate the

8  14th?

9        THE COURT:  Yes, the 14th is off.  I just carved

10  that out because we were going to be here for a while arguing

11  about all sorts of matters.  And so the record is clear,

12  because the Court also agrees that dismissal under 48(a) is

13  appropriate with prejudice, there's no need for this court to

14  reach any other issue in this case, and you know, conclusion

15  means conclusion.  All matters are resolved as far as this

16  court is concerned.

17        I'm glad I broached the subject and I'm glad that

18  the Department of Justice considered -- I applaud the

19  Government's decision.  I think that the Government's decision

20  is indeed consistent with the fair administration of justice,

21  and I, without any reservations whatsoever, approve it and

22  we'll dismiss this case with prejudice.

23        So, you often don't have a lot of good things to

24  report to Mr. Holder, but tell him I'm delighted with this

25  decision.  It's really consistent with the fair administration

1    of justice and thank you for taking the time.  I know this is

2    with some sacrifice and I recognize that, and I apologize for

3    that.

4              MR. O'BRIEN:  We'll be happy to pass that on, Your

5    Honor.  Thank you.

6              THE COURT:  All right.  Okay.  Thank you.  Anything

7    further we need to discuss?

8              MR. O'BRIEN:  I don't think so.

9              THE COURT:  All right.  Thank you.  Everyone have

10   a -- Ms. Levick, let me thank the Public Defenders Service.

11   Your brief was excellent.  I did read it.  I considered it,

12   and I considered all the pleadings in this case.

13             Mr. Kramer, thank you as well, but for all the

14   reasons I articulated, there was not a need to reach all those

15   other issues and the case is dismissed.

16             Mr. Ye Gon, I wish you well.  I think you'll be back

17   before me in the civil case; is that correct?

18             MR. BALAREZO:  That's correct.

19             THE COURT:  So we'll talk again on the 16th at

20   10:00 o'clock.  I believe that's it.

21             MR. O'BRIEN:  Judge, there is another matter, I

22   guess the Wong matter.  If I could be excused and turn that

23   over to Mr. Stevens, I think this will take just a moment

24   because I think the position is consistent.

25             THE COURT:  All right.  That's fine, Counsel.  Thank

1   you.  Mr. O'Brien, thank you very much.

2           Take care, sir.  We'll talk again in September.

3   Criminal case against you is dismissed with prejudice, all

4   right.

5           THE DEFENDANT:  Thank you, Your Honor.

6           (PROCEEDINGS END AT 1:53 P.M.)

7                           *–*–*–*

8

9                   **CERTIFICATE OF REPORTER**

10          I, Catalina Kerr, certify that the foregoing is a

11   correct transcript from the record of proceedings in the

12   above–entitled matter.

13

14

15   _____   _____

16   Catalina Kerr                     Date

17

18

19

20

21

22

23

24

25